

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Plaintiff

Eloise Kathleen Hahn

Case No.: 1:08-cv-03433

V.

Defendants

The Honorable Judge Coar

U.S. EPA Region 5. et.al.

## AMENDED PETITION TO PROCEED IN
## FORMA PAUPERIS

NOW COMED the Plaintiff, Eloise Kathleen Hahn, and for Amended

Petition to Proceed in Forma Pauperis alleges and states:

1) That the Plaintiff is currently unemployed since July 9, 2008.

2) That the Plaintiff's income has been considerably reduced

whereby Plaintiff has only received to date $2,150 for

her paycheck and $511.00 from unemployment or a total

income in the past six weeks.

3) That Plaintiff is currently responsible to pay for her dependant's

high school tuition in the amount of $171 per month, as well as,

her food, health care, medicine, her car payment, school books and

supplies, car insurance, eyeglasses, dental examinations and clothing.

10) That Petitioner has applied for Public Aid and Disability Social

Security benefits.

4)    That Public Aid has refused to assist the Petition or her daughter

with medical care, medicine, food stamps nor money.

5)    That two prior doctors refuse to provide social security documentation

requested by them consequently Plaintiff will be disqualified for disability

6)    That Plaintiff has also incurred $250 charge for repairing her garage opener

and $600 for the purchase of a new washing machine, along with a $295

telephone bill, $80 electric bill, $43 security monitoring fee, $500 in

property taxes. $58.00 for natural gas, $100 for landscape service

and $610 for car payment and insurance for minor child. Essentially,

the Plaintiff and her minor child are without a washer at this time due to lack

of funds.

7)    The Petioner is further faced with ill health since she is not able to obtain

medical attention for her thyroid condition, weight control program,

.diabetic condition, sleeping disorder, high cholesterol, osteopenia

condition and gingivitis of her teeth attributing to sleepness nights, weuight

gain and bloat, bleeding gums, starvation, etc.

8)    Plaintiff further substantiates this poverty with the attached Living Trust

documentation.

9)    That Plaintiff has paid the filing fee for this cause in the amount of $350.00

made payable to Michael W. Dobbin, Clerk, US District Court on August

14, 2008.

WHEREFORE, the Petitioiner prays to the court for a court appointed attorney in

-3-

this matter.  If a court appointed attorney cannot be appointed

the Plaintiff praysthat she be granted to proceed in this matter as

a "pro se"  litigant.

Respectfully submitted,

*Eloise K. Hahn*

Eloise K. Hahn, P.E., R.E.M.
1631 S.Clarence Av; Apt. 1
Berwyn, IL   60402
(708) 404-8266

Attachment

# ESTATE PLANNING PORTFOLIO

prepared for

# ELOISE K. HAHN

by

Steven H. Peck
Attorney at Law

## LAW OFFICES OF STEVEN H. PECK
300 SAUNDERS ROAD, SUITE 100
RIVERWOODS, ILLINOIS 60015
TEL: (847) 940-0607
FAX: (847) 940-7198
E-MAIL: PECKTRUST@AOL.COM

Copyright © 2004 Steven H. Peck

*Contents*

---

I.      **Contents**

The Contents Section provides a section-by-section description of your Estate Planning Portfolio.


II.     **Introduction**

The Introduction Section provides an overview of your Estate Planning Portfolio and essential information you should find helpful in maintaining your Living Trust.


III.    **Summary of Plan**

The Summary of Plan is an illustration of your Living Trust.


IV.     **Your Living Trust**

The Living Trust Section contains an original copy of your Living Trust agreement.


V.      **Pour-Over Will**

The Pour-Over Will leaves property (which you haven't transferred into your trust during your life) to your trust after your death.


VI.     **Affidavit of Trust**

The Affidavit of Trust enables you to fund your trust without disclosing the personal details of your estate planning documents to the companies holding your investments.


VII.    **Powers of Attorney**

The Durable Special Power of Attorney allows your agents to transfer property into your trust should you become mentally or physically unable to do so yourself.

*Contents - continued*

VIII.     **Health Care**

The Durable Special Power of Attorney for Health Care authorizes your
agents to make health care decisions for you should you become unable to do
so yourself.

IX.     **Living Will**

The Living Will is your declaration that you want any life-support procedures
to be discontinued should you ever become terminally and irreversibly ill.

X.     **Guardians**

The Designation of Guardian appoints a guardian over your person i.e. to
check you into a hospital, nursing home, etc.

XI.     **Memorial Instructions**

The Memorial Letter expresses your wishes with regard to burial or
cremation and memorial service arrangements.

XII.     **Anatomical Gift**

The Anatomical Gift form enables you to make gifts of your body or parts
should you wish to do so.

XIII.     **Location Lists**

The Location List Section is an ideal place to pinpoint the location of your
important documents and tell your trustees who should be notified upon your
disability or death.

XIV.     **Personal Effects**

The Memorandum for Distribution of Tangible Personal Property enables you
to choose how select personal effects (more sentimental value then monetary
value) should be distributed upon your death.

*Contents - continued*

XV.     **Funding Instructions**

The Funding Instruction Section contains general instructions about transferring your assets into your trust.

XVI.    **Life Insurance**

The Life Insurance Section summarizes the life insurance policies which need to be processed upon your death.

XVII.   **Trust Transfer Documents**

The Trust Transfer Documents Section should contain photocopies of all deeds, assignments, and other transfer documents which place property into your trust.

XVIII.  **Other Documents**

The Other Documents Section should contain additional documents which you want to include in your Estate Planning Portfolio.

Your **Estate Planning Portfolio** is a complete estate planning resource center. It has been designed to make it easy and convenient for you to store, locate, and work with all of the estate planning documents we have prepared for you.

We have worked diligently to tailor your estate plan so that it meets your goals and objectives, and so that it is readable and understandable. Your estate plan is designed to give what you have to whom you want, the way you want, and when you want. It is also designed to avoid the probate process and to accomplish your death tax planning goals.

We encourage you to keep your information current and keep accurate records so that your family will be spared considerable time, effort and expense following your disability or death.

Being a member of The National Network of Estate Planning Attorneys means that I am in close contact with other member attorneys nationwide in our mutual attempts to:

- Better serve our clients in a caring and professional manner.

- Stay absolutely cutting-edge in our respective knowledge of estate planning law and innovative estate planning techniques.

- Share practice ideas with one another -- as we develop them independently in our practices -- that will better accomplish our clients' objectives.

Being a member of The National Network of Estate Planning Attorneys also means that I am committed to bringing my clients the finest estate planning advice and documentation possible, and to do so with dignity and professionalism within the ethics of my profession.

TRUST OPERATION:

You may remove property from or transfer assets to your Living Trust at any time.

You should use your Social Security Number on all of your accounts containing your Living Trust property. Accordingly, all income or losses generated by the property in your Living Trust should be reported on your individual federal and state income tax returns.

*Introduction - continued*

Always sign your name as "Trustee" or follow your name with a "Tr." when acting on behalf of your Living Trust i.e. signing on an investment account.

TWO CAUTIONS:

Never write on any of your Estate Planning documents.

Never attempt to change, revoke or destroy your Estate Planning documents without the advice and counsel of an attorney.

ANY QUESTIONS?:

Please do not hesitate to contact us at any time if you ever have any questions or concerns about your Estate Plan.

This Living Trust Section contains a signed, original Living Trust. The benefits of a Living Trust include:

- Provides one planning document full of instructions for your care and the care of your beneficiaries.

- Provides continuity in the handling of your affairs by efficiently transferring your property to your beneficiaries.

- When fully funded, your trust avoids probate upon your disability or death for the property transferred into your trust.

- Easily moves with you from state to state.

- Creates protective trusts for your beneficiaries that are free from the supervision of the probate court.

- Enables you to rely on your Trustees if you wish to delegate the day-to-day management of your financial affairs.

- Is difficult for disgruntled heirs to attack.

- Ensures your privacy following your disability or death.

- Achieves your death tax objectives.

Please remember that your Living Trust has control over that property which has been transferred into it. Therefore it is crucial that you physically transfer all of your assets into your Living Trust during your lifetime so your beneficiaries do not have to do it after your death.

You should keep an original Living Trust in your safe deposit box or some other safe place.

This

**LIVING TRUST**

prepared for

# ELOISE K. HAHN

by

Steven H. Peck
Attorney at Law

## LAW OFFICES OF STEVEN H. PECK

300 SAUNDERS ROAD, SUITE 100
RIVERWOODS, ILLINOIS 60015
TEL: (847) 940-0607
FAX: (847) 940-7198
E-MAIL: PECKTRUST@AOL.COM

Copyright © 2004 Steven H. Peck

# Table of Contents

# The ELOISE K. HAHN Living Trust

## Introduction

Article One........................................The Name of My Trust

Article Two........................................My Family

Article Three....................................Funding My Trust

## Providing for Me and My Family during My Lifetime

Article Four.......................................Administration of My Trust during My Life

Article Five .......................................Insurance Policies and Retirement Plans

## Providing for Me and My Family upon My Death

Article Six..........................................Administration of My Trust upon My Death

Article Seven.....................................Distribution of My Tangible Personal Property and
                                                              Specific Distributions

Article Eight......................................Creation of the Marital and Family Trusts

Article Nine.......................................The Marital Trust

Article Ten.........................................The Family Trust

Article Eleven ...................................The Common Trust

Article Twelve...................................Distributions of My Trust Property

Article Thirteen ................................Ultimate Distribution Pattern

Article Fourteen ...............................Methods of Distribution and Trust Administration
                                                              with Regard to Minor and Disabled Beneficiaries

## Provisions Regarding My Trustee

Article Fifteen ...................................The Resignation, Replacement, and Succession of
My Trustees

Article Sixteen..................................General Matters and Instructions with Regard to the
Trusteeship

## General and Administrative Provisions

Article Seventeen ..............................My Trustee's Administrative and Investment Powers

Article Eighteen ................................Definitions and General Provisions

Amendment to the

# ELOISE K. HAHN LIVING TRUST

On May 12, 2004, I, ELOISE K. HAHN, signed the **ELOISE K. HAHN LIVING TRUST**, which is more formally known as:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

Pursuant to **Article Four** of my living trust, which permits me to amend my trust in writing at any time, I now wish to amend my trust as follows:

> Delete **Article Twelve, Section 1** and replace with the following **Article Twelve, Section 1:**

## Section 1.   Division into Separate Shares

All trust property not previously distributed under the terms of my trust shall be divided as follows:

| Beneficiary | Relationship | Share |
|---|---|---|
| LOUISE KATHLEEN HAHN | Daughter | 90% |
| GUSTAVE VON HAHN-POWELL | Son | 10% |
| GRANDCHILDREN | Grandchildren | 0.0% |
| GREAT-GRANDCHILDREN | Great-Grandchildren | 0.0% |

The share of any beneficiary, or the share of a deceased beneficiary who has then living descendants, shall be reduced by the aggregate value of all Distributions for Special Needs made to that beneficiary, if any, allowed under Article Eleven, Section 4.  In making a reduction of any share for Distributions for Special Needs, the value of any amount previously distributed shall be its value as of the date of its distribution.

If the amount of the reduction exceeds the value of the share of any beneficiary, the beneficiary shall receive nothing.  The beneficiary shall have no duty to refund any excess distributions.

**a.   Division into Exempt and Nonexempt Trusts**

To the extent any of the trust property that is subject to the terms of this Article Twelve is exempt from federal generation-skipping tax, my Trustee shall further divide the separate shares into exempt and nonexempt trusts as provided in Article Sixteen, Section 13. of this trust agreement.

**b.   Guidelines for Exempt and Nonexempt Trusts**

The purpose of the division of my property into exempt and nonexempt shares is to insure that, at the death of a beneficiary, the maximum amount of trust property possible passes to my descendants free from any federal generation-skipping tax.  Therefore, my Trustee shall, to the extent possible, make all discretionary distributions to my beneficiaries first from their nonexempt trust until it is exhausted, and only thereafter from the exempt trust.  My beneficiaries shall have a general power of appointment as provided in this Article, but only to the extent that the general power of appointment can be exercised as to property that otherwise would be subject to federal generation-skipping tax.

**c.   Authority of Trustee to Allocate Exempt Property**

I give my Trustee the absolute authority to make disproportionate allocations of exempt property among the shares established for my beneficiaries in order to take maximum advantage of the Predeceased Child exception under Section 2612 of the Internal Revenue Code.

Delete in **Article Thirteen** any reference to JOHN GAYNOR.

Delete **Article Fifteen, Sections 3.b and 3.c** and replace with the following **Article Fifteen, Sections 3.b and 3.c:**

**Article 15, Section 3.b.      My Trustees upon My Disability**

During any period that I am disabled, BENJAMIN HAHN acting as my disability Trustee shall replace all of my initial Trustees.

If the disability Trustee is unwilling or unable to serve, one or more of them has been found to be disabled according to Article Eighteen, Section 1.f. of this agreement, or cannot continue to serve for any other reason, then the following shall be named as successor disability Trustees in the order in which their names appear:

 1. LOUISE KATHLEEN HAHN, if she is then or thereafter becomes 18 years old.

## 2. UBS WEALTH MANAGEMENT / COMERICA BANK & TRUST NA

**Article 15, Section 3.c.        My Trustees upon My Death**

On my death, BENJAMIN HAHN and UBS WEALTH MANAGEMENT /
COMERICA BANK & TRUST NA acting as my death Trustees shall replace
all of my initial Trustees, if they are then serving, or all of the disability
Trustees, if they are then serving.

If a death Trustee is unwilling or unable to serve as a Trustee, one or more of
them has been found to be disabled according to Article Eighteen, Section 1.f.
of this agreement, or cannot continue to serve for any other reason, then the
following shall be named as successor death Trustees in the order in which
their names appear:

1. LOUISE KATHLEEN HAHN, if she is then or thereafter becomes 18 years old AND
        UBS WEALTH MANAGEMENT / COMERICA BANK & TRUST NA

I executed this amendment on *the 16th of Jan 2006*

I certify that I have read the foregoing amendment to my revocable living trust agreement, and that it correctly states the changes that I desire to make in my trust. I approve this amendment to my revocable living trust in all particulars, and request my Trustee to execute it.

_____
ELOISE K. HAHN, TRUSTMAKER

_____
ELOISE K. HAHN, TRUSTEE

STATE OF ILLINOIS          )
                           ) ss.
COUNTY OF ___Cook___       )

The foregoing amendment to the **ELOISE K. HAHN LIVING TRUST** was acknowledged before me on ___1/16/06___, by ELOISE K. HAHN, as Trustmaker and Trustee.

Witness my hand and official seal.

My commission expires:

___9/29/07___

"OFFICIAL SEAL"
Steven Peck
Notary Public, State of Illinois
My Commission Exp. 09/29/2007

_____
Notary Public

Amendment to the

# ELOISE K. HAHN LIVING TRUST

On May 12, 2004, I, ELOISE K. HAHN, signed the **ELOISE K. HAHN LIVING TRUST**, which is more formally known as:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

Pursuant to **Article Four** of my living trust, which permits me to amend my trust in writing at any time, I now wish to amend my trust as follows:

> Delete **Article Twelve, Section 2.a.4** and replace with the following **Article Twelve, Section 2.a.4:**

## Section 2.a.4. Distribution on the Death of LOUISE KATHLEEN HAHN

> LOUISE KATHLEEN HAHN shall have the unlimited and unrestricted general power to appoint, by a valid last will and testament or by a valid living trust agreement, any property remaining in the trust share the distribution of which would otherwise constitute a taxable generation-skipping transfer.
>
> In exercising this general power of appointment, LOUISE KATHLEEN HAHN shall specifically refer to this power. LOUISE KATHLEEN HAHN shall have the sole and exclusive right to exercise this general power of appointment.
>
> This general power of appointment specifically grants to LOUISE KATHLEEN HAHN the right to appoint property to her own estate. It also specifically grants to her the right to appoint the property among persons, corporations, or other entities in equal or unequal proportions, and on such terms and conditions, whether outright or in trust, as she may elect.
>
> Any property in the trust share which is not distributed pursuant to the exercise of the general power of appointment or is not subject to such power because it is not taxable as a generation-skipping transfer shall be distributed to LOUISE KATHLEEN HAHN's then living descendants, per stirpes.

If LOUISE KATHLEEN HAHN has no then living descendants, my Trustee shall distribute the remaining trust property to my then living descendants, per stirpes.

If I have no then living descendants, my Trustee shall distribute the remaining trust property as provided in Article Thirteen of this agreement.

My Trustee shall fully comply with Article Eighteen, Section 5. of this trust upon the termination of any separate trust share created under this agreement.

Delete **Article Thirteen** and replace with the following **Article Thirteen:**

# Article Thirteen

# Ultimate Distribution Pattern

If at any time there is no person, corporation, or other entity entitled to receive all or any part of my trust property, the trust property shall be distributed to BENJAMIN WILLIAM HAHN, per stirpes, otherwise the trust property shall be distributed to my spouse, JOHN GAYNOR, per stirpes.

The distribution of trust property, for purposes of this Article, shall be determined by the laws of descent and distribution for intestate estates in the State of Illinois as such laws are in effect at the time of any distribution under this Article.

I executed this amendment on ___9 / 2 7 / 0 4___.

I certify that I have read the foregoing amendment to my revocable living trust agreement, and that it correctly states the changes that I desire to make in my trust. I approve this amendment to my revocable living trust in all particulars, and request my Trustee to execute it.


_____
ELOISE K. HAHN, TRUSTMAKER


_____
ELOISE K. HAHN, TRUSTEE



STATE OF ILLINOIS                )
                                 ) ss.
COUNTY OF __Lake__               )

The foregoing amendment to the **ELOISE K. HAHN LIVING TRUST** was acknowledged before me on __9/27/04__, by ELOISE K. HAHN, as Trustmaker and Trustee.


Witness my hand and official seal.

My commission expires:

__9-29-07__

> "OFFICIAL SEAL"
> Steven Peck
> Notary Public, State of Illinois
> My Commission Exp. 09/29/2007


_____
Notary Public


Amendment                    3 of 3

# The ELOISE K. HAHN Living Trust

# Article One

# Creation of My Trust

## Section 1.    My Trust

This is my Living Trust, dated May 12, 2004, by ELOISE K. HAHN, Trustmaker, and ELOISE K. HAHN, the initial Trustee.

My trust is a revocable living trust that contains my instructions for my own well-being and that of my loved ones.  All references to "my trust" or "trust," unless otherwise stated, shall refer to this Living Trust and the trusts created in it. All references to "Trustee" shall refer to my initial Trustee or Trustees, or their successor or successors in trust.

When the term "Trustmaker" is used in my trust, it shall have the same legal meaning as "Grantor," "Settlor," "Trustor," or any other term referring to the maker of a trust.

Notwithstanding anything in my trust to the contrary, when I am serving as a Trustee under my trust, I may act for and conduct business on behalf of my trust as a Trustee without the consent of any other Trustee.

## Section 2.    The Name of My Trust

For convenience, my trust shall be known as the:

**ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**

For purposes of beneficiary designations and transfers directly to my trust, my trust shall be referred to as:

ELOISE K. HAHN, Trustee, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004.**

For purposes of beneficiary designations and transfers directly to my trust, my trust may also be referred to as:

ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

1-1

For purposes of beneficiary designations and transfers directly to my trust, my trust may also be referred to as:

ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST**, under agreement dated May 12, 2004.

In addition to the above descriptions, any description referring to my trust shall be effective to transfer title to my trust or to designate my trust as a beneficiary as long as that description includes the date of my trust, the name of at least one initial or successor Trustee, and any reference that indicates that assets are to be held in a fiduciary capacity.

When naming my Trustees, they may be referred to by the terms "and," "or," or "and/or." In all cases, any acting Trustee may sign for my trust, solely and without the signature or signatures of any other Trustee.

**ONLY ONE SIGNATURE OF AN ACTING TRUSTEE IS NECESSARY** to transfer property or conduct any of the business of my trust regardless of whether the term "and," "or," or "and/or" has been used to identify them as Trustees of my trust.

## Section 3.    Consent of My Initial Trustees

Despite any conflicting provisions in my trust, when I am serving as a Trustee under my trust, I may:

act for and conduct business on behalf of my trust as a Trustee without the consent of any other Trustee; and

enter into written agreements with third parties authorizing any Cotrustee to act for and conduct business on behalf of my trust without my consent.

## Section 4.    New Trust Identification Number Not Needed

This Trust is a "grantor" trust and it is not required to have a separate identification number as long as the Trustmaker is an acting Trustee, pursuant to Section 1.671-3(a)(1) of the IRS Regulations. The Trust identification number shall be the Trustmaker's own social security number.

## Section 5.    Income Taxes to be Filed on Form 1040

Internal Revenue Code 674-677 provides that a Trustmaker is treated as an owner for tax reporting purposes when control of assets put into a Trust is retained by the Trustmaker. IRC 1.671 states that a fiduciary return should not be filed, and all income should be reported on the Trustmaker's regular 1040 Income Tax return.

# Article Two

# My Family

My spouse's name is JOHN GAYNOR.  All references to "my spouse" in this agreement are to him.

The names and birth dates of my children are:

GUSTAVE VON HAHN-POWELL, born January 5, 1986

LOUISE KATHLEEN HAHN, born December 21, 1990

All references to my children in this agreement are to these children, as well as any children subsequently born to me, or legally adopted by me.

# Article Three

# Funding My Trust

## Section 1.    Initial Funding

I hereby transfer, assign, and convey all of my right, title, and interest in and to all of my property that is permitted by law to be held in trust, wherever situated, whether personal or real, tangible or intangible, separate or community, to my Trustee to hold and administer for my benefit and for the benefit of my beneficiaries.

I will also initially fund my trust with $10 concurrent with its execution.

### a.    Reliance by Third Parties

Upon presentation by my Trustee of this Article of my trust and a separate Affidavit of Trust stating the name and address of my Trustee, affirming that my trust is in full force and effect, and containing any pertinent provisions of my trust, all third parties shall rely on this transfer and follow all of my Trustee's instructions without risk of incurring any liability to me, my Trustee, or my beneficiaries.

### b.    Specific Transfers of Property

It is my intent that, from time to time and when necessary, specific items of property will be individually transferred and titled either directly in the name of my trust or in a nominee for the benefit of my trust.

## Section 2.    Additional Property

Additional property interests of all kinds may be transferred to my trust by me or any other person in any manner.  All property interests assigned, conveyed, or delivered to the Trustee must be acceptable to my Trustee.

## Section 3.    Funding with Community Property

Any community property, including the proceeds from such property, which is or becomes trust property shall remain community property during the lives of me and my spouse.

### a.    A Conveyance or Transfer of Community Property

A conveyance or transfer of community property to my trust, whether directly transferred or transferred to a nominee or agent on behalf of my trust, shall not be construed as a partition of the community property unless there is an express written agreement to that effect between me and my spouse.

### b.    Withdrawals of Community Property

If I make withdrawals of community property from the trust without revoking the trust, the property that is withdrawn shall retain its character as community property.  If I revoke my trust, any and all community property held on behalf of my trust shall be reconveyed by my Trustee to me and my spouse as community property.

My spouse shall have the unrestricted right to remove my spouse's community property share or interest from my trust at any time by notifying my Trustee of such intent in writing.

During my life:

> The net income from the community property shall retain its community character regardless of whether it is accumulated or to whom my Trustee is directed to distribute it.

> My Trustee shall have no power with respect to community property that would be greater than that power that I, or my spouse, would have over that same community property were it free of trust.

# Article Four

# Administration of My Trust
# During My Life

## Section 1.    My Lifetime Powers

During my life, I shall have the express and total power to control and direct payments, add or remove trust property, and amend or revoke this trust.

### a.    Control and Direct Payments

My Trustee, during all periods of time when I am not disabled as defined in this Article, shall distribute or retain the principal and net income of the trust as I may direct, except that I shall have no power to direct my Trustee to make gifts of principal or income from the trust to a third party.

Any gift made directly by my Trustee to a third party in violation of this provision shall be construed as a distribution made directly to me, and then a gift from me to such third party.

Absent directions from me, my Trustee shall distribute the trust income to me at least monthly.

### b.    Investment Decisions

During my lifetime, except for any period of my incapacity, I reserve the right to specifically approve or disapprove each and every trust investment, purchase, or sale before it is made. My Trustee is relieved from all liability for loss which may result from the purchase or sale of trust property which has been directed by me.

### c.    Add or Remove Trust Property

I shall have the absolute right to add to the trust property at any time and the absolute right to remove property, or any interest therein, from the trust at any time.

### d.    Amend or Revoke the Trust

I shall have the absolute right to amend or revoke my trust, in whole or in part, at any time. Any amendment or revocation must be delivered to my Trustee in writing.

This right to amend or revoke my trust is personal to me, and may not be exercised by any legal representative or agent acting on my behalf.

## Section 2.    The Definition of My Disability

My disability, for purposes of this agreement, shall be defined as follows:

### a.    The Opinion of Two Licensed Physicians

I shall be deemed disabled during any period when, in the opinion of two licensed physicians, I am incapacitated or disabled because of illness, age, or any other cause which results in my inability to effectively manage my property or financial affairs.

Those persons who certify my disability shall issue a "Disability Certificate" which shall state that I am no longer able to effectively manage my property and financial affairs. Said certificate shall be signed and notarized by those determining my disability; or

### b.    Court Determination

I shall also be deemed to be disabled upon the determination of a court of competent jurisdiction that I am incompetent, incapacitated, or otherwise legally unable to effectively manage my property or financial affairs; or

### c.    Disappearance or Absence

I shall be deemed to be disabled if I am being detained under duress or upon my unexplained disappearance or absence for a continuous period of more than thirty (30) days.

My detention under duress, or my disappearance or absence, may be established by an affidavit of the persons and/or institutions who would be entitled to serve as my disability Trustees if I was already declared disabled. The affidavit shall describe the circumstances of my detention under duress, or my disappearance or absence.

No third party who acts in reliance on the representations of my disability Trustee or the authority granted under my trust shall incur any liability to me, my heirs, or assigns as a result of permitting my disability Trustee to exercise any power granted under my trust.

My disability Trustee is authorized to execute documents necessary to persuade any third party to honor the authority of my disability Trustee.

## Section 3.    Procedural Guidelines for My Disability

During any period of time when I am disabled, my Trustee shall apply the trust property, including its income, exclusively for my benefit and for my valid obligations by observing the following procedural guidelines:

### a.    Provide for Me

My Trustee shall provide as much of the principal and net income of my trust as is necessary or advisable, in its sole and absolute discretion, for my health, support, maintenance, and general welfare.

My Trustee may make the distributions called for in this Article directly to me or for my benefit.

### b.    Provide for My Children, and Other Dependents

My Trustee, in its sole and absolute discretion, shall distribute the principal and net income of my trust in such amounts as shall be necessary for the education, health, maintenance, and support of my dependent children, and any other persons deemed by my Trustee to be dependent on me.

A dependent child, for purposes of this Section, shall be a child who is under the age of 18 and living with me at the date of my disability, or who is deemed to be dependent on me in the sole and absolute discretion of my Trustee.

My Trustee, in its sole and absolute discretion, shall determine the standards for any other person to qualify as being a dependent.

### c.    Provide for My Obligations

My Trustee shall provide as much of the principal and net income of my trust as my Trustee, in its sole and absolute discretion, deems advisable for the payment of any of my valid obligations as confirmed by my Trustee.

My Trustee shall provide as much of the principal and net income of my trust as my Trustee deems advisable for the payment of insurance premiums on policies owned by me, either directly or beneficially, or my trust.

### d.   Procedural Guidelines

In making distributions under this Section, my Trustee shall, at all times, give primary consideration to my needs and thereafter to my spouse, my dependent children, and any other persons deemed by my Trustee to be dependent on me, in that order of priority.

My Trustee, in its sole and absolute discretion, may make distributions to any of the beneficiaries under this Section to the complete exclusion of the other beneficiaries, in equal or unequal shares, as their respective needs require.  My Trustee shall make distributions based entirely on need, in the sole and absolute discretion of my Trustee. When making such distributions, my Trustee may consider other income and resources available to the beneficiaries.

A distribution made to a beneficiary under this Section shall not be charged against the ultimate share of such beneficiary which may be distributable under any other provision of this agreement.

### e.   Method of Payment

My Trustee may make distributions to any beneficiary under this Section in any one or more of the following ways:

Directly to the beneficiary.

To persons, corporations, or other entities for the use and benefit of the beneficiary.

To any agent under a valid power of attorney.

To any guardian or other person deemed by my Trustee to be responsible, and who has assumed the responsibility of caring for the beneficiary.

## Section 4.   Undistributed Net Income

Any net income which is not distributed under this Article shall be accumulated and added to principal.

# Article Five

# Insurance Policies and Retirement Plans

## Section 1.    During My Life

During my life, I shall have the following rights, and my Trustee shall have the following duties, with respect to insurance policies or retirement plans owned by or made payable to my trust.

### a.    My Rights

I reserve, and may exercise without the approval of my Trustee or any beneficiary, all of the rights, powers, options, and privileges with respect to any insurance policy, retirement plan, annuity, or any other third-party beneficiary contract made payable to my trust or deposited with my Trustee.

### b.    My Trustee's Obligations

My Trustee shall deliver to me or my designee, upon my written request, any and all insurance policies, retirement plan documents, annuity contracts, and all other third-party beneficiary contracts, as well as all related documents, which are owned by or deposited with my Trustee pursuant to my trust.  My Trustee shall not be under any obligation to have any or all of such documents returned.

My Trustee shall have no obligation to see that premiums or other sums that may be due and payable under any insurance policy, retirement plan, annuity contract, or any other third-party beneficiary contract are paid.  Further, my Trustee shall have no obligation with respect to any insurance policy, retirement plan, annuity contract, or other third-party beneficiary contract, as well as any documents related thereto, deposited with my Trustee, other than to provide for their safekeeping.

No provision of this agreement shall be construed to impose any obligation on me to maintain any insurance policy, retirement plan, annuity contract, or any other third-party beneficiary contract in force.

## Section 2.    Upon My Death

Upon my death, my Trustee shall make all appropriate elections with respect to insurance policies, retirement plans, and other death benefits which are owned by or payable to my trust.

5-1

### a.  Collection of Insurance Proceeds and Other Nonretirement Death Proceeds

My Trustee shall make every reasonable effort to collect all sums made payable to my trust or my Trustee under all life insurance policies, annuities, or other non-retirement death benefit plans, which provide for death proceeds made payable to or owned by the trust.

In collecting policy or death benefit proceeds, my Trustee, in its sole and absolute discretion, may exercise any settlement option that may be available under the terms of any life insurance policy, annuity contract or any other third-party beneficiary contract.

My Trustee, in its sole and absolute discretion, may disclaim the benefits of any life insurance policy, annuity contract, or other non-retirement death benefit plan that are payable to my trust.

My Trustee shall not be liable to any beneficiary for any settlement option ultimately selected or for any decision regarding disclaimer of the benefits of any life insurance policy, annuity contract, or other non-retirement death benefit plan that are payable to my trust.

### b.  Retirement Plan Elections

My Trustee shall have the right, in its sole and absolute discretion, to elect to receive any retirement plan death proceeds, whether under a qualified pension, profit sharing, Keogh, individual retirement account, or any other retirement plan, either in a lump sum or in any other manner permitted by the terms of the particular retirement plan.

My Trustee, in its sole and absolute discretion, may disclaim the benefits of any retirement plan, including individual retirement accounts, that are payable to my trust. Such disclaimed benefits shall be payable pursuant to the beneficiary designations of the retirement plan.

My Trustee shall not be liable to any beneficiary for any death benefit election ultimately selected or for any decision regarding disclaimer of the benefits of any retirement plan, including individual retirement accounts, that are payable to my trust.

### c.  Collection Proceedings

My Trustee may institute proceedings, whether in law or equity, administrative or otherwise, to enforce payment of such proceeds.

My Trustee need not, except at its option, enter into or maintain any litigation or take action to enforce any payment until it has been indemnified to its satisfaction for all

expenses and liabilities to which, in its sole judgment, it may be subjected.

My Trustee is expressly authorized, in its sole and absolute discretion, to adjust, settle, and compromise any and all claims that may arise from the collection of any death proceeds.  The decisions of my Trustee shall be binding and conclusive on all beneficiaries.

### d.    Liability of Payor

No person or entity which pays insurance proceeds or other death proceeds to my Trustee as beneficiary shall be required to inquire into any of the provisions of this trust or to see to the application of any such proceeds by my Trustee.

The receipt of the proceeds by my Trustee shall relieve the payor of any further liability as a result of making such payment.

# Article Six

# Administration of My Trust upon My Death

## Section 1.   My Administrative Trust

Upon my death, my trust shall become irrevocable and my Trustee shall administer all trust property under the terms of this Article. For convenience purposes, my Trustee may refer to my trust as an "Administrative Trust."

### a.   Taxpayer Identification Number

After my death, my Trustee shall apply for a separate taxpayer identification number for my trust.

### b.   Duration of My Administrative Trust

My Trustee shall continue my Administrative Trust for a reasonable period of time in order to comply with the provisions of this Article.

My Administrative Trust shall terminate when all of my trust property has been distributed in accordance with the subsequent Articles of this agreement.

### c.   Protection of Marital Trust

My Trustee shall have no power and shall not exercise discretionary authority in any manner which would disqualify property passing to the Marital Trust for the federal estate tax marital deduction in my estate.

## Section 2.   Payment of Expenses, Claims, and Taxes

Upon my death, my Trustee is authorized, but not directed, to pay the following:

Expenses of my last illness and my final arrangements, including, without limitation, burial or cremation, memorials, and funeral or memorial services of such kind as my Trustee, in its sole discretion, shall approve. In exercising its discretion, my Trustee shall be guided, but not controlled, by the Instructions for My Final Arrangements contained in my Estate Planning Portfolio.

Legally enforceable claims against me or my estate.

Expenses with regard to the administration of my estate.

Federal estate tax, applicable state inheritance or estate taxes, or any other taxes occasioned by my death.

Statutory or court-ordered allowances for qualifying family members.

The payments authorized under this Section are discretionary, and no claims or right to payment by third parties may be enforced against my trust by virtue of such discretionary authority.

My Trustee shall be indemnified from the trust property for any damages sustained by my Trustee as a result of its exercising, in good faith, the authority granted it under this Section.

The payments authorized under this Section shall be paid only to the extent that the property in my probate estate, if any (other than real estate, tangible personal property, or property that, in my Trustee's judgment, is not readily marketable), is insufficient to make these payments.

## Section 3.    Redemption of Treasury Bonds

If my trust holds United States Treasury Bonds which are eligible for redemption at par in payment of the federal estate tax, my Trustee shall redeem such bonds to the extent necessary to pay federal estate tax as a result of my death.

## Section 4.    Coordination with My Personal Representative

This Section shall be utilized to help facilitate the coordination between the personal representative of my probate estate and my Trustee with respect to any of my property owned outside of my trust at my death.

### a.    Authorized Payments

My Trustee, in its sole and absolute discretion, may elect to pay the payments authorized under this Article either directly to the appropriate persons or institutions or to my personal representative of my probate estate.

My Trustee may rely upon the written statements of my personal representative as to all material facts relating to these payments; my Trustee shall not have any duty to see to the application of such payments.

**b.    Purchase of Assets and Loans**

My Trustee is authorized to purchase and retain in the form received, as an addition to my trust, any property which is a part of my probate estate.  In addition, my Trustee may make loans, with or without security, to my probate estate.  My Trustee shall not be liable for any loss suffered by my trust as a result of the exercise of the powers granted in this paragraph.

**c.    Distributions from My Personal Representative**

My Trustee is authorized to accept distributions from my personal representative of my probate estate without audit and my Trustee shall be under no obligation to examine the records or accounts of my personal representative.

**d.    Distributions to My Personal Representative**

My Trustee, in its sole and absolute discretion, may make distributions of any or all of the trust property to my personal representative in order to fund any testamentary trust created, or deemed to be created, under my Last Will and Testament.  In lieu of distributing such property to my personal representative, my Trustee may distribute such property to the Trustee of any testamentary trust created, or deemed to have been created, under my Will.

## Section 5.    Treatment of Exempt Property

In making any payments pursuant to this Article, my Trustee shall not use any property to the extent it is not included in my gross estate for federal estate tax purposes.

However, if my Trustee makes the determination, in its sole and absolute discretion, that other nonexempt property is not available for payments pursuant to this Article, or that it is not economically prudent to use nonexempt property for the payment of such expenses, it may then use such exempt property.

## Section 6.    Apportionment

All expenses and claims and all estate, inheritance, and death taxes, excluding any generation-skipping transfer tax, resulting from my death shall be paid without apportionment and without reimbursement from any person, except as otherwise specifically provided in this trust.

### a.    Protection of Marital Trust

Despite any conflicting provision in my trust, no death taxes payable as a result of my death shall be allocated to or paid from the Marital Trust or from any assets passing to my spouse and qualifying for the federal estate tax marital deduction unless my Trustee has first used all other assets available to my Trustee.

### b.    Retirement Plans

Despite any conflicting provision in my trust, no death taxes shall be paid out of any qualified retirement plan or individual retirement account assets which become trust property as a result of my death, unless my Trustee has first used all other assets available to my Trustee.

### c.    Property Passing Outside My Trust

Despite any conflicting provision in my trust, estate, inheritance, and death taxes assessed with regard to property passing outside of my trust or outside of my probate estate, but included in my gross estate for federal estate tax purposes, shall be chargeable against the persons receiving such property.

## Section 7.    My Trustee's Authority to Make Tax Elections

My Trustee may exercise any available elections with regard to state or federal income, inheritance, estate, succession, or gift tax law.

### a.    Alternate Valuation Date

The authority granted my Trustee in this Section includes the right to elect any alternate valuation date for federal estate or state estate or inheritance tax purposes.

### b.    Deduction of Administration Expenses

The authority granted my Trustee in this Section shall include the right to elect whether all or any parts of the administration expenses of my estate are to be used as estate tax deductions or income tax deductions.

Any administration expenses claimed as income tax deductions shall be charged against the Family Trust.

No compensating adjustments need be made between income and principal as a result of such elections unless my Trustee, in its sole and absolute discretion, shall determine otherwise, or unless required by law.

**c.    Deferment of Estate Taxes**

The authority granted my Trustee in this Section shall include the right to elect to defer payment of all or a part of my estate taxes, pursuant to any law permitting deferral, and to enter into any agreement necessary to defer payment of estate taxes even if doing so extends the statute of limitations and regardless of whether sufficient funds are available to pay the estate taxes when due.

**d.    Election for Qualified Terminable Interest Property**

My Trustee, in its sole and absolute discretion, may elect to have trust property qualify for the federal estate tax marital deduction as qualified terminable interest property under the appropriate provisions of the Internal Revenue Code and its regulations.

**e.    Special Use Valuation and Family-Owned Business Interest**

The authority granted to my Trustee in this Section shall include the right to elect to value qualified real property at its value based upon actual use rather than its fair market value and/or the right to elect to deduct and/or exclude qualifying business interests from my gross estate. My Trustee may enter into any agreement necessary to make such elections as permitted under the Internal Revenue Code and its regulations.

**f.    Taxes and Returns**

My Trustee may also:

> Sign tax returns; pay any taxes, interest, or penalties with regard to taxes;
> apply for and collect tax refunds and interest thereon.

# Article Seven

# Distribution of My Tangible Personal Property and Specific Distributions

## Section 1.    Nonbusiness Tangible Personal Property

On my death, my Trustee shall distribute my nonbusiness tangible personal property held by my trust as follows:

### a.    Use of Memorandum

My Trustee shall distribute the jewelry, clothing, household furniture, furnishings and fixtures, chinaware, silver, photographs, works of art, books, boats, automobiles, sporting goods, artifacts relating to my hobbies, and all other tangible articles of household or personal use in accordance with any written, signed, and dated memorandum left by me directing the distribution of such property.

Any memorandum written, dated, and signed by me disposing of my tangible personal property shall be incorporated by reference into this agreement.

Should I leave multiple written memoranda which conflict as to the disposition of any item of tangible personal property, that memorandum which is last dated shall control as to those items which are in conflict.

### b.    Distribution of Property Not Distributed by Memorandum

If my state law does not allow the use of a memorandum to distribute nonbusiness tangible personal property or, to the extent that my tangible personal property which is or becomes trust property is not disposed of by memorandum for any reason, then that nonbusiness tangible personal property shall be distributed under the terms of this trust agreement.

### c.    Allocation Among Multiple Beneficiaries

My beneficiaries shall allocate the property among them as they shall agree. My Trustee may select the property for any beneficiary who is under any form of legal disability. My Trustee shall at all times be mindful of the desires of a beneficiary when making a selection for that beneficiary.

To the extent that my beneficiaries fail to agree as to the division of any item of tangible personal property within a reasonable period of time, my Trustee, in its sole and

absolute discretion, shall either divide the property among my beneficiaries or sell the property and divide the proceeds among my beneficiaries.

Any decision made by my Trustee with respect to either the selection or sale of my tangible personal property shall be final and shall be binding on all my beneficiaries.

For the purpose of dividing my tangible personal property among my beneficiaries, I direct my Trustee to hold one or more private meetings, with only my beneficiaries and Trustee present. No other individuals (including any spouse or descendant of a beneficiary) shall have the right to be present at such meeting.

If all my beneficiaries are serving as Trustees and cannot agree how to divide my tangible personal property within ninety (90) days, I direct that my property be sold and the proceeds divided equally among my beneficiaries.


## Section 2.    Business Tangible Personal Property

The disposition of my tangible personal property under this Article shall not include tangible personal property which my Trustee, in its sole and absolute discretion, determines to be part of, or used exclusively in, any business or profession in which I had an interest at the time of my death.


## Section 3.    Specific Distributions of Trust Property

I do not wish to make any specific distributions at this time.

# Article Eight

# Creation of the Marital and Family Trusts

### Section 1.    Division of Trust Property

It is not my desire to create separate Marital and Family Trusts for the benefit of my spouse and children. All of the trust property which has not been distributed under prior provisions of this agreement shall be divided, administered, and distributed under Article Twelve of this agreement.

# Article Nine

# The Marital Trust

It is not my desire to create any Marital Trusts for the benefit of my spouse. All of the trust property which has not been distributed under prior provisions of this agreement shall be divided, administered, and distributed under Article Twelve of this agreement.

# Article Ten

# The Family Trust

It is not my desire to create a Family Trust for the benefit of my spouse and children. All of the trust property which has not been distributed under prior provisions of this agreement shall be divided, administered, and distributed under Article Twelve of this agreement.

# Article Eleven

# The Common Trust

It is not my desire to create a Common Trust for the benefit of my beneficiaries. All of the trust property which has not been distributed under prior provisions of this agreement shall be divided, administered, and distributed under Article Twelve of this agreement.

# Article Twelve

# Distribution of My Trust Property

## Section 1.    Division into Separate Shares

All trust property not previously distributed under the terms of my trust shall be divided as follows:

| Beneficiary | Relationship | Share |
|---|---|---|
| LOUISE KATHLEEN HAHN | Daughter | 80% |

Louise's share shall include my residence in Berwyn if she (or her Guardian if under the age of 18) desires to retain the property.

| | | |
|---|---|---|
| GUSTAVE VON HAHN-POWELL | Son | 20% |
| GRANDCHILDREN | Grandchildren | 0.0% |
| GREAT-GRANDCHILDREN | Great-Grandchildren | 0.0% |

The share of any beneficiary, or the share of a deceased beneficiary who has then living descendants, shall be reduced by the aggregate value of all Distributions for Special Needs made to that beneficiary, if any, allowed under Article Eleven, Section 4. In making a reduction of any share for Distributions for Special Needs, the value of any amount previously distributed shall be its value as of the date of its distribution.

If the amount of the reduction exceeds the value of the share of any beneficiary, the beneficiary shall receive nothing. The beneficiary shall have no duty to refund any excess distributions.

### a.    Division into Exempt and Nonexempt Trusts

To the extent any of the trust property that is subject to the terms of this Article Twelve is exempt from federal generation-skipping tax, my Trustee shall further divide the separate shares into exempt and nonexempt trusts as provided in Article Sixteen, Section 13. of this trust agreement.

### b.    Guidelines for Exempt and Nonexempt Trusts

The purpose of the division of my property into exempt and nonexempt shares is to insure that, at the death of a beneficiary, the maximum amount of trust property possible passes to my descendants free from any federal generation-skipping tax. Therefore, my Trustee shall, to the extent possible, make all discretionary distributions to my beneficiaries first from their nonexempt trust until it is exhausted, and only thereafter from the exempt trust.  My beneficiaries shall have a general power of appointment as provided in this Article, but only to the extent that the general power of appointment can be exercised as to property that otherwise would be subject to federal generation-skipping tax.

### c.    Authority of Trustee to Allocate Exempt Property

I give my Trustee the absolute authority to make disproportionate allocations of exempt property among the shares established for my beneficiaries in order to take maximum advantage of the Predeceased Child exception under Section 2612 of the Internal Revenue Code.

## Section 2.    Distribution of Trust Shares for My Beneficiaries

The share of each beneficiary shall be distributed as follows:

### a.    Distribution of Trust Share for LOUISE KATHLEEN HAHN

The trust share for LOUISE KATHLEEN HAHN shall be held in trust and administered and distributed as follows:

#### 1.    Distributions of Net Income

My Trustee, in its sole and absolute discretion, shall apply to, or for the benefit of, LOUISE KATHLEEN HAHN as much of the net income from her trust share as my Trustee deems advisable for the education, health, maintenance, and support of LOUISE KATHLEEN HAHN.  Any net income not distributed shall be added to the principal and held under the provisions that follow.

#### 2.    Distributions of Principal

My Trustee, in its sole and absolute discretion, shall apply to, or for the benefit of, LOUISE KATHLEEN HAHN as much of the principal from her trust as my Trustee deems advisable for the education, health, maintenance, and support of LOUISE KATHLEEN HAHN.

In addition, if she is then or thereafter becomes 21 years old, LOUISE KATHLEEN HAHN shall have the noncumulative right to withdraw from the principal of her trust share, in any calendar year, amounts not to exceed $5,000 in the aggregate. Also, on the last day of the calendar year, if LOUISE KATHLEEN HAHN is then living, she may withdraw an amount by which five percent of the then market value of the principal of her trust share exceeds the principal amounts, if any, previously withdrawn in that year under this Section. All request for principal distributions pursuant to this paragraph shall be in writing and delivered to my Trustee.

I request that my Trustee, before making distributions to LOUISE KATHLEEN HAHN, remind her of the long-term income tax deferral advantage of retaining funds inside a qualified retirement plan or an individual retirement plan account, whether in trust or not in trust.

I also request that my Trustee, before making distributions to LOUISE KATHLEEN HAHN, remind her of the long-term advantages of retaining her inheritance in a trust share.

## 3.    Guidelines for Discretionary Distributions

My Trustee shall fully comply with Article Seventeen, Section 4.s. of this trust for all discretionary distributions under my trust.

To the extent that I have given my Trustee any discretionary authority over the distribution of income or principal to LOUISE KATHLEEN HAHN it is my desire that my Trustee be liberal in exercising such discretion.

I also desire that my Trustee give assistance to LOUISE KATHLEEN HAHN for:

> The purchase of a residence.

> The purchase or establishment of a business or professional practice.

> Any other extraordinary opportunity or expense deemed by my Trustee to be in the best interests of LOUISE KATHLEEN HAHN.

In making discretionary distributions to LOUISE KATHLEEN HAHN, my Trustee shall be mindful of, and take into consideration to the extent it deems necessary, any additional sources of income and principal available to LOUISE KATHLEEN HAHN, which arise outside of this agreement and are known to my Trustee.

Amendment to the

# ELOISE K. HAHN LIVING TRUST

On May 12, 2004, I, ELOISE K. HAHN, signed the **ELOISE K. HAHN LIVING TRUST**, which is more formally known as:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

Pursuant to **Article Four** of my living trust, which permits me to amend my trust in writing at any time, I now wish to amend my trust as follows:

> Delete **Article Twelve, Section 2.a.4** and replace with the following **Article Twelve, Section 2.a.4:**

## Section 2.a.4. Distribution on the Death of LOUISE KATHLEEN HAHN

> LOUISE KATHLEEN HAHN shall have the unlimited and unrestricted general power to appoint, by a valid last will and testament or by a valid living trust agreement, any property remaining in the trust share the distribution of which would otherwise constitute a taxable generation-skipping transfer.
>
> In exercising this general power of appointment, LOUISE KATHLEEN HAHN shall specifically refer to this power. LOUISE KATHLEEN HAHN shall have the sole and exclusive right to exercise this general power of appointment.
>
> This general power of appointment specifically grants to LOUISE KATHLEEN HAHN the right to appoint property to her own estate. It also specifically grants to her the right to appoint the property among persons, corporations, or other entities in equal or unequal proportions, and on such terms and conditions, whether outright or in trust, as she may elect.
>
> Any property in the trust share which is not distributed pursuant to the exercise of the general power of appointment or is not subject to such power because it is not taxable as a generation-skipping transfer shall be distributed to LOUISE KATHLEEN HAHN's then living descendants, per stirpes.

If LOUISE KATHLEEN HAHN has no then living descendants, my Trustee shall distribute the remaining trust property to my then living descendants, per stirpes.

If I have no then living descendants, my Trustee shall distribute the remaining trust property as provided in Article Thirteen of this agreement.

My Trustee shall fully comply with Article Eighteen, Section 5. of this trust upon the termination of any separate trust share created under this agreement.

Delete **Article Thirteen** and replace with the following **Article Thirteen:**

# Article Thirteen

# Ultimate Distribution Pattern

If at any time there is no person, corporation, or other entity entitled to receive all or any part of my trust property, the trust property shall be distributed to BENJAMIN WILLIAM HAHN, per stirpes, otherwise the trust property shall be distributed to my spouse, JOHN GAYNOR, per stirpes.

The distribution of trust property, for purposes of this Article, shall be determined by the laws of descent and distribution for intestate estates in the State of Illinois as such laws are in effect at the time of any distribution under this Article.

I executed this amendment on ___*9/27/04*___.

I certify that I have read the foregoing amendment to my revocable living trust agreement, and that it correctly states the changes that I desire to make in my trust. I approve this amendment to my revocable living trust in all particulars, and request my Trustee to execute it.


_____
ELOISE K. HAHN, TRUSTMAKER


_____
ELOISE K. HAHN, TRUSTEE



STATE OF ILLINOIS          )
                           ) ss.
COUNTY OF __Cook__         )

The foregoing amendment to the **ELOISE K. HAHN LIVING TRUST** was acknowledged before me on ___9/29/04___, by ELOISE K. HAHN, as Trustmaker and Trustee.


Witness my hand and official seal.

My commission expires:

___9/29/07___

> "OFFICIAL SEAL"
> Steven Peck
> Notary Public, State of Illinois
> My Commission Exp. 09/29/2007


_____
Notary Public

It is my express desire that my Trustee take into consideration the future probable needs of LOUISE KATHLEEN HAHN prior to making any discretionary distributions hereunder.

When exercising discretionary authority, my Trustee shall act in accordance with any written, signed, and dated Letter of Instruction to my Trustee left by me leaving instructions for the care of my beneficiaries. Any Letter of Instruction to my Trustee shall be incorporated by reference into this agreement.

If my state law does not allow the incorporation by reference of a letter of instruction to be a binding inclusion to this agreement, I request that my Trustee be morally bound to act in accordance with any provisions I might leave in a Letter of Instruction to my Trustee.

Should I leave multiple letters of instruction which conflict as to the instructions, that letter which is last dated shall control as to those provisions which are in conflict.

## 4.    Distribution on the Death of LOUISE KATHLEEN HAHN

LOUISE KATHLEEN HAHN shall have the unlimited and unrestricted general power to appoint, by a valid last will and testament or by a valid living trust agreement, any property remaining in the trust share the distribution of which would otherwise constitute a taxable generation-skipping transfer.
In exercising this general power of appointment, LOUISE KATHLEEN HAHN shall specifically refer to this power. LOUISE KATHLEEN HAHN shall have the sole and exclusive right to exercise this general power of appointment.

This general power of appointment specifically grants to LOUISE KATHLEEN HAHN the right to appoint property to her own estate. It also specifically grants to her the right to appoint the property among persons, corporations, or other entities in equal or unequal proportions, and on such terms and conditions, whether outright or in trust, as she may elect.

Any property in the trust share which is not distributed pursuant to the exercise of the general power of appointment or is not subject to such power because it is not taxable as a generation-skipping transfer shall be distributed to LOUISE KATHLEEN HAHN's then living descendants, per stirpes.

If LOUISE KATHLEEN HAHN has no then living descendants, my Trustee shall distribute the remaining trust property 1/2 to my then living descendants, per stirpes and 1/2 to CYNTHIA SUSANNE HAHN, if alive.

If I have no then living descendants, my Trustee shall distribute the remaining trust property as provided in Article Thirteen of this agreement.

My Trustee shall fully comply with Article Eighteen, Section 5. of this trust upon the termination of any separate trust share created under this agreement.

**b.    Distribution of Trust Share for GUSTAVE VON HAHN-POWELL**

The trust share for GUSTAVE VON HAHN-POWELL shall be held in trust and administered and distributed as follows:

**1.    Distributions of Net Income**

My Trustee, in its sole and absolute discretion, shall apply to, or for the benefit of, GUSTAVE VON HAHN-POWELL as much of the net income from his trust share as my Trustee deems advisable for the education, health, maintenance, and support of GUSTAVE VON HAHN-POWELL. Any net income not distributed shall be added to the principal and held under the provisions that follow.

**2.    Distributions of Principal**

My Trustee, in its sole and absolute discretion, shall apply to, or for the benefit of, GUSTAVE VON HAHN-POWELL as much of the principal from his trust as my Trustee deems advisable for the education, health, maintenance, and support of GUSTAVE VON HAHN-POWELL.

In addition, if he is then or thereafter becomes 21 years old, GUSTAVE VON HAHN-POWELL shall have the noncumulative right to withdraw from the principal of his trust share, in any calendar year, amounts not to exceed $5,000 in the aggregate. Also, on the last day of the calendar year, if GUSTAVE VON HAHN-POWELL is then living, he may withdraw an amount by which five percent of the then market value of the principal of his trust share exceeds the principal amounts, if any, previously withdrawn in that year under this Section. All request for principal distributions pursuant to this paragraph shall be in writing and delivered to my Trustee.

I request that my Trustee, before making distributions to GUSTAVE VON HAHN-POWELL, remind him of the long-term income tax deferral advantage of retaining funds inside a qualified retirement plan or an individual retirement plan account, whether in trust or not in trust.

I also request that my Trustee, before making distributions to GUSTAVE

VON HAHN-POWELL, remind him of the long-term advantages of retaining his inheritance in a trust share.

## 3.    Guidelines for Discretionary Distributions

My Trustee shall fully comply with Article Seventeen, Section 4.s. of this trust for all discretionary distributions under my trust.

To the extent that I have given my Trustee any discretionary authority over the distribution of income or principal to GUSTAVE VON HAHN-POWELL it is my desire that my Trustee be liberal in exercising such discretion.

I also desire that my Trustee give assistance to GUSTAVE VON HAHN-POWELL for:

> The purchase of a residence.

> The purchase or establishment of a business or professional practice.

> Any other extraordinary opportunity or expense deemed by my Trustee to be in the best interests of GUSTAVE VON HAHN-POWELL.

In making discretionary distributions to GUSTAVE VON HAHN-POWELL, my Trustee shall be mindful of, and take into consideration to the extent it deems necessary, any additional sources of income and principal available to GUSTAVE VON HAHN-POWELL, which arise outside of this agreement and are known to my Trustee.

It is my express desire that my Trustee take into consideration the future probable needs of GUSTAVE VON HAHN-POWELL prior to making any discretionary distributions hereunder.

When exercising discretionary authority, my Trustee shall act in accordance with any written, signed, and dated Letter of Instruction to my Trustee left by me leaving instructions for the care of my beneficiaries. Any Letter of Instruction to my Trustee shall be incorporated by reference into this agreement.

If my state law does not allow the incorporation by reference of a letter of instruction to be a binding inclusion to this agreement, I request that my Trustee be morally bound to act in accordance with any provisions I might leave in a Letter of Instruction to my Trustee.

Should I leave multiple letters of instruction which conflict as to the instructions, that letter which is last dated shall control as to those provisions which are in conflict.

## 4.    Distribution on the Death of GUSTAVE VON HAHN-POWELL

GUSTAVE VON HAHN-POWELL shall have the unlimited and unrestricted general power to appoint, by a valid last will and testament or by a valid living trust agreement, any property remaining in the trust share the distribution of which would otherwise constitute a taxable generation-skipping transfer.

In exercising this general power of appointment, GUSTAVE VON HAHN-POWELL shall specifically refer to this power. GUSTAVE VON HAHN-POWELL shall have the sole and exclusive right to exercise this general power of appointment.

This general power of appointment specifically grants to GUSTAVE VON HAHN-POWELL the right to appoint property to his own estate. It also specifically grants to him the right to appoint the property among persons, corporations, or other entities in equal or unequal proportions, and on such terms and conditions, whether outright or in trust, as he may elect.

Any property in the trust share which is not distributed pursuant to the exercise of the general power of appointment or is not subject to such power because it is not taxable as a generation-skipping transfer shall be distributed to GUSTAVE VON HAHN-POWELL's then living descendants, per stirpes.

If GUSTAVE VON HAHN-POWELL has no then living descendants, my Trustee shall distribute the remaining trust property to my then living descendants, per stirpes.

If I have no then living descendants, my Trustee shall distribute the remaining trust property as provided in Article Thirteen of this agreement.

My Trustee shall fully comply with Article Eighteen, Section 5. of this trust upon the termination of any separate trust share created under this agreement.

## c.    Distribution of Trust Share for GRANDCHILDREN

The trust share for GRANDCHILDREN shall be divided equally among all of my GRANDCHILDREN, per stirpes, and shall be held in trust and administered and distributed as follows:

## 1.    Distributions of Net Income

My Trustee, in its sole and absolute discretion, shall apply to, or for the
benefit of, a GRANDCHILD so much of the net income from his or her trust
share as my Trustee deems advisable for the education, health, maintenance
and support of that GRANDCHILD.  Any net income not distributed shall be
added to principal and held under the provisions that follow.

## 2.    Distributions of Principal

My Trustee, in its sole and absolute discretion, shall apply to, or for the
benefit of, a GRANDCHILD so much of the principal from his or her trust
share as my Trustee deems advisable for the education, health, maintenance
and support of that GRANDCHILD.

In addition, if he or she is then or thereafter becomes 21 years old, a
GRANDCHILD shall have the noncumulative right to withdraw from the
principal of that GRANDCHILD'S trust in any calendar year amounts not to
exceed $5,000 in the aggregate.  Also in addition, on the last day of any
calendar year, if that GRANDCHILD is then living, that GRANDCHILD may
withdraw an amount by which 5 percent of the then market value of the
principal of that GRANDCHILD'S trust exceeds the principal amounts, if
any, previously withdrawn in that year under this section.  All requests for
principal distributions pursuant to this paragraph shall be in writing and
delivered to my Trustee.

I request that my Trustee, before making distributions to a beneficiary, remind
him or her of the long-term income tax deferral advantage of retaining funds
inside a qualified retirement plan or an individual retirement plan account,
whether in trust or not in trust.

I also request that my Trustee, before making distributions to a beneficiary,
remind him or her of the long-term advantages of retaining his or her
inheritance in a trust share.

## 3.    Guidelines for Discretionary Distributions

My Trustee shall fully comply with Article Seventeen, Section 4.s. of this
trust for all distributions under this Section 3.

To the extent that I have given my Trustee any discretionary authority over
the distribution of income or principal to a GRANDCHILD, it is my desire
that my Trustee be liberal in exercising such discretion.

I also desire that my Trustee give assistance to a GRANDCHILD for:

> The purchase of a residence.

> The purchase or establishment of a business or professional practice.

> Any other extraordinary opportunity or expense deemed by my Trustee to be in the best interests of the GRANDCHILD.

In making discretionary distributions to a GRANDCHILD, my Trustee shall be mindful of, and take into consideration to the extent it deems necessary, any additional sources of income and principal available to that GRANDCHILD which arise outside of this agreement and are known to my Trustee.

It is my express desire that my Trustee take into consideration the future probable needs of the GRANDCHILD prior to making any discretionary distributions hereunder.

When exercising discretionary authority, my Trustee shall act in accordance with any written, signed, and dated Letter of Instruction to my Trustee left by me leaving instructions for the care of my beneficiaries. Any Letter of Instruction to my Trustee shall be incorporated by reference into this agreement.

If my state law does not allow the incorporation by reference of a letter of instruction to be a binding inclusion to this agreement, I request that my Trustee be morally bound to act in accordance with any provisions I might leave in a Letter of Instruction to my Trustee.

Should I leave multiple letters of instruction which conflict as to the instructions, that letter which is last dated shall control as to those provisions which are in conflict.

## 4.   Distribution on the Death of a GRANDCHILD

If a GRANDCHILD should die before the complete distribution of his or her trust share, that GRANDCHILD'S trust share shall terminate and that GRANDCHILD shall have the unlimited and unrestricted general power to appoint, by a valid last will and testament or by a valid living trust agreement, any property remaining in his or her trust share the distribution of which would otherwise constitute a taxable generation-skipping transfer.

In exercising this general power of appointment, the GRANDCHILD shall

specifically refer to this power. The GRANDCHILD shall have the sole and exclusive right to exercise this general power of appointment.

This general power of appointment specifically grants to the GRANDCHILD the right to appoint property to his or her own estate. It also specifically grants to that GRANDCHILD the right to appoint the property among persons, corporations, or other entities in equal or unequal proportions, and on such terms and conditions, whether outright or in trust, as that GRANDCHILD may elect.

Any property in the trust share which is not distributed pursuant to the exercise of the general power of appointment or is not subject to such power because it is not taxable as a generation-skipping transfer shall be distributed to that GRANDCHILD'S then living descendants, per stirpes.

If that GRANDCHILD has no then living descendants, my Trustee shall distribute the remaining trust property to the brothers and sisters of that GRANDCHILD, who are also descendants of me, per stirpes.

If that GRANDCHILD has no then living brothers, sisters, or descendants of them, my Trustee shall distribute the remaining trust property to the then living descendants of my children, per stirpes.

If there are no then living descendants of my children, my Trustee shall distribute the balance of the remaining trust property to my then living descendants, per stirpes.

If I have no then living descendants, my Trustee shall distribute the remaining trust property equally to the other beneficiaries named in this Article, per stirpes.

If the other beneficiaries named in this Article are not then living and have no then living descendants, my Trustee shall distribute the balance of the trust property as provided in Article Thirteen of this agreement.

My Trustee shall fully comply with Article Eighteen, Section 5. of this trust upon the termination of any separate trust share created under this agreement.

**d.    Distribution of Trust Share for GREAT-GRANDCHILDREN**

The trust share for GREAT-GRANDCHILDREN shall be divided equally among all of my GREAT-GRANDCHILDREN, per stirpes, and held in trust and administered and distributed as follows:

12-10

## 1.    Distributions of Net Income

My Trustee, in its sole and absolute discretion, shall apply to, or for the benefit of, a GREAT-GRANDCHILD so much of the net income from his or her trust share as my Trustee deems advisable for the education, health, maintenance and support of that GREAT-GRANDCHILD. Any net income not distributed shall be added to principal and held under the provisions that follow.

## 2.    Distributions of Principal

My Trustee, in its sole and absolute discretion, shall apply to, or for the benefit of, a GREAT-GRANDCHILD so much of the principal from his or her trust share as my Trustee deems advisable for the education, health, maintenance and support of that GREAT-GRANDCHILD.

In addition, if he or she is then or thereafter becomes 21 years old, a GREAT-GRANDCHILD shall have the noncumulative right to withdraw from the principal of that GREAT-GRANDCHILD'S trust share in any calendar year amounts not to exceed $5,000 in the aggregate. Also in addition, on the last day of any calendar year, if that GREAT-GRANDCHILD is then living, that GREAT-GRANDCHILD may withdraw an amount by which 5 percent of the then market value of the principal of that GREAT-GRANDCHILD'S trust share exceeds the principal amounts, if any, previously withdrawn in that year under this section. All requests for principal distributions pursuant to this paragraph shall be in writing and delivered to my Trustee.

I request that my Trustee, before making distributions to a GREAT-GRANDCHILD, remind him or her of the long-term income tax deferral advantage of retaining funds inside a qualified retirement plan or an individual retirement plan account, whether in trust or not in trust.

I also request that my Trustee, before making distributions to a GREAT-GRANDCHILD, remind him or her of the long-term advantages of retaining his or her inheritance in a trust share.

## 3.    Guidelines for Discretionary Distributions

My Trustee shall fully comply with Article Seventeen, Section 4.s. of this trust for all distributions under this Section 3.

To the extent that I have given my Trustee any discretionary authority over the distribution of income or principal to a GREAT-GRANDCHILD, it is my desire that my Trustee be liberal in exercising such discretion.

I also desire that my Trustee give assistance to a GREAT-GRANDCHILD for:

The purchase of a residence.

The purchase or establishment of a business or professional practice.

Any other extraordinary opportunity or expense deemed by my Trustee to be in the best interests of the GREAT-GRANDCHILD.

In making discretionary distributions to a GREAT-GRANDCHILD, my Trustee shall be mindful of, and take into consideration to the extent it deems necessary, any additional sources of income and principal available

to that GREAT-GRANDCHILD which arise outside of this agreement and are known to my Trustee.

It is my express desire that my Trustee take into consideration the future probable needs of the GREAT-GRANDCHILD prior to making any discretionary distributions hereunder.

When exercising discretionary authority, my Trustee shall act in accordance with any written, signed, and dated Letter of Instruction to my Trustee left by me leaving instructions for the care of my beneficiaries.  Any Letter of Instruction to my Trustee shall be incorporated by reference into this agreement.

If my state law does not allow the incorporation by reference of a letter of instruction to be a binding inclusion to this agreement, I request that my Trustee be morally bound to act in accordance with any provisions I might leave in a Letter of Instruction to my Trustee.

Should I leave multiple letters of instruction which conflict as to the instructions, that letter which is last dated shall control as to those provisions which are in conflict.

## 4.    Distribution on the Death of a GREAT-GRANDCHILD

If a GREAT-GRANDCHILD should die before the complete distribution of his or her trust share, that GREAT-GRANDCHILD'S trust share shall terminate and that GREAT-GRANDCHILD shall have the unlimited and unrestricted general power to appoint, by a valid last will and testament or by a valid living trust agreement, any property remaining in the trust share the distribution of which would otherwise constitute a taxable generation-skipping transfer.

In exercising this general power of appointment, the GREAT-GRANDCHILD shall specifically refer to this power. The GREAT-GRANDCHILD shall have the sole and exclusive right to exercise this general power of appointment.

This general power of appointment specifically grants to the GREAT-GRANDCHILD the right to appoint property to his or her own estate. It also specifically grants to that GREAT-GRANDCHILD the right to appoint the property among persons, corporations, or other entities in equal or unequal proportions, and on such terms and conditions, whether outright or in trust, as that GREAT-GRANDCHILD may elect.

Any property in the trust share which is not distributed pursuant to the exercise of the general power of appointment or is not subject to such power because it is not taxable as a generation-skipping transfer shall be distributed to that GREAT-GRANDCHILD'S then living descendants, per stirpes.

If that GREAT-GRANDCHILD has no then living descendants, my Trustee shall distribute the remaining trust property to the brothers and sisters of that GREAT-GRANDCHILD, per stirpes.

If that GREAT-GRANDCHILD has no then living brothers, sisters, or descendants of them, my Trustee shall distribute the remaining trust property to the then living descendants of my grandchildren, per stirpes.

If there are no then living descendants of my grandchildren, my Trustee shall distribute the balance of the remaining trust property to the then living descendants of my children, per stirpes.

If there are no then living descendants of my children, my Trustee shall distribute the balance of the remaining trust property to my then living descendants, per stirpes.

If I have no then living descendants, my Trustee shall distribute the remaining

trust property equally to the other beneficiaries named in this Article, per stirpes.

If the other beneficiaries named in this Article are not then living and have no then living descendants, my Trustee shall distribute the balance of the trust property as provided in Article Thirteen of this agreement.

My Trustee shall fully comply with Article Eighteen, Section 5. of this trust upon the termination of any separate trust share created under this agreement.

## Section 3.    Share of a Descendant of a Deceased Beneficiary

Each share set aside for a deceased beneficiary, if any, who has then living descendants shall be divided, administered, and distributed as follows:

### a.    Division into Separate Shares

Each share set aside for a deceased beneficiary who has then living descendants shall be divided into as many equal shares as shall be necessary to create one equal share for the deceased beneficiary's descendants, per stirpes.

### b.    Outright Distribution

If any descendant of a deceased beneficiary is over 21 years of age and is not legally incapacitated, my Trustee shall distribute that descendant's share outright to that descendant.

### c.    Retention of a Minor's or Disabled Descendant's Share in Trust

If any portion of a share is distributable under this Section to any descendant of a deceased beneficiary for whom my Trustee holds a trust created under this Agreement, such distributions shall be added to such trust rather than being distributed.

If any portion of a share distributable under this Section to any descendant of a deceased beneficiary, for whom my Trustee does not hold a trust created under this Agreement, who is under 21 years of age, or if any descendant of a deceased beneficiary is disabled or incapacitated as defined in Article Eighteen of this agreement, then my Trustee shall retain such share in trust under the provisions of Article Fourteen.

## Section 4.    Retention of Distributions in Trust

Whenever a distribution is authorized or required to be made by a provision of this Article to any beneficiary, my Trustee shall retain such distribution in trust, to be held and administered as follows:

12-14

**1.    Distributions of Net Income**

During any period when the beneficiary is not disabled my Trustee shall distribute such
amounts of the net income from the trust share of the descendant as he or she shall at
any time request in writing.

No limitation shall be placed on the beneficiary as to either the amount of or the reason
for such distribution of income. The right to withdraw income described in this Section
is personal to the descendant, and may not be exercised by any legal representative or
agent acting on his or her behalf.

Any net income not distributed shall be added to principal and held under the provisions
that follow.

**2.    Distributions of Principal**

In addition, during any period when the beneficiary is not disabled, my Trustee shall
distribute such amounts of the principal from the trust share of the descendant as he or
she shall at any time request in writing.

No limitation shall be placed on the beneficiary as to either the amount of or the reason
for such invasion of principal.

The right to withdraw principal described in this Section is personal to the beneficiary,
and may not be exercised by any legal representative or agent acting on his or her
behalf.

**3.    Principal Distributions in my Trustee's Discretion**

My Trustee may also distribute to or for the beneficiary's benefit as much of the
principal from his or her trust share as my Trustee, in its sole and absolute discretion,
shall consider necessary or advisable for his or her education, health, and maintenance.

**4.    Distribution on the Death of Beneficiary**

The beneficiary shall have the unlimited and unrestricted general power to appoint, by a
valid last will and testament or by a valid living trust agreement, the entire principal and
any accrued and undistributed net income of his or her trust share as it exists at his or
her death.  In exercising this general power of appointment, the beneficiary shall
specifically refer to this power.

The beneficiary shall have the sole and exclusive right to exercise this general power of
appointment.

12-15

This general power of appointment specifically grants to the beneficiary the right to appoint property to his or her own estate. It also specifically grants to him or her the right to appoint the property among persons, corporations, or other entities in equal or unequal proportions, and on such terms and conditions, whether outright or in trust, as he or she may elect.

To the extent this general power of appointment is not exercised, my Trustee shall distribute to the then living descendants of the beneficiary, per stirpes.

If the beneficiary has no then living descendants, my Trustee shall distribute the remaining trust property to my then living descendants, per stirpes.

If I have no then living descendants, my Trustee shall distribute the remaining trust property as provided in Article Thirteen of this agreement.

# Article Thirteen

# Ultimate Distribution Pattern

If at any time there is no person, corporation, or other entity entitled to receive all or any part of my trust property, the trust property shall be distributed to the children of my brother BRADLEY HAHN, per stirpes, otherwise the trust property shall be distributed to those persons who would be my heirs if had died intestate owning such property.

The distribution of trust property, for purposes of this Article, shall be determined by the laws of descent and distribution for intestate estates in the State of Illinois as such laws are in effect at the time of any distribution under this Article.

# Article Fourteen

# Methods of Distribution and Trust Administration with Regard to Minor and Disabled Beneficiaries

## Section 1.    General Guidelines for Distribution

Whenever a distribution is authorized or required to be made by a provision of this agreement to any beneficiary who is disabled or incapacitated, such distribution may be made by my Trustee:

Without continuing court supervision or the intervention of a guardian, conservator, or any other legal representative.

Without giving or requiring any bond or surety on bond.

Pursuant to any of the methods authorized under this Article.

In making distributions under this Article, disability or incapacity shall include adjudicated mental incapacity by a court of competent jurisdiction, or incapacity because of age, illness, or injury.

Before making any distributions to beneficiaries other than me under this Article, it is my desire that my Trustee, to the extent that it is both reasonable and possible:

Inquire into the ultimate disposition of the distributed funds.

Take into consideration the behavior of trust beneficiaries with regard to their disposition of prior distributions of trust property.

My Trustee shall obtain a receipt from the person, corporation, or other entity receiving any distribution called for in this Article.

## Section 2.    Methods of Payment

My Trustee may make the distributions called for in this Article in any one or more of the following ways:

Directly to a beneficiary.

To persons, corporations, or other entities for the use and benefit of the beneficiary.

To an account in a commercial bank or savings institution in the name of the beneficiary, or in a form reserving the title, management, and custody of the account to a suitable person, corporation, or other entity for the use and benefit of the beneficiary.

In any prudent form of annuity purchased for the use and benefit of the beneficiary.

To any person or duly licensed financial institution, including my Trustee, as a custodian under the Uniform Transfers to Minors Act, or any similar act, of any state, or in any manner allowed by any state statute dealing with gifts or distributions to minors or other individuals under a legal disability.

To any guardian, agent under a valid power of attorney, or other person deemed by my Trustee to be responsible, and who has assumed the responsibility of caring for the beneficiary.

## Section 3.    Trustee's Discretion to Keep Property in Trust

My Trustee shall have the authority to retain a beneficiary's share in trust as follows:

### a.    Based on Disability

If any trust property becomes distributable to a beneficiary when the beneficiary is under any form of legal disability, as defined in Article Eighteen, my Trustee may retain that beneficiary's share in a separate trust until his or her legal disability has ceased, as follows:

My Trustee shall apply to or for the benefit of the beneficiary as much of the net income and principal of the trust as my Trustee, in its sole and absolute discretion, deems necessary or advisable for the beneficiary's health, education, and maintenance.

In making any distributions of income and principal under this Article, my Trustee shall be mindful of and take into consideration to the extent it deems necessary, any additional sources of income and principal available to the beneficiary which arise outside of this agreement.

Any net income not distributed to a beneficiary shall be accumulated and added to principal.

### b.    Based on Age

If any trust property becomes distributable to a beneficiary when the beneficiary is under 25 years of age, my Trustee may retain that beneficiary's share in a separate trust, as follows:

My Trustee, in its sole and absolute discretion, shall apply to, or for the benefit of the beneficiary so much of the net income and principal from the beneficiary's trust as my Trustee deems advisable for the health, education, and maintenance of the beneficiary.

When the beneficiary reaches the age of 25, or if upon the funding of the trust share created for the beneficiary, he or she has already attained the age of 25, during any period when the beneficiary is not disabled, my Trustee shall distribute to the beneficiary such amounts from the trust share as the beneficiary may at any time request in writing, free of the trust.

No limitation shall be placed on the beneficiary as to either the amount of or the reason for the invasion of principal or income available to the beneficiary upon written request, as described in this Section.

The right to withdraw principal described in this Section is personal to the beneficiary, and may not be exercised by any legal representative or agent acting on the beneficiary's behalf.

In making any distributions of income and principal under this Article, my Trustee shall be mindful of, and take into consideration to the extent it deems necessary, any additional sources of income and principal available to the beneficiary which arise outside of this agreement.

Any net income not distributed to a beneficiary shall be accumulated and added to principal.

**c.   Coordination with Public Assistance**

At any time if any trust property becomes distributable to any beneficiary when the beneficiary is under any form of legal disability, as defined in Article Eighteen, and when the beneficiary is or would be eligible for public assistance benefits but for the distribution provided for in this agreement (as determined in the absolute discretion of my Trustee) my Trustee shall retain that beneficiary's share in a separate trust, as follows:

My Trustee shall pay to, or provide for the benefit of the beneficiary, in monthly or other convenient installments, that amount of net income which will not cause the

beneficiary to be ineligible for governmental financial assistance benefits, in the event the beneficiary is receiving such benefits.

Any undistributed income shall be added to principal.

My Trustee may distribute discretionary amounts of principal for special needs not

otherwise provided by governmental financial assistance and benefits, or by the providers of services.

"Special needs" refer to the requisites for maintaining the good health, safety, and welfare of the beneficiary when, in the discretion of my Trustee, such requisites are not being provided by any public agency, office, or department of any state or of the United States.

"Special needs" shall also include, but not be limited to, medical and dental expenses, annual independent checkups, clothing and equipment, programs of training, education, treatment and rehabilitation, private residential care, transportation (including vehicle purchase), maintenance, insurance, and essential dietary needs. "Special needs" may include spending money; additional food; clothing; electronic equipment such as radios, record players, television sets, computer equipment; camping; vacations; athletic contests; movies; trips; and money to purchase appropriate gifts for relatives and friends.

My Trustee shall have no obligation to expend trust assets for such needs, but if my Trustee, in its sole discretion, decides to expend trust assets, under no circumstances should any amounts be paid to, or reimbursed to, the federal government, any state, or any governmental agency for any purpose, including for the care, support, and maintenance of the beneficiary.

Because the beneficiary is dependent on the support and aid of others, my Trustee shall, in the exercise of its best judgment and fiduciary duty, seek support and maintenance for the beneficiary from all available public resources including, but not limited to, Social Security Administration benefits, Supplemental Security Income (SSI), U.S. Civil Service Commission benefits, Medicaid, and Federal Social Security Disability Insurance (SSDI), and any other comparable programs, state, federal, or local.

If necessary, my Trustee may seek appropriate authority to collect, expend, and account for separately all such governmental assistance benefits, but shall not commingle them with these trust assets. In addition, in making distributions for the special needs of the beneficiary, my Trustee shall take into consideration the applicable resource limitations of the public assistance programs for which the beneficiary is eligible.

No part of the trust share set aside for the beneficiary shall be used to supplant or replace public assistance benefits of any state or federal agency which has a legal responsibility to serve persons with illnesses or handicaps which are the same as or similar to the disorders of the beneficiary.

No interest in the principal or income of the trust share set aside for the beneficiary shall be anticipated, assigned, or encumbered, or shall be subject to any creditor's claim or to legal process, prior to its actual receipt by the beneficiary. The beneficiary is specifically

prohibited from any right to receive, demand, secure, give, assign, transfer, mortgage, borrow against, or will any trust assets or income.

It is my intention to conserve and maintain this trust share for the special needs of the beneficiary. Therefore, no part of this trust share, neither principal nor undistributed net income, shall be subject to the claims of voluntary or involuntary creditors for the provisions of care and services, including residential care, by any public entity, office, department, or agency of any state or government agency, or of the federal government of the United States.

In the event that it is determined by either a court or an authority of competent jurisdiction that these trust assets render the beneficiary ineligible to receive any governmental assistance benefits, or if my Trustee, in its sole discretion, determines that, notwithstanding the provisions set forth above, this trust share may be subject to garnishment, attachments, execution or bankruptcy proceedings by a creditor of the beneficiary or by the federal or state government, or any agency or subdivision thereof, then my Trustee shall terminate the trust share set aside for the beneficiary and distribute the remaining principal and accrued income to the beneficiaries in Article Twelve of my trust.

I request, but do not direct, that the Article Twelve beneficiaries conserve, manage, and distribute the proceeds of the former trust share set aside for the beneficiary in accordance with the provisions as set forth above.

In determining whether the existence of the trust share has the effect of rendering the beneficiary ineligible to receive any governmental assistance benefits, my Trustee is hereby granted full and complete discretion to initiate administrative or judicial proceedings for the purpose of determining eligibility. All costs related thereto, including reasonable attorney's fees, shall be a proper charge to the trust share of the beneficiary.

### d.    Death of a Beneficiary

If a beneficiary should die before the complete distribution of his or her trust share, the trust shall terminate and all of the trust property shall be distributed pursuant to the trust share for the benefit of that beneficiary established in Article Twelve of this agreement.

If there is no such trust share established for that beneficiary under this agreement, all of the trust property shall be distributed to such persons, corporations, or other entities, including the beneficiary's own estate, in the manner in which the beneficiary shall elect.

This general power of appointment must be exercised by the beneficiary by either a valid living trust or last will and testament, either of which specifically refers to this power of appointment.

14-5

To the extent this general power of appointment is not exercised, my Trustee shall distribute the remaining trust property to the then living descendants of the beneficiary, per stirpes.

If the beneficiary has no then living descendants, my Trustee shall distribute the balance of the trust property to my then living descendants, per stirpes.

If I have no then living descendants, my Trustee shall distribute the remaining trust property as provided in Article Thirteen of this agreement.

## Section 4.    Application to the Trustmaker or the Trustmaker's Spouse

Notwithstanding anything in this agreement to the contrary, in no event shall this Article apply to the Trustmaker or the Trustmaker's spouse.

14-6

# Article Fifteen

# The Resignation, Replacement, and Succession of My Trustees

## Section 1.    The Resignation of a Trustee

Any Trustee may resign by giving thirty days' written notice to me or to my legal representative. If I am not living, the notice shall be delivered to the Trustee, if any, and to all of the beneficiaries then eligible to receive mandatory or discretionary distributions of net income from any trust created under this agreement.

If a beneficiary is a minor or is legally incapacitated, the notice shall be delivered to that beneficiary's guardian or other legal representative.

## Section 2.    The Removal of a Trustee

Any Trustee may be removed by me, my spouse, my children, or my other beneficiaries as follows:

### a.    Removal by Me

I reserve the right to remove any Trustee at any time.

### b.    Removal by My Other Beneficiaries

After my death, a majority of the beneficiaries in interest then eligible to receive mandatory or discretionary distributions of net income under this agreement may remove any Trustee.

### c.    Notice of Removal

Neither I, nor any of my beneficiaries, need give any Trustee being removed any reason, cause, or ground for such removal.

Notice of removal shall be effective when made in writing by either:

Personally delivering notice to the Trustee and securing a written receipt, or

Mailing notice in the United States mail to the last known address of the Trustee by certified mail, return receipt requested.

15-1 √

## Section 3.   Replacement of Trustees

Trustees shall be replaced in the following manner:

### a.   The Death or Disability of a Cotrustee While I Am a Trustee

I may serve as a sole Trustee or I may name any number of Cotrustees to serve with me.  If a Cotrustee subsequently dies, resigns, becomes legally incapacitated, or is otherwise unable or unwilling to serve as a Cotrustee, I may or may not fill the vacancy, as I choose.

### b.   My Trustees upon My Disability

During any period that I am disabled, the following shall serve as my disability Trustees and  shall replace all of my initial Trustees:

JAMES VILUTIS<br>
And<br>
JOANNE VILUTIS

If the disability Trustee is unwilling or unable to serve, one or more of them has been found to be disabled according to Article Eighteen, Section 1.f. of this agreement, or cannot continue to serve for any other reason, then the following shall be named as successor disability Trustees in the order in which their names appear:

1. UBS WEALTH MANAGEMENT / COMERICA BANK

### c.   My Trustees upon My Death

On my death, UBS WEALTH MANAGEMENT / COMERICA BANK acting as my death Trustee shall replace all of my initial Trustees, if they are then serving, or all of the disability Trustees, if they are then serving.

### d.   Successor Trustees

If a successor Trustee is unwilling or unable to serve during the period in which I am disabled or after my death, the next following successor Trustee shall serve until the successor Trustees so named have been exhausted.

A Trustee may be listed more than once in this Section or an initial Trustee may also be named as a disability Trustee or a Trustee who will serve upon my death.  Naming a Trustee more than once is done as a convenience only and is not to be construed as a termination of that Trustee's trusteeship.

15-2

### e.    Unfilled Trusteeship

In the event no named Trustees are available, a majority of the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement shall forthwith name a corporate fiduciary.

If a majority of the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement cannot agree on a corporate fiduciary, any beneficiary can petition a court of competent jurisdiction, ex parte, to designate a corporate fiduciary as a Trustee.

The court that designates the successor Trustee shall not acquire any jurisdiction over any trust created under this agreement, except to the extent necessary to name a corporate fiduciary as a successor Trustee.

## Section 4.    The Minimum Number of Trustees

If a corporate fiduciary is serving as a Trustee for any trust created under this agreement, it may serve alone.  If no corporate fiduciary is serving as a Trustee, there must be at all times a minimum of two individual Trustees, unless I am serving as the sole Trustee.

If at any time there is only one individual Trustee serving as a Trustee, other than me, and no additional successor Trustees are named in this agreement, the sole remaining individual Trustee shall forthwith notify the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement that they must name a corporate fiduciary to act as a Cotrustee in accordance with the procedures set forth in Section 3.e. of this Article. If the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement cannot agree on a corporate fiduciary, any beneficiary can petition a court of competent jurisdiction, ex parte, to designate a corporate fiduciary as Cotrustee.

The court that designates the successor Cotrustee shall not acquire any jurisdiction over any trust created under this agreement, except to the extent necessary to name a corporate fiduciary as a successor Cotrustee.

## Section 5.    Corporate Fiduciaries

Any corporate fiduciary named in this trust agreement or appointed by a court of competent jurisdiction as a Trustee must be a bank or trust company situated in the United States having trust powers under applicable federal or state law.

Such fiduciary shall have a combined capital and surplus of at least 1 million dollars.

15-3

## Section 6.    Powers and Liabilities of Successor Trustee

Any successor Trustee, whether corporate or individual, shall have all of the rights, powers, and privileges, and be subject to all of the obligations and duties, both discretionary and ministerial, as given to the original Trustees.

Any successor Trustee shall be subject to any restrictions imposed on the original Trustees.  No successor Trustee shall be required to examine the accounts, records, and acts of any previous Trustees.          .

No successor Trustee shall in any way be responsible for any act or omission to act on the part of any previous Trustees.

## Section 7.    Qualified Domestic Trust

Whenever my spouse is not a citizen of the United States after my death, I direct that at least one Trustee of my Trust shall be an individual citizen of the United States or a domestic corporation. I also direct that all provision of my Trust be administered in compliance with Internal Revenue Code §2056 and/or §2056A.

My Trustee is specifically directed to interpret and administer my Trust in such a way as to comply with all requirements of Internal Revenue Code §2056 and/or §2056A and Treasury Regulations as are promulgated by the Secretary of the Treasury.  If it is determined that any provision of my Trust would bring a federal estate taxation prior to the death of the surviving spouse, said provision of my Trust shall be deemed void.  Any act by my Trustee which does not comply with such Statutes and Regulations shall be deemed to be void.

# Article Sixteen

# General Matters and Instructions
# with Regard to the Trusteeship

## Section 1.    Use of "Trustee" Nomenclature

As used throughout this agreement, the word "Trustee" shall refer to the initial Trustee as well as any single, additional, or successor Trustee. It shall also refer to any individual, corporation, or other entity acting as a replacement, substitute, or added Trustee.

## Section 2.    No Requirement to Furnish Bond

My Trustee shall not be required to furnish any bond for the faithful performance of its duties.

If a bond is required by any law or court of competent jurisdiction, it is my desire that no surety be required on such bond.

## Section 3.    Court Supervision Not Required

All trusts created under this agreement shall be administered free from the active supervision of any court.

Any proceedings to seek judicial instructions or a judicial determination shall be initiated by my Trustee in the appropriate state court having original jurisdiction of those matters relating to the construction and administration of trusts.

## Section 4.    My Trustee's Responsibility to Make Information Available to Beneficiaries

My Trustee shall report, at least semiannually, to the beneficiaries then eligible to receive mandatory or discretionary distributions of the net income from the various trusts created in this agreement all of the receipts, disbursements, and distributions occurring during the reporting period along with a complete statement of the trust property.

The trust's books and records along with all trust documentation shall be available and open at all reasonable times to the inspection of the trust beneficiaries and their representatives. My Trustee shall not be required to furnish trust records or documentation to any individual, corporation, or

other entity that is not a beneficiary, does not have the express written approval of a beneficiary, or is not requesting such pursuant to a court order.

## Section 5.    Delegation among the Trustees

Any Trustee may delegate to any other Trustee the power to exercise any or all powers granted my Trustee in this agreement, including those which are discretionary, if allowed by law.

My delegating Trustee may revoke any such delegation at will.

The delegation of any such power, as well as the revocation of any such delegation, shall be evidenced by an instrument in writing executed by the delegating Trustee.

As long as any such delegation is in effect, any of the delegated powers may be exercised by the Trustee receiving such delegation with the same force and effect as if the delegating Trustee had personally joined in the exercise of such power.

For purposes of this Section, a delegation with regard to the management of a particular investment account may be indicated by the signature of the delegating Trustee on appropriate signature authorization forms. The signature authorization forms shall satisfy the requirement of "an instrument in writing" under this Section.

## Section 6.    Utilization of Substitute Trustee

If any Trustee is unwilling or unable to act as to any trust property, my Trustee shall designate, in writing, an individual, bank trust department, or trust company to act as a substitute Trustee with regard to such property.

The property being administered by the substitute Trustee, as well as the net income therefrom, shall be distributed or remitted as directed by the delegating Trustee consistent with the terms of this agreement.

Each substitute Trustee shall exercise all of the fiduciary powers granted by this agreement unless expressly limited by the delegating Trustee in the instrument appointing such substitute Trustee, or by any provision within this Section.

Any substitute Trustee may resign at any time by delivering written notice to my Trustee to that effect.

16-2

## Section 7.    Trustee's Fee

My Trustee shall be entitled to fair and reasonable compensation for the services it renders as a fiduciary. The amount of compensation shall be an amount equal to the customary and prevailing charges for services of a similar nature during the same period of time and in the same geographic locale.

My Trustee shall be reimbursed for the reasonable costs and expenses incurred in connection with its fiduciary duties under this agreement.

## Section 8.    A Majority of Trustees Required to Control

Except as otherwise provided in this agreement, when more than two Trustees are acting, the concurrence and joinder of a majority of my Trustees shall control in all matters pertaining to the administration of any trust created under this agreement. If only two Trustees are acting, the concurrence and joinder of both shall be required.

Despite any conflicting provision in my trust, if at any time any person shall serve with my spouse as disability Cotrustee or as Cotrustee of the Marital Trust with my spouse, the opinion of my spouse shall control in the event of disagreement. Any such person may be absolved from personal liability by complying with the procedure set out in the following paragraph.

When more than two Trustees are acting, any dissenting or abstaining Trustee may be absolved from personal liability by registering a written dissent or abstention with the records of the trust; the dissenting Trustee shall thereafter act with the other Trustees in any manner necessary or appropriate to effectuate the decision of the majority.

In order to facilitate transaction of business the concurrence and joinder of a Trustee under this Section may be indicated as to actions taken with regard to a particular investment account by the Trustee's signature on appropriate signature authorization forms. The Trustee's signature authorizing another Trustee to act alone (through signature authority) on any investment account shall constitute that Trustee's concurrence and joinder with all actions taken regarding said account unless and until the signature authorization form is changed or the financial institution is expressly notified in writing of a Trustee's withdrawal of concurrence.

## Section 9. Assistance In Making Investment Decisions

In all matters concerning the investment of funds entrusted to my Trustee, I direct that my Trustee consult regularly with an investment advisor such matters. Such consultation shall be advisory in nature. The investment advisor shall have no discretionary control over the funds entrusted to my Trustee, and my Trustee shall make all final decisions regarding investment matters without the necessity of agreement with, or consent of, the investment advisor. I have listed all pertinent information regarding my investment advisor in my Estate Planning Portfolio for the convenience of my Trustee.

16-3

## Section 10. Assistance In Tax Matters

In all tax matters concerning the funds entrusted to my Trustee, I direct that my Trustee consult regularly with a CPA regarding such matters. Such consultation shall be advisory in nature. The CPA shall have no discretionary control over the funds entrusted to my Trustee, and my Trustee shall make all final decisions regarding tax matters without the necessity of agreement with, or consent of, a CPA. I have listed all pertinent information regarding my CPA in my Estate Planning Portfolio for the convenience of my Trustee.

## Section 11.  Successor Corporate Fiduciaries

If any bank or trust company ever succeeds to the trust business of any corporate fiduciary serving as a Trustee under this agreement, whether because of a name change or any other form of reorganization, or if such corporate fiduciary ever transfers all of its existing business to any other bank or trust company, the successor shall thereupon, without any action being required, succeed to the trusteeship as if originally named.

## Section 12.  Early Termination of Trusts Based on Cost

If my Trustee, other than my spouse acting as a Trustee, shall determine, in its sole and absolute discretion, that any trust created under this agreement has become uneconomical to administer due to the high cost of administration relative to the value of the trust property, my Trustee may terminate such trust or trusts and distribute the trust property, including any accrued but undistributed net income, in the following order:

To me if I am then living.

To my spouse, if a beneficiary of the trust.

To the beneficiaries then entitled to receive discretionary payments of income of the trust, per stirpes.

If my Trustee, other than my spouse acting as a Trustee, shall determine, in its sole and absolute discretion, that any trust which has been terminated under this section has become economical to administer, my Trustee may restore such terminated trust or trusts under the same terms and conditions as the original trust.

I highly recommend that my Trustee consult with my estate planning attorney, my CPA, and my investment advisor regarding the termination of any trust share prior to making that termination.

16-4

## Section 13.  Generation-Skipping Tax Provisions

In order to minimize the impact of any generation-skipping tax that may be applied to any of the trusts created by this agreement or their beneficiaries, my Trustee, in its sole and absolute discretion, is authorized to take the following actions:

### a.    Division into Exempt and Nonexempt Trusts

If any trust created under this agreement would be partially exempt from generation-skipping tax by reason of an allocation of a generation-skipping tax exemption to it, prior to such allocation my Trustee may divide the total trust assets into two separate trust shares of equal or unequal value, to permit allocation of the exemption solely to one trust share (the "exempt trust").  The exempt trust shall consist of a fractional interest of the total trust assets in an amount necessary to cause the exempt trust to be entirely exempt from generation-skipping tax.  The other trust share (the "nonexempt trust") shall consist of the remaining fractional interest of the total trust assets.  For purposes of this allocation, asset values as finally determined for federal estate tax purposes shall be used.

### b.    Additions to a Separate Trust

If a trust under this agreement, whether created under this Section or not, is entirely exempt or nonexempt from generation-skipping tax and adding property to it would partially subject the trust to generation-skipping tax, my Trustee may hold that property in a separate trust in lieu of making the addition.

### c.    Terms of the Trusts

If my Trustee divides a trust into two separate trust shares or creates a separate trust for additions, the trusts or trust shares that result shall have the same terms and conditions as the original trust.  My Trustee shall not make discretionary distributions from the income or principal of the exempt trust to beneficiaries who are nonskip persons as long as any readily marketable assets remain in the nonexempt trust.

### d.    Allocation from an Exempt Trust First

Upon division or distribution of an exempt trust and a nonexempt trust, my Trustee may allocate property from the exempt trust first to a share from which a generation-skipping transfer is more likely to occur.

16-5

### e.    Taxable Distributions

If my Trustee considers that any distribution from a trust under this agreement, other than pursuant to a power to withdraw or appoint, is a taxable distribution subject to a generation-skipping tax payable by the beneficiary, my Trustee shall augment the distribution by an amount which my Trustee estimates to be sufficient to pay the tax and shall charge the same against the trust to which the tax relates.

### f.    Taxable Terminations

If my Trustee considers that any termination of an interest in trust property is a taxable termination subject to a generation-skipping tax, my Trustee shall pay the tax from the portion of the trust property to which the tax relates, without adjustment of the relative interests of the beneficiaries.

## Section 14.  Generation-Skipping Transfers

If any portion of my trust property is held or distributable under any provision of my trust in a manner that would cause a generation-skipping transfer (GST) tax to be incurred, then the following provisions of this Section shall apply to that share of the trust property.

Any beneficiary of my trust shall have the unlimited and unrestricted general power to appoint, by valid last will and testament or by a valid living trust agreement, any property remaining in the trust share the distribution of which would otherwise constitute a taxable generation-skipping transfer.

In exercising this general power of appointment, that beneficiary shall specifically refer to this power.  That beneficiary shall have the sole and exclusive right to exercise his or her general power of appointment.

This general power of appointment specifically grants to that beneficiary the right to appoint that share of my trust property to his or her own estate.  It also specifically grants to him or her the right to appoint the property among persons, corporations, or other entities in equal or unequal proportions, and on such terms and conditions, whether outright or in trust, as he or she may elect.

Any property in the trust share which is not distributed pursuant to the exercise of the general power of appointment or is not subject to such power because it is not taxable as a generation-skipping transfer shall be distributed according to the other provisions of my trust.

# Article Seventeen

# My Trustee's Administrative and Investment Powers

## Section 1.    Introduction to Trustee's Powers

Except as otherwise provided in this agreement, my Trustee shall have both the administrative and investment powers enumerated under this Article and any other powers granted by law with respect to the various trusts created by this agreement.

## Section 2.    Powers to Be Exercised in the Best Interests of the Beneficiaries

My Trustee shall exercise the following administrative and investment powers without the order of any court, as my Trustee determines in its sole and absolute discretion to be in the best interests of the beneficiaries.

Notwithstanding anything to the contrary in this agreement, my Trustee shall not exercise any power in a manner inconsistent with the beneficiaries' right to the beneficial enjoyment of the trust property in accordance with the general principles of the law of trusts.

## Section 3.    Authority to Employ Agents

My Trustee is authorized to employ attorneys, accountants, investment advisors, specialists and such other agents as my Trustee shall deem necessary and proper.  My Trustee shall have the authority to appoint an investment manager or managers to manage all or part of the assets of my Trust, and to delegate to said manager investment discretion.  Such appointment may include the power to acquire and dispose of Trust assets.  My Trustee may charge the compensation of such attorneys, accountants, investment advisors, investment managers, specialists and other agents and any other expenses against Trust property.

## Section 4.    Administrative and Investment Powers

My Trustee is hereby granted the following administrative and investment powers:

### a.    Agricultural Powers

My Trustee may retain, sell, acquire, and continue any farm or ranching operation whether as a sole proprietorship, partnership, limited liability company, or corporation.

My Trustee may engage in the production, harvesting, and marketing of both farm and ranch products either by operating directly or with management agencies, hired labor, tenants, or sharecroppers.

My Trustee may engage and participate in any government farm program, whether state or federally sponsored.

My Trustee may purchase or rent machinery, equipment, livestock, poultry, feed, and seed.

My Trustee may improve and repair all farm and ranch properties; construct buildings, fences, and drainage facilities; acquire, retain, improve, and dispose of wells, water rights, ditch rights, and priorities of any nature.

My Trustee may, in general, do all things customary or desirable to operate a farm or ranch operation for the benefit of the beneficiaries of the various trusts created under this agreement.

### b.    Business Powers

My Trustee may retain and continue any business in which I have or had an interest as a shareholder, partner, sole proprietor, or as a participant in a joint venture, even though that interest may constitute all or a substantial portion of the trust property.

My Trustee may directly participate in the conduct of any such business or employ others to do so on behalf of the beneficiaries.

My Trustee may execute partnership agreements, limited liability company operating agreements, buy-sell agreements, and any amendments to them.

My Trustee may participate in the incorporation of any trust property; any corporate reorganization, merger, consolidation, recapitalization, liquidation, dissolution; or any stock redemption or cross purchase buy-sell agreement.

My Trustee may hold the stock of any corporation as trust property, and may elect or employ directors, officers, employees, and agents and compensate them for their services.

My Trustee may sell or liquidate any business interest that is part of the trust property.

My Trustee may carry out the provisions of any agreement entered into by me for the sale of any business interest or the stock thereof.

My Trustee may exercise all of the business powers granted in this agreement regardless of whether my Trustee is personally interested or an involved party with respect to any business enterprise forming a part of the trust property.

### c.    Environmental Powers

My Trustee shall have the power to inspect any trust property to determine compliance with any environmental law affecting such property or to respond to any environmental law affecting property held by my Trustee. "Environmental Law" shall mean any federal, state, or local law, rule, regulation, or ordinance relating to protection of the environment or of human health.

My Trustee shall have the power to refuse to accept property if my Trustee determines that there is a substantial risk that such property is contaminated by any hazardous substance or has previously, or is currently, being used for any activities directly or indirectly involving hazardous substances which could result in liability to the trust assets. "Hazardous substance" shall mean any substance defined as hazardous or toxic by any federal, state, or local law, rule, regulation, or ordinance.

My Trustee shall have the power to take any necessary action to prevent, abate, clean up or otherwise respond to any actual or threatened violation of any environmental law affecting trust property prior to or after the initiation or enforcement of any action by any governmental body.

My Trustee may disclaim or release any power granted to it or implied by any document, statute, or rule of law which the Trustee determines may cause the Trustee to incur liability under any environmental law.

My Trustee may charge the cost of any inspection, review, prevention, abatement, response, cleanup, or remedial action authorized under this power against the trust property.

My Trustee shall not be liable to any beneficiary or to any other party for any decrease in value of the trust property by reason of my Trustee's compliance with any environmental law, specifically including any reporting requirement under such law.

### d.   Common Fund Powers

For the purpose of convenience with regard to the administration and investment of the trust property, my Trustee may hold the several trusts created under this agreement as a common fund.

My Trustee may make joint investments with respect to the funds comprising the trust property.

My Trustee may enter into any transaction authorized by this Article with fiduciaries or other trusts or estates in which any beneficiary hereunder has an interest, even though such fiduciary is also a Trustee under this agreement.

### e.   Compensation Powers

My Trustee shall pay from income or principal all of the reasonable expenses attributable to the administration of the respective trusts created in this agreement.

My Trustee shall pay itself reasonable compensation for its services as fiduciary as provided in this agreement, and shall reasonably compensate those persons employed by my Trustee, including agents, auditors, accountants, and attorneys.

### f.   Distribution Powers

My Trustee is specifically authorized to make divisions and distributions of the trust property either in cash or in kind, or partly in cash and partly in kind, or in any proportion it deems advisable.

My Trustee shall be under no obligation or responsibility to make pro rata divisions and distributions in kind.

My Trustee may allocate specific property to any beneficiary or share although the property may differ in kind from the property allocated to any other beneficiary or share.

The foregoing powers may be exercised regardless of the income tax basis of any of the property.

### g.   Funeral and Burial Expenses

My Trustee may in its sole discretion pay the funeral and burial expenses, cremation expenses, expenses of the last illness, and valid claims and expenses of an income beneficiary of any trust created under this agreement.

Funeral and burial expenses shall include, but not be limited to, the cost of memorials of all types and memorial services of such kind as my Trustee shall approve. Valid claims and expenses shall include, but not be limited to, all state and federal death taxes.

The payments shall be paid from the assets of the trust or trusts from which the beneficiary was receiving income.

**h.    Income and Principal Powers**

My Trustee may determine in a fair, equitable, and practical manner how all Trustee's fees, disbursements, receipts, and wasting assets shall be credited, charged, or apportioned between principal and income.

My Trustee may set aside from trust income reasonable reserves for taxes, assessments, insurance premiums, repairs, depreciation, obsolescence, depletion, and for the equalization of payments to or for the beneficiaries; it may select any and all accounting periods with regard to the trust property.

**i.    Investment Powers in General**

My Trustee may invest and reinvest in such classes of mutual funds, stocks, bonds, certificates of deposit, securities, commodities, options, metals, rare coins, bullion, or other property, real or personal, as it shall determine.

My Trustee may invest in investment trusts as well as in common trust funds.

My Trustee may purchase life, annuity, accident, sickness, disability, property and casualty, professional liability, and medical insurance on the behalf of and for the benefit of any trust beneficiary.

**j.    Life Insurance Powers**

My Trustee shall have the powers with regard to life insurance as set forth in this Paragraph j., except as otherwise provided in this agreement.

My Trustee may purchase, accept, hold, and deal with as owner policies of insurance on my life, the life of any trust beneficiary, or on the life of any person in whom any trust beneficiary has an insurable interest.

My Trustee shall have the power to execute or cancel any automatic premium loan agreement with respect to any policy, and shall have the power to elect or cancel any automatic premium loan provision in a life insurance policy.

My Trustee may borrow money with which to pay premiums due on any policy either from the company issuing the policy or from any other source and may assign any such policy as security for the loan.

My Trustee shall have the power to exercise any option contained in a policy with regard to any dividend or share of surplus apportioned to the policy, to reduce the amount of a policy or convert or exchange the policy, or to surrender a policy at any time for its cash value.

My Trustee may elect any paid-up insurance or any extended-term insurance nonforfeiture option contained in a policy.

My Trustee shall have the power to sell policies at their fair market value to the insured or to anyone having an insurable interest in the policies.

My Trustee shall have the right to exercise any other right, option, or benefit contained in a policy or permitted by the insurance company issuing that policy.

My Trustee shall have the right to enter into viatical settlement agreements with regard to any policy.

Upon termination of any trust created under this agreement, my Trustee shall have the power to transfer and assign the policies held by the trust as a distribution of trust property.

### k.    Loan, Borrowing, and Encumbrance Powers

My Trustee may loan money to any person, including a beneficiary, with or without interest, on any term or on demand, with or without collateral, as it deems in the best interests of the trust beneficiaries.

My Trustee may borrow money upon such terms and conditions as it shall deem advisable, including, in the case of a corporate fiduciary, the power to borrow from its own banking or commercial department.

My Trustee shall have the power to obligate the trust property for the repayment of any sums borrowed where the best interests of the beneficiaries have been taken into consideration.

My Trustee shall have the power to encumber the trust property, in whole or in part, by a mortgage or mortgages, deeds of trust, or by pledge, hypothecation or otherwise, even though such encumbrance may continue to be effective after the term of any trust or trusts created in this agreement.

## l.    Margin, Brokerage, and Bank Account Powers

My Trustee is authorized to buy, sell, and trade in securities of any nature, including short sales, on margin, covered and uncovered put and call equity options, index options, futures contracts, and financial derivatives.

My Trustee may maintain and operate margin accounts with brokers, and may pledge any securities held or purchased by my Trustee with such brokers as security for loans and advances made to my Trustee.

My Trustee is authorized to establish and maintain bank accounts of all types in one or more banking institutions that my Trustee may choose. My Trustee may open such accounts in the name of the Trustee, or in the name of the trust. Where an account is in the name of the trust, checks on that account, and authorized signatures, need not disclose the fiduciary nature of the account or refer to any trust or Trustee.

My Trustee may retain, exercise, or sell rights of conversion or subscription with respect to any securities held as part of the trust property. My Trustee may vote or refrain from voting at corporate meetings either in person or by proxy, whether general or limited, and with or without substitution.

## m.    Mortgage Powers

My Trustee shall have the power to enter into any mortgage whether as a mortgagee or mortgagor, to purchase mortgages on the open market, and to otherwise buy, sell, or trade in first or subordinate mortgages.

My Trustee may reduce the interest rate on any mortgage and consent to the modification or release of any guaranty of any mortgage.

My Trustee may continue mortgages upon and after maturity with or without renewal or extension, and may foreclose any mortgage. My Trustee may purchase the mortgaged property or acquire it by deed from the mortgagor without foreclosure.

## n.    Nominee Powers

My Trustee may hold any trust property in the name of my Trustee, or in the name of a nominee, and may enter into agreements to facilitate holding such property. My Trustee may accomplish such with or without disclosing its fiduciary capacity.

**o.    Nonproductive Property**

My Trustee may hold property which is non-income producing or is otherwise nonproductive if the holding of such property is, in the sole and absolute discretion of my Trustee, in the best interests of the beneficiaries.

**p.    Oil, Gas, Coal, and Other Mineral Powers**

My Trustee may do all things necessary to maintain in full force and effect any oil, gas, coal, or other mineral interests comprising part or all of the trust property.

My Trustee may purchase additional oil, gas, coal, and other mineral interests when necessary or desirable to effect a reasonable plan of operation or development with regard to the trust property.

My Trustee may buy or sell undivided interest in oil, gas, coal, and other mineral interests, and may exchange any of such interests for interests in other properties or for services.

My Trustee may execute oil, gas, coal, and other mineral leases on such terms as my Trustee may deem proper, and may enter into pooling, unitization, repressurization, and other types of agreements relating to the development, operation, and conservation of mineral properties.

Any lease or other agreement may have a duration that my Trustee deems reasonable, even though extending beyond the duration of any trust created in this agreement.

My Trustee may execute division orders, transfer orders, releases, assignments, farmouts, and any other instruments which it deems proper.

My Trustee may drill, test, explore, mine, develop, and otherwise exploit any and all oil, gas, coal, and other mineral interests, and may select, employ, utilize, or participate in any business form, including partnerships, joint ventures, co-owners' groups, syndicates, and corporations, for the purpose of acquiring, holding, exploiting, developing, operating, or disposing of oil, gas, coal, and other mineral interests.

My Trustee may employ the services of consultants or outside specialists in connection with the evaluation, management, acquisition, disposition, or development of any mineral interest, and may pay the cost of such services from the principal or income of the trust property.

My Trustee may use the general assets of the trusts created under this agreement for the

17-8

purposes of acquiring, holding, managing, developing, pooling, unitizing, repressuring, or disposing of any mineral interest.

### q.   Powers of Attorney

My Trustee may execute, deliver, and grant to any individual or corporation a revocable or irrevocable power of attorney to transact any and all business on behalf of the various trusts created in this agreement.

The power of attorney may grant to the attorney-in-fact all of the rights, powers, and discretion that my Trustee could have exercised.

### r.   Powers to Merge Similar Trusts

My Trustee may merge and consolidate any trust created in this agreement with any other trust created by me, or any other person at any other time, if the other trust contains substantially the same terms for the same beneficiaries, and has at least one Trustee in common with the trust or trusts created in this agreement.

My Trustee may administer such merged and consolidated trusts as a single trust or unit. If, however, such a merger or consolidation does not appear feasible, as determined in the sole and absolute discretion of my Trustee, my Trustee may consolidate the assets of such trusts for purposes of investment and trust administration while retaining separate records and accounts for the respective trusts.

### s.   Powers of an Interested Trustee

An interested Trustee is any Trustee who has an interest as a beneficiary in this trust agreement or any trust created by it.  In all instances where an interested Trustee distributes, or participates in the distribution, of trust income or principal to or for the benefit of such Trustee, then the distribution shall be limited by the ascertainable standards of education, health, maintenance, and support.  Notwithstanding anything in this agreement to the contrary, in making such distributions, the interested Trustee shall not use discretion in applying those ascertainable standards.

The above paragraph shall apply unless any such distribution is limited by an ascertainable standard relating to the education, health, and maintenance of such individual Trustee.

No individual Trustee shall exercise or participate in the exercise of such discretionary power with respect to distributions to any person or persons such individual is legally obligated to support, as to that support obligation.

17-9

**t.    Powers of an Insured Trustee**

Any individual Trustee under this agreement, other than me, is prohibited from exercising any power conferred on the owner of any policy which insures the life of such individual Trustee and which is held as part of the trust property.

If my Trustee holds any such policy or policies as a part of the trust property, the powers conferred on the owner of such a policy shall be exercised only by the other then acting Trustee.

If the insured Trustee is the only then acting Trustee, then such powers shall be exercised by a substitute Trustee designated pursuant to the provisions of the agreement dealing with the trusteeship.

If any rule of law or court decision construes the ability of the insured Trustee to name a substitute Trustee as an incident of ownership, the substitution process shall be implemented by a majority of the then current mandatory and discretionary income beneficiaries, excluding the insured Trustee if the insured Trustee is a beneficiary.

**u.    Real Estate Powers**

My Trustee may purchase, sell, transfer, mortgage, exchange or otherwise acquire or dispose of any real estate.  This includes, but is not limited to, real property, single- or multiple-family houses, condominiums, apartments, co-op's, and time share units.

My Trustee may make leases and grant options to lease for any term, even though the term may extend beyond the termination of any trust created under this agreement.

My Trustee may grant or release easements and other interests with respect to real estate, enter into party wall agreements, execute estoppel certificates, may petition for a reduction in property taxes or assessments, and develop and subdivide any real estate.

My Trustee may dedicate parks, streets, and alleys or vacate any street or alley, and may construct, repair, alter, remodel, demolish, or abandon improvements.

My Trustee may elect to insure, as it deems advisable, all actions contemplated by this subsection.

My Trustee may take any other action reasonably necessary for the preservation of real estate and fixtures comprising a part of the trust property or the income therefrom.

**v.   S Corporation Stock**

If any stock of an S corporation becomes distributable to a trust created under this agreement, and such trust is not a qualified Subchapter S trust, my Trustee may implement any of the following alternatives with respect to the S corporation stock:

**1.   A Sole Beneficiary**

Where the original trust is for a sole beneficiary, my Trustee may create for that beneficiary a separate trust that qualifies as a Subchapter S trust, and then distribute such stock to the newly created trust.

**2.   Multiple Beneficiaries**

Where the original trust is for multiple beneficiaries, my Trustee may divide the trust into separate trusts for each of the beneficiaries. Each newly created trust shall hold that beneficiary's pro rata share of the S corporation stock, and shall qualify as a Subchapter S trust.

**3.   Outright Distribution**

If circumstances prevent my Trustee from accomplishing the first two alternatives under this paragraph, my Trustee may, in its sole and absolute discretion, distribute such stock to the beneficiaries as if the trust had terminated, while continuing to hold any other non-S corporation property in trust.

Each newly created S corporation trust shall have mandatory distributions of income and shall not provide for powers of appointment that can be exercised by the beneficiary during the beneficiary's lifetime. In all other respects, the newly created trusts shall be as consistent as possible with the original trusts and still qualify as Subchapter S trusts.

My Trustee may take any action necessary with regard to S corporations, including making any elections required to qualify stock as S corporation stock, electing to treat any trust as a Small Business Trust, and may sign all required tax returns and forms.

**w.   Sale, Lease, and Other Dispositive Powers**

My Trustee may sell, lease, transfer, exchange, grant options with respect to, or otherwise dispose of the trust property.

My Trustee may deal with the trust property at such time or times, for such purposes, for such considerations and upon such terms, credits, and conditions, and for such periods of time, whether ending before or after the term of any trust created under this

agreement, as it deems advisable.

My Trustee may make such contracts, deeds, leases, and any other instruments it deems proper under the immediate circumstances, and may deal with the trust property in all other ways in which a natural person could deal with his or her property.

**x.    Securities Powers**

In addition to those other securities powers granted throughout this Article, my Trustee may retain, exercise, or sell rights of conversion or subscription with respect to any securities held as part of the trust property.

My Trustee may vote or refrain from voting at corporate meetings either in person or by proxy, whether general or limited, and with or without substitutions.

**y.    Settlement Powers**

My Trustee may compromise, adjust, arbitrate, alter the terms of, or abandon any claim in favor of or against any trust created under this agreement, and may take deeds in lieu of foreclosure.

**z.    Trust Addition and Retention Powers**

My Trustee is authorized to receive additional trust property, whether by gift, will, or otherwise, from either me or any other person, corporation, or entity.

Upon receipt of any additional property, my Trustee shall administer and distribute the same as part of the trust property.

My Trustee may retain, without liability for depreciation or loss resulting from such retention, all property constituting the trust estate at the time of its creation or thereafter received from other sources.

The foregoing shall be acceptable even though such property may not be of the character prescribed by law for the investment of trust funds or may result in inadequate diversification of the trust property.

**aa.    Trustees' or Fiduciaries' Powers Acts**

In addition to all of the powers specifically granted my Trustee in this Article, my Trustee may exercise those powers set forth under the Trustees' or Fiduciaries' Powers Acts, or their equivalent, of the State of Illinois, together with any amendment to such laws.

My Trustee may perform every act reasonably necessary to administer each and every

share or trust created under this agreement. All of the powers granted to my Trustee in this Article shall be in addition to those powers conferred upon Trustees under all applicable state and federal statutes.

Each power conferred upon my Trustee under this Article, or upon Trustees in general, by applicable state or federal statutes, shall be subject to any express limitations or contrary directions contained in this agreement.

# Article Eighteen

# Definitions and General Provisions

## Section 1.    Definitions

For purposes of this agreement, the following words and phrases shall be defined as follows:

### a.    Adopted and Afterborn Persons

Persons who are legally adopted while they are under 18 years of age (and not those persons adopted after attaining 18 years of age) shall be treated for all purposes under this agreement as though they were the naturally born children of their adopting parents.

A child in gestation who is later born alive shall be considered a child in being throughout the period of gestation.

### b.    Descendants

A person's descendants shall include all of his or her lineal descendants through all generations.

A descendant in gestation who is later born alive shall be considered a descendant in being throughout the period of gestation.

An adopted person, and all persons who are the descendants by blood or by legal adoption while under the age of 18 years of such adopted person, shall be considered descendants of the adopting parents as well as the adopting parents' ancestors.

### c.    Per Stirpes Distributions

Whenever a distribution is to be made to a person's descendants, per stirpes:

The distributable assets are to be divided into as many shares as there are then living children of such person and deceased children of such person who left then living descendants.

Each then living child shall receive one share and the share of each deceased child shall be divided among such child's then living descendants in the same manner.

18-1

**d.   Education**

As used in this trust, "education" shall include:

> Any course of study or instruction at an accredited college or university granting undergraduate or graduate degrees.

> Any course of study or instruction at any institution for specialized, vocational, or professional training.

> Any curriculum offered by any institution that is recognized for purposes of receiving financial assistance from any state or federal agency or program.

> Any course of study or instruction which may be useful in preparing a beneficiary for any vocation consistent with the beneficiary's abilities and interests.

Distributions for education may include tuition, fees, books, supplies, living expenses, travel, and spending money to the extent that they are reasonable.

**e.   Personal Representative**

For the purposes of this agreement, the term "personal representative" shall include an executor, administrator, guardian, custodian, conservator, Trustee, or any other form of personal representative.

**f.   Disability**

Except as otherwise provided in this agreement, any individual, including a Trustee other than me, may be treated as disabled, incompetent, or legally incapacitated if:

> The individual has been declared or adjudicated as such by a court of competent jurisdiction, or

> A guardian, conservator, or other personal representative of such individual's person or estate has been appointed by a court of competent jurisdiction, or

> The individual has been certified as such in writing by at least two licensed physicians, or

> The individual has disappeared or is absent for unexplained reasons, or the individual is being detained under duress where the individual is unable to effectively manage his or her property or financial affairs, or

> The individual suffers from a drug, alcohol, chemical, gambling or other

dependency addiction, as certified in writing by my Trustee and at least one licensed physician. If the disability of a Trustee is in question, that individual Trustee shall not participate in the decision.

**g.    Primary Care Physician**

For the purposes of this agreement, the term "primary care physician" shall refer to the physician who maintains custody of the Trustmaker's permanent medical records.

## Section 2.    Dissolution of My Marriage

If my marriage to my spouse shall be dissolved at any time, my spouse shall cease to be a beneficiary under this agreement and shall be treated for purposes of interpreting this agreement as though my spouse predeceased me.

## Section 3.    The Rule Against Perpetuities

Any trust established pursuant to this agreement shall not be governed by the rule against perpetuities. Any such trust established shall be labeled a "qualified perpetual trust" pursuant to 765 ILCS 305/3 and 765 ILCS 305/4. Despite any conflicting provisions in this agreement, the Trustee, or any other person to whom the power is properly granted or delegated, shall have the power to sell, lease, or mortgage property for any period of time beyond the period of the rule against perpetuities. All provisions of such qualified perpetual trusts shall be construed liberally so as to meet the requirements set forth in the above-referenced statutes to effectively avoid application of the rule against perpetuities.

Any and all powers of appointment granted in this agreement shall include the ability to create a qualified perpetual trust as governed by 765 ILCS 305/3 and 765 ILCS 305/4. The exercise of this power would effectively exclude any trust established pursuant to this agreement from the rule of perpetuities. The exercise of this power would also give the Trustee, or any other person to whom the power is properly granted or delegated, the power to sell, lease, or mortgage property for any period of time beyond the period of the rule against perpetuities. All provisions of such qualified perpetual trusts shall be construed liberally so as to meet the requirements set forth in the above-referenced statutes to effectively avoid application of the rule against perpetuities.

## Section 4.    Protective Clause

To the fullest extent permitted by law, the interests of all the beneficiaries in the various trusts and trust property subject to this agreement, except for my interest therein while I am living, shall not be alienated, pledged, anticipated, assigned, or encumbered unless specifically authorized by the terms of this agreement.

Such interests, while they remain trust property, shall not be subject to legal process or to the claims of any creditors.

## Section 5.    Maintaining Property in Trust

If, on the termination of any separate trust created under this agreement, a final distribution is to be made to a beneficiary for whom my Trustee holds a trust created under this agreement, or for which language to create a trust is contained in this agreement, such distributions shall be added to such trust rather than being distributed.

## Section 6.    Survivorship Presumptions

If the order of my death and my spouse's death cannot be established by proof, my spouse shall be deemed to have survived me.

## Section 7.    Contest Clause

If any person, including a beneficiary, other than me, shall in any manner, directly or indirectly, attempt to contest or oppose the validity of this agreement, including any amendments thereto, or commences or prosecutes any legal proceedings to set this agreement aside, then in such event such person shall forfeit his or her share, cease to have any right or interest in the trust property, and shall be deemed to have predeceased me.

Should any person disclaim his or her interest, in whole or in part, in any trust created for his or her benefit in this trust agreement, the result of which would be for that person to receive trust property free of trust earlier than provided by the terms of the trust, then the disclaiming person shall forfeit his or her interest in the trust, shall cease to have any right or interest in the trust property, and shall be deemed to have predeceased me.

In the event my spouse successfully elects to take a statutory share of my estate as provided under state law, then my spouse's interest in this trust shall terminate and any property held in trust for the benefit of my spouse as provided in this agreement shall be held and distributed as though my spouse had predeceased me, notwithstanding any provision in this agreement to the contrary.

## Section 8.    Changing the Trust Situs

After my death, the situs of this agreement may be changed by the unanimous consent of all of the beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement.

If such consent is obtained, the beneficiaries shall notify my Trustee in writing of such change of

trust situs, and shall if necessary designate a successor corporate fiduciary in the new situs. This notice shall constitute removal of the current Trustee if appropriate, and any successor corporate Trustee shall assume its duties as provided under this agreement.

A change in situs under this Section shall be final and binding, and shall not be subject to judicial review.

## Section 9.    General Matters

The following general matters of construction shall apply to the provisions of this agreement:

### a.    Construction

Unless the context requires otherwise, words denoting the singular may be construed as denoting the plural, and words of the plural may be construed as denoting the singular. Words of one gender may be construed as denoting another gender as is appropriate within such context.

### b.    Headings of Articles, Sections, and Paragraphs

The headings of Articles, Sections, and Paragraphs used within this agreement are included solely for the convenience and reference of the reader. They shall have no significance in the interpretation or construction of this agreement.

### c.    Notices

All notices required to be given in this agreement shall be made in writing by either:

Personally delivering notice to the party requiring it, and securing a written receipt, or

Mailing notice by certified United States mail, return receipt requested, to the last known address of the party requiring notice.

The effective date of the notice shall be the date of the written receipt or the date of the return receipt, if received, or if not, the date it would have normally been received via certified mail, provided there is evidence of mailing.

### d.    Delivery

For purposes of this agreement "delivery" shall mean:

Personal delivery to any party, or
Delivery by certified United States mail, return receipt requested to the party

making delivery.

The effective date of delivery shall be the date of personal delivery or the date of the return receipt, if received, or if not, the date it would have normally been received via certified mail, provided there is evidence of mailing.

### e.    Applicable State Law

The validity of this trust shall be determined by reference to the laws of the State of Illinois.

Questions with regard to the construction and administration of the various trusts contained in this agreement shall be determined by reference to the laws of the state in which the trust is then currently being administered.

### f.    Duplicate Originals

This agreement may be executed in several counterparts; each counterpart shall be considered a duplicate original agreement.

### g.    Not Contractual

My spouse and I are executing our wills at or about the same time, but even though our wills are similar, they are not intended to be, and shall not be construed to be, contractual or reciprocal.

### h.    Severability

If any provision of this agreement is declared by a court of competent jurisdiction to be invalid for any reason, such invalidity shall not affect the remaining provisions of this agreement. The remaining provisions shall be fully severable, and this agreement shall be construed and enforced as if the invalid provision had never been included in this agreement.

I have executed this agreement the day and year first written above.

I certify that I have read my foregoing revocable living trust agreement, and that it correctly states the terms and conditions under which my trust property is to be held, managed, and disposed of by my Trustee. I approve this revocable living trust in all particulars, and request my Trustee to execute it.


_Eloise K. Hahn_
ELOISE K. HAHN, Trustmaker


_Eloise K. Hahn_
ELOISE K. HAHN, Trustee


STATE OF ILLINOIS                    )
                                     )   ss.
COUNTY OF LAKE                       )

The foregoing living trust agreement was acknowledged before me on May 12, 2004, by ELOISE K. HAHN, as Trustmaker and Trustee.

Witness my hand and official seal.

_____
Notary Public

"OFFICIAL SEAL"
Steven Peck
Notary Public, State of Illinois
My Commission Exp. 09/29/2007

CASE NO. _____ $O8 cv 3433$ _____

ATTACHMENT NO. _____ 1 _____

EXHIBIT _____

TAB (DESCRIPTION) _____

*Pour-Over Will*

The Pour-Over Will leaves property (which you haven't transferred into your trust during your life) to your trust after your death.

It functions as a "catch-all" to make sure that any property which you neglected to transfer into your trust during your life can be ultimately be managed by your Trustees pursuant to your instructions.

Your Pour-Over Will is also the place where you name guardians for your minor or disabled children.

This section contains a **copy** of your Pour-Over Will.  You should keep your original Pour-Over Will in your safe deposit box.

# Last Will

## of

# ELOISE K. HAHN

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, make this Will and revoke all of my prior wills and codicils.

## Article One

## My Family

I am married and my spouse's name is JOHN GAYNOR but we are in the process of divorce.

All references to "my spouse" in my Will are to him.

The names and birth dates of my children are:

GUSTAVE VON HAHN-POWELL, born January 5, 1986

LOUISE KATHLEEN HAHN, born December 21, 1990

All references to my children in my will are to these children, as well as any children subsequently born to me, or legally adopted by me prior to their attaining age 18.

## Article Two

## Guardians of My Children

If my spouse does not survive me, I appoint BENJAMIN HAHN to be the guardian of my minor children.

If BENJAMIN HAHN is unable or unwilling to serve, I appoint the following, in the order named, as my successor guardians:

1.  GUSTAVE VON HAHN-POWELL
2.  CYNTHIA SUSANNE HAHN

## Article Three

## Distribution of My Property

### Section 1.    Pour-Over to My Living Trust

All of my property of whatever nature and kind, wherever situated, shall be distributed to my revocable living trust.  The name of my trust is:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

### Section 2.    Alternate Disposition

If my revocable living trust is not in effect at my death for any reason whatsoever, then all of my property shall be disposed of under the terms of my revocable living trust as if it were in full force and effect on the date of my death.

### Section 3.    Testamentary Trust

If my spouse survives me, I authorize my personal representative to establish, with the assets of my probate estate, if any, or with any property distributed to my personal representative from my Trustee, a testamentary trust (or trusts) for the benefit of my spouse and my other beneficiaries under the same terms and conditions of my revocable living trust as it exists at the date of my death.  I appoint the Trustee and successor Trustee named in my revocable living trust as the Trustee and successor Trustee of my testamentary trust(s).  The Trustee of my testamentary trust(s) shall have all the administrative and investment powers given to my Trustee in my revocable living trust and any other powers granted by law.

My Trustee shall be under no obligation to distribute such property directly to my personal representative, but rather may distribute such property directly to the Trustee of any testamentary trust(s) created, or deemed to have been created, under this Will.  Any property distributed to my testamentary trust by the Trustee of my revocable living trust shall be distributed by the Trustee of my testamentary trust(s) in accordance with the terms and conditions of my revocable living trust as it existed on the date of my death.

# Article Four

## Powers of My Personal Representative

My personal representative shall have the power to perform all acts reasonably necessary to administer my estate, as well as any powers set forth in the statutes in the State of Illinois relating to the powers of fiduciaries.

# Article Five

## Payment of Expenses and Taxes and Tax Elections

## Section 1.    Cooperating with the Trustee of My Living Trust

I direct my personal representative to consult with the Trustee of my revocable living trust to determine whether any expense or tax shall be paid from my trust or from my probate estate.

## Section 2.    Tax Elections

My personal representative, in its sole and absolute discretion, may exercise any available elections with regard to any state or federal tax laws.

My personal representative, in its sole and absolute discretion, may elect to have all, none, or part of the property comprising my estate for federal estate tax purposes qualify for the federal estate tax marital deduction as qualified terminable interest property under Section 2056(B)(7) of the Internal Revenue Code.

My personal representative shall not be liable to any person for decisions made in good faith under this Section.

## Section 3.    Apportionment

All expenses and claims and all estate, inheritance, and death taxes, excluding any generation-skipping transfer tax, resulting from my death and which are incurred as a result of property passing under the terms of my revocable living trust or through my probate estate shall be paid without apportionment and without reimbursement from any person.  However, expenses and claims, and all estate, inheritance, and death taxes assessed with regard to property passing outside of my revocable living trust or outside of my probate estate, but included in my gross estate for federal estate tax purposes, shall be chargeable against the persons receiving such property.

Page 3

Notwithstanding the above, any generation skipping transfer tax imposed by Chapter 13 of the Internal Revenue Code, and any such generation skipping transfer tax imposed by state, county, district, or territory attributable to property passing under my will or my revocable living trust at my death or thereafter, shall be charged to and paid from the property or persons from which such tax is due by law, and no other part of my probate estate or revocable living trust shall be chargeable with any such tax except and to the extent that it is chargeable with such by law.

I direct that all death taxes, other than generation skipping taxes, occasioned or payable by reason of my death and which are attributable to the assets held in any trust established by my spouse for my benefit shall be paid from the principal of my residuary estate, provided, however, that such tax shall not be so paid and shall instead be paid from such trust if (1) the payment of death taxes attributable to the trust would be treated as a constructive addition to that trust and (2) such constructive addition is not sheltered from the federal generation skipping transfer tax by an allocation of my federal generation skipping transfer tax exemption to the constructive addition. Such tax, if paid hereunder, shall equal the amount by which the federal estate tax (or other death tax) in my estate exceeds the total such tax that would have been payable in my estate if no part of the value of such trust had been included in my gross estate for purposes of the federal estate tax (or other death tax). If paid by the trust, the Trustee may pay such taxes directly or to the personal representative of my estate.

## Article Six

## Appointment of My Personal Representative

I appoint LOUISE KATHLEEN HAHN, if she is then or thereafter becomes 18 years old, to be my personal representative.

If LOUISE KATHLEEN HAHN cannot act, or is unwilling to act, I appoint, in the order named, the following successor personal representatives:

1. STEVEN H. PECK
2. KEVIN WILLIS
3. BENJAMIN HAHN
4. UBS WEALTH MANAGEMENT / COMERICA BANK

I direct that my personal representatives not be required to furnish bond, surety, or other security.

IN WITNESS WHEREOF, I, ELOISE K. HAHN, have initialed all of the pages of this Will, and sign, execute and subscribe my name to this Will on May 12, 2004.

_Eloise K. Hahn_
ELOISE K. HAHN

The foregoing Will was, on the day and year written above, signed, sealed, subscribed, published and declared by ELOISE K. HAHN in our presence to be her Will. We, in her presence and at her request, and in the presence of each other, have attested the same and have signed and subscribed our names as attesting witnesses and have initialed each page.

We declare that at the time of our attestation of this Will, ELOISE K. HAHN was, according to our best knowledge and belief, of sound mind and memory and under no undue duress or constraint.

WITNESS Katherine Lucas

Address:

300 Saunders Road #100
Riverwoods, Illinois 60015

WITNESS SAMEER CHHABRIA

Address:

300 SAUNDERS RD.
RIVERWOODS IL 60015

_EKH_ Page 5

STATE OF ILLINOIS            )
                            )   ss.
COUNTY OF LAKE              )


We, ELOISE K. HAHN, the Testatrix, and the attesting witnesses, respectively, whose names are signed to the foregoing Will, having been sworn, certify, declare and state on oath that each of us were present and saw the Testatrix, in our presence, sign the instrument as her last Will, of which this affidavit is a part, that she signed, and that each of the witnesses, in the presence of the Testatrix and in the presence of each other, signed the Will as a witness; that the Will was attested by each of the witnesses in the presence of the Testatrix; and that each of the witnesses believed ELOISE K. HAHN to be of sound mind and memory at the time of signing.


_____
ELOISE K. HAHN

_____                    _____
WITNESS                                            WITNESS


Subscribed and sworn before me by ELOISE K. HAHN, the Testatrix, and by the witnesses, on May 12, 2004.

_____
Notary Public

My commission expires:

_____

"OFFICIAL SEAL"
Steven Peck
Notary Public, State of Illinois
My Commission Exp. 09/29/2007

Page 6

# Last Will

# of

# ELOISE K. HAHN

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, make this Will and revoke all of my prior wills and codicils.

## Article One

## My Family

I am married and my spouse's name is JOHN GAYNOR but we are in the process of divorce.

All references to "my spouse" in my Will are to him.

The names and birth dates of my children are:

GUSTAVE VON HAHN-POWELL, born January 5, 1986

LOUISE KATHLEEN HAHN, born December 21, 1990

All references to my children in my will are to these children, as well as any children subsequently born to me, or legally adopted by me prior to their attaining age 18.

## Article Two

## Guardians of My Children

If my spouse does not survive me, I appoint BENJAMIN HAHN to be the guardian of my minor children.

If BENJAMIN HAHN is unable or unwilling to serve, I appoint the following, in the order named, as my successor guardians:

_____ _____                                          _____ Page 1

1.  GUSTAVE VON HAHN-POWELL
2.  CYNTHIA SUSANNE HAHN

## Article Three

## Distribution of My Property

### Section 1.    Pour-Over to My Living Trust

All of my property of whatever nature and kind, wherever situated, shall be distributed to my revocable living trust.  The name of my trust is:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

### Section 2.    Alternate Disposition

If my revocable living trust is not in effect at my death for any reason whatsoever, then all of my property shall be disposed of under the terms of my revocable living trust as if it were in full force and effect on the date of my death.

### Section 3.    Testamentary Trust

If my spouse survives me, I authorize my personal representative to establish, with the assets of my probate estate, if any, or with any property distributed to my personal representative from my Trustee, a testamentary trust (or trusts) for the benefit of my spouse and my other beneficiaries under the same terms and conditions of my revocable living trust as it exists at the date of my death.  I appoint the Trustee and successor Trustee named in my revocable living trust as the Trustee and successor Trustee of my testamentary trust(s).  The Trustee of my testamentary trust(s) shall have all the administrative and investment powers given to my Trustee in my revocable living trust and any other powers granted by law.

My Trustee shall be under no obligation to distribute such property directly to my personal representative, but rather may distribute such property directly to the Trustee of any testamentary trust(s) created, or deemed to have been created, under this Will.  Any property distributed to my testamentary trust by the Trustee of my revocable living trust shall be distributed by the Trustee of my testamentary trust(s) in accordance with the terms and conditions of my revocable living trust as it existed on the date of my death.

# Article Four

## Powers of My Personal Representative

My personal representative shall have the power to perform all acts reasonably necessary to administer my estate, as well as any powers set forth in the statutes in the State of Illinois relating to the powers of fiduciaries.

# Article Five

## Payment of Expenses and Taxes and Tax Elections

## Section 1.    Cooperating with the Trustee of My Living Trust

I direct my personal representative to consult with the Trustee of my revocable living trust to determine whether any expense or tax shall be paid from my trust or from my probate estate.

## Section 2.    Tax Elections

My personal representative, in its sole and absolute discretion, may exercise any available elections with regard to any state or federal tax laws.

My personal representative, in its sole and absolute discretion, may elect to have all, none, or part of the property comprising my estate for federal estate tax purposes qualify for the federal estate tax marital deduction as qualified terminable interest property under Section 2056(B)(7) of the Internal Revenue Code.

My personal representative shall not be liable to any person for decisions made in good faith under this Section.

## Section 3.    Apportionment

All expenses and claims and all estate, inheritance, and death taxes, excluding any generation-skipping transfer tax, resulting from my death and which are incurred as a result of property passing under the terms of my revocable living trust or through my probate estate shall be paid without apportionment and without reimbursement from any person.  However, expenses and claims, and all estate, inheritance, and death taxes assessed with regard to property passing outside of my revocable living trust or outside of my probate estate, but included in my gross estate for federal estate tax purposes, shall be chargeable against the persons receiving such property.

Notwithstanding the above, any generation skipping transfer tax imposed by Chapter 13 of the Internal Revenue Code, and any such generation skipping transfer tax imposed by state, county, district, or territory attributable to property passing under my will or my revocable living trust at my death or thereafter, shall be charged to and paid from the property or persons from which such tax is due by law, and no other part of my probate estate or revocable living trust shall be chargeable with any such tax except and to the extent that it is chargeable with such by law.

I direct that all death taxes, other than generation skipping taxes, occasioned or payable by reason of my death and which are attributable to the assets held in any trust established by my spouse for my benefit shall be paid from the principal of my residuary estate, provided, however, that such tax shall not be so paid and shall instead be paid from such trust if (1) the payment of death taxes attributable to the trust would be treated as a constructive addition to that trust and (2) such constructive addition is not sheltered from the federal generation skipping transfer tax by an allocation of my federal generation skipping transfer tax exemption to the constructive addition. Such tax, if paid hereunder, shall equal the amount by which the federal estate tax (or other death tax) in my estate exceeds the total such tax that would have been payable in my estate if no part of the value of such trust had been included in my gross estate for purposes of the federal estate tax (or other death tax). If paid by the trust, the Trustee may pay such taxes directly or to the personal representative of my estate.

# Article Six

## Appointment of My Personal Representative

I appoint LOUISE KATHLEEN HAHN, if she is then or thereafter becomes 18 years old, to be my personal representative.

If LOUISE KATHLEEN HAHN cannot act, or is unwilling to act, I appoint, in the order named, the following successor personal representatives:

1. STEVEN H. PECK
2. KEVIN WILLIS
3. BENJAMIN HAHN
4. UBS WEALTH MANAGEMENT / COMERICA BANK

I direct that my personal representatives not be required to furnish bond, surety, or other security.

IN WITNESS WHEREOF, I, ELOISE K. HAHN, have initialed all of the pages of this Will, and sign, execute and subscribe my name to this Will on May 12, 2004.

_____

ELOISE K. HAHN

The foregoing Will was, on the day and year written above, signed, sealed, subscribed, published and declared by ELOISE K. HAHN in our presence to be her Will. We, in her presence and at her request, and in the presence of each other, have attested the same and have signed and subscribed our names as attesting witnesses and have initialed each page.

We declare that at the time of our attestation of this Will, ELOISE K. HAHN was, according to our best knowledge and belief, of sound mind and memory and under no undue duress or constraint.

_____        _____
WITNESS                                 WITNESS

Address:                                Address:

_____        _____

_____        _____

STATE OF ILLINOIS            )
                                       )   ss.

COUNTY OF LAKE             )

We, ELOISE K. HAHN, the Testatrix, and the attesting witnesses, respectively, whose names are signed to the foregoing Will, having been sworn, certify, declare and state on oath that each of us were present and saw the Testatrix, in our presence, sign the instrument as her last Will, of which this affidavit is a part, that she signed, and that each of the witnesses, in the presence of the Testatrix and in the presence of each other, signed the Will as a witness; that the Will was attested by each of the witnesses in the presence of the Testatrix; and that each of the witnesses believed ELOISE K. HAHN to be of sound mind and memory at the time of signing.

_____

ELOISE K. HAHN

_____          _____

WITNESS                                               WITNESS

Subscribed and sworn before me by ELOISE K. HAHN, the Testatrix, and by the witnesses, on May 12, 2004.

_____

Notary Public

My commission expires:

_____

# Durable Special Power of Attorney

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, hereby appoint KEVIN WILLIS to serve as my attorney-in-fact (my "Agent"), giving to my Agent the power to accomplish the following acts in my name and for my benefit, as follows:

## 1. Transfer to Trust

I grant my Agent full power and authority to do everything necessary to transfer, assign, convey, and deliver any interest I may have in property owned by me to:

ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

## 2. Enumeration of Specific Powers

In order for my Agent to transfer my property under this Durable Special Power of Attorney, the following powers are set forth to provide guidance as to some of the powers granted by me to my Agent. My Agent shall have all the powers conferred herein with full authority to take any action necessary or incidental to the execution of the powers expressly granted in this instrument, as fully as I could do if personally present. These powers shall include:

My Agent may convey real or personal property, whether tangible or intangible, or any interest therein.

My Agent may transfer, convey, and assign stocks, bonds, securities, accounts held with securities firms, commodities, options, metals, and all other types of intangible property.

My Agent may receive and endorse checks and drafts, deposit and withdraw funds, and acquire and redeem certificates of deposit in banks, savings and loans, and all other financial institutions.

My Agent may execute or release mortgages, deeds of trust, or other security agreements as may be necessary to accomplish the purpose of this Durable Special Power of Attorney.

My Agent may apply for, endorse, and transfer certificates of title for any motor vehicle.

My Agent may endorse, convey, and otherwise transfer all business interests that I may now own or hereafter acquire.

My Agent may have access to any safe deposit box rented by me and remove the

*Durable Special Power of Attorney - 1*

contents of such safe deposit box, and any institution in which a safe deposit box is located shall be relieved of any liability to me, my heirs, or assigns as a result of my Agent's exercise of this power.

My Agent may prepare, sign, and file joint or separate income tax returns or declarations of estimated tax for any year; prepare, sign, and file gift tax returns with respect to gifts made by me for any year; and prepare, sign, and file any claims for refund of any tax.

My Agent may also file income tax returns and all other forms of tax returns with respect to any business interest owned by me. My agent may compromise and settle tax disputes and execute any agreements regarding such disputes with any tax authority. My Agent may act in my behalf in all tax matters before all officers of the Internal Revenue Service and for any other taxing authority, including the receipt of confidential information.

My Agent may purchase in my name United States treasury bonds eligible for redemption at par for payment of my federal estate tax liability and to do all acts necessary to qualify these bonds for redemption at par and the power to borrow money for the purpose of purchasing said bonds, to pledge my credit, and to pay reasonable interest on such borrowings.

## 3.  Reliance upon Representations of My Agent

No person who acts in reliance on the representations of my Agent or the authority granted under this Durable Special Power of Attorney shall incur any liability to me, my heirs, or assigns as a result of permitting my Agent to exercise any power granted under this Durable Special Power of Attorney.

## 4.  My Disability

This Durable Special Power of Attorney shall not be affected if I become disabled or incapacitated.

## 5.  Life Insurance on the Life of My Agent

My Agent shall have no rights or powers with respect to any policy of insurance owned by me on the life of my Agent.

## 6.  Property Held by Me in a Fiduciary Capacity

My Agent shall have no power under this Durable Special Power of Attorney with regard to any act, power, duty, right, or obligation that I may have relating to any person, matter,

transaction, or property held by me or in my custody as a trustee, custodian, personal representative, or other fiduciary capacity.

Dated: _____

_____
ELOISE K. HAHN, Principal

_____
KEVIN WILLIS, Agent

STATE OF ILLINOIS              )
                               )   ss.
COUNTY OF _____    )

The foregoing Durable Special Power of Attorney was acknowledged before

me on _____, by ELOISE K. HAHN, Principal.

Witness my hand and official seal.

_____
Notary Public

STATE OF _____     )
                               )   ss.
COUNTY OF _____    )

The foregoing Durable Special Power of Attorney was acknowledged before

me on _____, by KEVIN WILLIS, as Agent.

Witness my hand and official seal.

_____
Notary Public

*Durable Special Power of Attorney - 3*

# Durable Special Power of Attorney

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, hereby appoint BENJAMIN HAHN to serve as my attorney-in-fact (my "Agent"), giving to my Agent the power to accomplish the following acts in my name and for my benefit, as follows:

## 1.  Transfer to Trust

I grant my Agent full power and authority to do everything necessary to transfer, assign, convey, and deliver any interest I may have in property owned by me to:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004,** and any amendments thereto.

## 2.  Enumeration of Specific Powers

In order for my Agent to transfer my property under this Durable Special Power of Attorney, the following powers are set forth to provide guidance as to some of the powers granted by me to my Agent.  My Agent shall have all the powers conferred herein with full authority to take any action necessary or incidental to the execution of the powers expressly granted in this instrument, as fully as I could do if personally present.  These powers shall include:

> My Agent may convey real or personal property, whether tangible or intangible, or any interest therein.

> My Agent may transfer, convey, and assign stocks, bonds, securities, accounts held with securities firms, commodities, options, metals, and all other types of intangible property.

> My Agent may receive and endorse checks and drafts, deposit and withdraw funds, and acquire and redeem certificates of deposit in banks, savings and loans, and all other financial institutions.

> My Agent may execute or release mortgages, deeds of trust, or other security agreements as may be necessary to accomplish the purpose of this Durable Special Power of Attorney.

> My Agent may apply for, endorse, and transfer certificates of title for any motor vehicle.

> My Agent may endorse, convey, and otherwise transfer all business interests that I may now own or hereafter acquire.
> My Agent may have access to any safe deposit box rented by me and remove the contents of such safe deposit box, and any institution in which a safe deposit box is

located shall be relieved of any liability to me, my heirs, or assigns as a result of my Agent's exercise of this power.

My Agent may prepare, sign, and file joint or separate income tax returns or declarations of estimated tax for any year; prepare, sign, and file gift tax returns with respect to gifts made by me for any year; and prepare, sign, and file any claims for refund of any tax.

My Agent may also file income tax returns and all other forms of tax returns with respect to any business interest owned by me. My agent may compromise and settle tax disputes and execute any agreements regarding such disputes with any tax authority. My Agent may act in my behalf in all tax matters before all officers of the Internal Revenue Service and for any other taxing authority, including the receipt of confidential information.

My Agent may purchase in my name United States treasury bonds eligible for redemption at par for payment of my federal estate tax liability and to do all acts necessary to qualify these bonds for redemption at par and the power to borrow money for the purpose of purchasing said bonds, to pledge my credit, and to pay reasonable interest on such borrowings.

## 3. Reliance upon Representations of My Agent

No person who acts in reliance on the representations of my Agent or the authority granted under this Durable Special Power of Attorney shall incur any liability to me, my heirs, or assigns as a result of permitting my Agent to exercise any power granted under this Durable Special Power of Attorney.

## 4. My Disability

This Durable Special Power of Attorney shall not be affected if I become disabled or incapacitated.

## 5. Life Insurance on the Life of My Agent

My Agent shall have no rights or powers with respect to any policy of insurance owned by me on the life of my Agent.

## 6. Property Held by Me in a Fiduciary Capacity

My Agent shall have no power under this Durable Special Power of Attorney with regard to any act, power, duty, right, or obligation that I may have relating to any person, matter,

transaction, or property held by me or in my custody as a trustee, custodian, personal representative, or other fiduciary capacity.

Dated: _____

_____
ELOISE K. HAHN, Principal

_____
BENJAMIN HAHN, Agent

STATE OF ILLINOIS                    )
                                     )    ss.
COUNTY OF _____ )

The foregoing Durable Special Power of Attorney was acknowledged before

me on _____, by ELOISE K. HAHN, Principal.

Witness my hand and official seal.

_____
Notary Public

STATE OF _____ )
                                     )    ss.
COUNTY OF _____ )

The foregoing Durable Special Power of Attorney was acknowledged before

me on _____, by BENJAMIN HAHN, as Agent.

Witness my hand and official seal.

_____
Notary Public

# ILLINOIS STATUTORY SHORT FORM
# POWER OF ATTORNEY FOR HEALTH CARE

(NOTICE: THE PURPOSE OF THIS POWER OF ATTORNEY IS TO GIVE THE PERSON YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO MAKE HEALTH CARE DECISIONS FOR YOU, INCLUDING POWER TO REQUIRE, CONSENT TO OR WITHDRAW ANY TYPE OF PERSONAL CARE OR MEDICAL TREATMENT FOR ANY PHYSICAL OR MENTAL CONDITION AND TO ADMIT YOU TO OR DISCHARGE YOU FROM ANY HOSPITAL, HOME OR OTHER INSTITUTION. THIS FORM DOES NOT IMPOSE A DUTY ON YOUR AGENT TO EXERCISE GRANTED POWERS; BUT WHEN POWERS ARE EXERCISED, YOUR AGENT WILL HAVE TO USE DUE CARE TO ACT FOR YOUR BENEFIT AND IN ACCORDANCE WITH THIS FORM AND KEEP A RECORD OF RECEIPTS, DISBURSEMENTS AND SIGNIFICANT ACTIONS TAKEN AS AGENT. A COURT CAN TAKE AWAY THE POWERS OF YOUR AGENT IF IT FINDS THE AGENT IS NOT ACTING PROPERLY. YOU MAY NAME SUCCESSOR AGENTS UNDER THIS FORM BUT NOT CO-AGENTS, AND NO HEALTH CARE PROVIDER MAY BE NAMED. UNLESS YOU EXPRESSLY LIMIT THE DURATION OF THIS POWER IN THE MANNER PROVIDED BELOW, UNTIL YOU REVOKE THIS POWER OR A COURT ACTING ON YOUR BEHALF TERMINATES IT, YOUR AGENT MAY EXERCISE THE POWERS GIVEN HERE THROUGHOUT YOUR LIFETIME, EVEN AFTER YOU BECOME DISABLED. THE POWERS YOU GIVE YOUR AGENT, YOUR RIGHT TO REVOKE THOSE POWERS AND THE PENALTIES FOR VIOLATING THE LAW ARE EXPLAINED MORE FULLY IN SECTIONS 4-5, 4-6, 4-9 AND 4-10(b) OF THE ILLINOIS "POWERS OF ATTORNEY FOR HEALTH CARE LAW" OF WHICH THIS FORM IS A PART. THAT LAW EXPRESSLY PERMITS THE USE OF ANY DIFFERENT FORM OF POWER OF ATTORNEY YOU MAY DESIRE. IF THERE IS ANYTHING ABOUT THIS FORM THAT YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO YOU.)

This Power of Attorney is made on this the _____ day of _____, _____.

1. I, <u>ELOISE K. HAHN</u>, of Berwyn, Cook County, Illinois, hereby appoint <u>LOUISE KATHLEEN HAHN</u>, if she is then or thereafter becomes 18 years old, as my attorney-in-fact (my "agent") to act for me and in my name (in any way I could act in person) to make any and all decisions for me concerning my and my minor child's personal care, medical treatment, hospitalization and health care and to require, withhold or withdraw any type of medical treatment or procedure, even though my death may ensue. My agent shall have the same access to my medical records that I have, including the right to disclose the contents to others. My agent shall also have full power to authorize an autopsy and direct the disposition of my remains. Effective upon my death, my agent has full power to make an anatomical gift of the following (initial one):

_____       Any Organs, tissues or eyes suitable for transplantation or used for research or education.

_____       Specific organs: _____

*Illinois Power of Attorney for Health Care - 1*

In addition to other powers granted by this document, I grant my proxy the power and authority to serve as my personal representative for all purposes of the Health Insurance Portability and Accountability Act of 1996 and its regulations. I specifically authorize my agent to request, receive and review any information regarding my physical or mental health, including without limitation all HIPAA protected health information, giving my agent access to such information immediately, regardless of whether there has been a determination of my incapacity.

(THE ABOVE GRANT OF POWER IS INTENDED TO BE AS BROAD AS POSSIBLE SO THAT YOUR AGENT WILL HAVE AUTHORITY TO MAKE ANY DECISION YOU COULD MAKE TO OBTAIN OR TERMINATE ANY TYPE OF HEALTH CARE, INCLUDING WITHDRAWAL OF FOOD AND WATER AND OTHER LIFE-SUSTAINING MEASURES, IF YOUR AGENT BELIEVES SUCH ACTION WOULD BE CONSISTENT WITH YOUR INTENT AND DESIRES. IF YOU WISH TO LIMIT THE SCOPE OF YOUR AGENT'S POWERS OR PRESCRIBED SPECIAL RULES OR LIMIT THE POWER TO MAKE AN ANATOMICAL GIFT, AUTHORIZE AUTOPSY OR DISPOSE OF REMAINS, YOU MAY DO SO IN THE FOLLOWING PARAGRAPHS.)

2. The powers granted above shall not include the following powers or shall be subject to the following rules or limitations (here you may include any specific limitations you deem appropriate, such as: your own definition of when life-sustaining measures should be withheld; a direction to continue food and fluids or life-sustaining treatment in all events; or instructions to refuse any specific types of treatment that are inconsistent with your religious beliefs or unacceptable to you for any other reason, such as blood transfusion, electro-convulsive therapy, amputation, psychosurgery, voluntary admission to a mental institution, etc.):

_____

_____

(THE SUBJECT OF LIFE-SUSTAINING TREATMENT IS OF PARTICULAR IMPORTANCE. FOR YOUR CONVENIENCE IN DEALING WITH THAT SUBJECT, SOME GENERAL STATEMENTS CONCERNING THE WITHHOLDING OR REMOVAL OF LIFE-SUSTAINING TREATMENT ARE SET FORTH BELOW. IF YOU AGREE WITH ONE OF THESE STATEMENTS, YOU MAY INITIAL THAT STATEMENT; BUT **DO NOT INITIAL MORE THAN ONE**):

_____    I do not want my life to be prolonged nor do I want life
sustaining treatment to be provided or continued if my agent believes the burdens of the treatment outweigh the expected benefits. I want my agent to consider the relief of suffering, the expense involved and the quality as well as the possible extension of my life in making decisions concerning life-sustaining treatment.

_____    I want my life to be prolonged and I want life-sustaining
treatment to be provided or continued unless I am in a coma which my attending

*Illinois Power of Attorney for Health Care - 2*

physician believes to be irreversible, in accordance with reasonable medical standards at the time of reference. If and when I have suffered irreversible coma, I want life-sustaining treatment to be withheld or discontinued.

_____ I want my life to be prolonged to the greatest extent possible without regard to my condition, the chances I have for recovery or the cost of the procedures.

(THIS POWER OF ATTORNEY MAY BE AMENDED OR REVOKED BY YOU IN THE MANNER PROVIDED IN SECTION 4-6 OF THE ILLINOIS "POWERS OF ATTORNEY FOR HEALTH CARE LAW" (SEE PAGE 4 OF THIS FORM). ABSENT AMENDMENT OR REVOCATION, THE AUTHORITY GRANTED IN THIS POWER OF ATTORNEY WILL BECOME EFFECTIVE AT THE TIME THIS POWER IS SIGNED AND WILL CONTINUE UNTIL YOUR DEATH, AND BEYOND IF ANATOMICAL GIFT, AUTOPSY OR DISPOSITION OF REMAINS IS AUTHORIZED, UNLESS A LIMITATION ON THE BEGINNING DATE OR DURATION IS MADE BY INITIALING AND COMPLETING EITHER OR BOTH OF THE FOLLOWING):

3. (   ) This power of attorney shall become effective on _____.

4. (   ) This power of attorney shall terminate on _____.

(IF YOU WISH TO NAME SUCCESSOR AGENTS, INSERT THE NAMES AND ADDRESSES OF SUCH SUCCESSORS IN THE FOLLOWING PARAGRAPH.)

5. If any agent named by me shall die, become incompetent, resign, refuse to accept the office of agent or be unavailable, I name the following (each to act alone and successively, in the order named) as successors to such agent in the order in which their names appear:

1. BENJAMIN HAHN

For purposes of this paragraph 5, a person shall be considered to be incompetent if and while the person is a minor or an adjudicated incompetent or disabled person or the person is unable to give prompt and intelligent consideration to health care matters, as certified by a licensed physician.

(IF YOU WISH TO NAME YOUR AGENT AS GUARDIAN OF YOUR PERSON, IN THE EVENT A COURT DECIDES THAT ONE SHOULD BE APPOINTED, YOU MAY, BUT ARE NOT REQUIRED TO, DO SO BY RETAINING THE FOLLOWING PARAGRAPH. THE COURT WILL APPOINT YOUR AGENT IF THE COURT FINDS THAT SUCH APPOINTMENT WILL SERVE YOUR BEST INTERESTS AND WELFARE. STRIKE OUT PARAGRAPH 6 IF YOU DO NOT WANT YOUR AGENT TO ACT AS GUARDIAN.)

6. If a guardian of my person is to be appointed, I nominate the agent acting under this power of attorney as such guardian, to serve without bond or security.

7.  I am fully informed as to all the contents of this form and understand the full import of this grant of powers to my agent.


Signed:     _____

            ELOISE K. HAHN, Principal

The principal has had an opportunity to read the above form and has signed the form or acknowledged his or her signature or mark on the form in my presence.



_____

Witness


Address:

_____

_____



_____

Witness


Address:

_____

_____

*Illinois Power of Attorney for Health Care – 4*

Excerpts from Illinois Powers of Attorney for Health Care Law

Section 4-5.  Limitations on health care agencies.

Neither the attending physician nor any other health care provider may act as agent under a health care agency; however, a person who is not administering health care to the patient may act as health care agent for the patient even though the person is a physician or otherwise licensed, certified, authorized, or permitted by law to administer health care in the ordinary course of business or the practice of a profession.

Section 4-6.  Revocation and amendment of health care agencies.

(a) Every health care agency may be revoked by the principal at any time, without regard to the principal's mental or physical condition, by any of the following methods:

1.  By being obliterated, burnt, torn or otherwise destroyed or defaced in a manner indicating intention to revoke;

2.  By a written revocation of the agency signed and dated by the principal or person acting at the direction of the principal; or

3.  By an oral or any other expression of the intent to revoke the agency in the presence of a witness 18 years of age or older who signs and dates a writing confirming that such expression of intent was made.

(b) Every health care agency may be amended at any time by a written amendment signed and dated by the principal or person acting at the direction of the principal.

(c) Any person, other than the agent, to whom a revocation or amendment is communicated or delivered shall make all reasonable efforts to inform the agent of that fact as promptly as possible.

Section 4-9.  Penalties.

All persons shall be subject to the following sanctions in relation to health care agencies, in addition to all other sanctions applicable under any other law or rule of professional conduct:

(a)  Any person shall be civilly liable who, without the principal's consent, willfully conceals, cancels or alters a health care agency or any amendment or revocation of the agency or who falsifies or forges a health care agency, amendment or revocation.

(b) A person who falsifies or forges a health care agency or willfully conceals or withholds personal knowledge of an amendment or revocation of a health care agency with the intent to cause a withholding or withdrawal of life-sustaining or death-delaying procedures contrary to the intent of the principal and thereby, because of such act, directly causes life-sustaining or death-delaying procedures to be withheld or withdrawn and death to the patient to be hastened shall be



subject to prosecution for involuntary manslaughter.

(c) Any person who requires or prevents execution of a health care agency as a condition of insuring or providing any type of health care services to the patient shall be civilly liable and guilty of a Class A misdemeanor.

Section 4-10. Statutory short form power of attorney for health care.

[(a) Paragraph (a) sets out the form of the statutory health care power.]

(b) The statutory short form power of attorney for health care (the "statutory health care power") authorizes the agent to make any and all health care decisions on behalf of the principal which the principal could make if present and under no disability, subject to any limitations on the granted powers that appear on the face of the form, to be exercised in such manner as the agent deems consistent with the intent and desires of the principal. The agent will be under no duty to exercise granted powers or to assume control of or responsibility for the principal's health care; but when granted powers are exercised, the agent will be required to use due care to act for the benefit of the principal in accordance with the terms of the statutory health care power and will be liable for negligent exercise. The agent may act in person or through others reasonably employed by the agent for that purpose but may not delegate authority to make health care decisions. The agent may sign and deliver all instruments, negotiate and enter into all agreements and do all other acts reasonably necessary to implement the exercise of the powers granted to the agent. Without limiting the generality of the foregoing, the statutory health care power shall include the following powers, subject to any limitations appearing on the face of the form:

(1) The agent is authorized to give consent to and authorize or refuse, or to withhold or withdraw consent to, any and all types of medical care, treatment or procedures relating to the physical or mental health of the principal, including any medication program, surgical procedures, life-sustaining treatment or provision of food and fluids for the principal.

(2) The agent is authorized to admit the principal to or discharge the principal from any and all types of hospitals, institutions, homes, residential or nursing facilities, treatment centers and other health care institutions providing personal care or treatment for any type of physical or mental condition. The agent shall have the same right to visit the principal in the hospital or other institution as is granted to a spouse or adult child of the principal, any rule of the institution to the contrary notwithstanding.

(3) The agent is authorized to contract for any and all types of health care services and facilities in the name of and on behalf of the principal and to bind the principal to pay for all such services and facilities, and to have and exercise those powers over the principal's property as are authorized under the statutory property power, to the extent the agent deems necessary to pay health care costs; and the agent shall not be personally liable for any services or care contracted for on behalf of the principal.

(4)  At the principal's expense and subject to reasonable rules of the health care provider to prevent disruption of the principal's health care, the agent shall have the same right the principal has to examine and copy and consent to disclosure of all the principal's medical records that the agent deems relevant to the exercise of the agent's powers, whether the records relate to mental health or any other medical condition and whether they are in the possession of or maintained by any physician, psychiatrist, psychologist, therapist, hospital, nursing home or other health care provider.

(5)  The agent is authorized to direct that an autopsy be made pursuant to Section 2 of "An Act in relation to autopsy of dead bodies", approved August 13, 1965, including all amendments; to make a disposition of any part or all of the principal's body pursuant to the Uniform Anatomical Gift Act, as now or hereafter amended; and to direct the disposition of the principal's remains.

# Limited and Miscellaneous Power of Attorney

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, willfully and voluntarily designate the persons named below to make the decisions and take the actions described in this document on my behalf in the event of my disability in order to supplement the power and authority I have granted to the trustees of the revocable living trust I have executed in addition to this document. The formal name of my revocable living trust is as follows:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

I hereby revoke all powers of attorney previously granted by me as principal and terminate all agency relationships created thereunder, except for: (1) powers granted by me, if any, on forms provided by financial institutions, granting the right to write checks on, deposit funds to and withdraw funds from accounts to which I am a signatory or granting access to a safe deposit box; (2) powers granted by me under a certain Durable Special Power of Attorney dated May 12, 2004; and (3) powers granted by me under a certain Health Care Power of Attorney dated May 12, 2004; which Powers shall not be revoked, but shall continue in full force and effect.

## Statement Of Intent

It is my intent and the purpose of this document to designate the persons named in Article One below to carry out my wishes by exercising their authority under this Power of Attorney during periods when I am disabled. The authority granted hereunder should be exercised when it is inadvisable, inconvenient or inappropriate for the trustees of my revocable living trust to act on my behalf as Trustmaker for reasons which concern, without limitation, privacy considerations, technical legal authority of my trustees to act on my behalf as Trustmaker and administrative convenience.

## ARTICLE ONE

## Appointment Of My Agent

I hereby appoint LOUISE KATHLEEN HAHN, if she is then or thereafter becomes 18 years old to serve as my agent (hereinafter referred to as my "Agent") to exercise the powers set forth below.

## A.  Successor Agent(s)

If LOUISE KATHLEEN HAHN is unwilling or unable to serve, or cannot continue to serve for any reason, then the following Successor Agents shall replace my initial Agent in the order in which their names appear:

1. STEVEN H. PECK
2. KEVIN WILLIS
3. BENJAMIN HAHN
4. UBS WEALTH MANAGEMENT / COMERICA BANK

Any successor Agent shall have all the rights, powers and privileges, and be subject to all the obligations and duties, both discretionary and ministerial, as given to the original Agent.  Any successor Agent shall be subject to any restrictions imposed on the original Agent.  No successor Agent shall be required to examine the accounts, records and acts of any previous Agent.  No successor Agent shall in any way be responsible for any act or omission to act on the part of any previous Agent.

## B.  Control Requirements

When more than two Agents are acting, the concurrence and joinder of a majority of my Agents shall control in all matters pertaining to the powers which may be exercised under this Power of Attorney other than the power to make gifts on my behalf described in Article Three, Section B below, which power may be exercised only with the unanimous consent of my Agents.

If only two Agents are acting, the concurrence and joinder of both shall be required. Notwithstanding these general rules, if at any time any person shall serve with my spouse as Agent under this Power of Attorney, the opinion of my spouse shall control in the event of disagreement.  Any such person may be absolved from personal liability by complying with the procedure set out in the following paragraph.

When more than two Agents are acting, any dissenting or abstaining Agent may be absolved from personal liability by registering a written dissent or abstention with the trustees of my revocable living trust.  The dissenting Agent shall thereafter act with the other Agent(s) in any manner necessary or appropriate to effectuate the decision of the majority.


# ARTICLE TWO

## Effectiveness Of Agent Appointment

The authority granted my Agent shall only be effective when I am disabled, as determined pursuant to the terms of Article 4, Section 2a, of my revocable living trust.  Presentation of an

*Limited and Miscellaneous Power of Attorney - 2*

Affidavit of Trust by the trustees of my revocable living trust describing the terms and conditions which establish my disability, and that such terms and conditions have been satisfied, shall serve as conclusive evidence of my disability.

# ARTICLE THREE

## Specific Limited Powers

### A.  IRA and Employee Benefit Plans

My Agent may create and contribute to an employee benefit plan for my benefit and may select or change any payment options I have selected under any IRA or employee benefit plan in which I am a participant (including plans for self-employed individuals).  My Agent may also make "roll-overs" of plan benefits into other retirement plans, apply for and receive payments, and benefits, and waive rights given to non-employee spouses under state or federal law.

My Agent may invest and reinvest the assets of any IRA or employee benefit plan in which I am a participant (including a plan for a self-employed individual), and may borrow money and purchase assets therefrom and sell assets thereto, if authorized by any such plans.

My Agent may make and change beneficiary designations in favor of my living trust, whether revocable or irrevocable, and may consent and/or waive consent in connection with the designation of beneficiaries and the selection of joint and survivor annuities under any employee benefit plan.

### B.  Gifting Powers

My Agent may make gifts to organizations, charitable or otherwise, to which I have previously made gifts, and may satisfy pledges I have previously made to such organizations.  My Agent may also make gifts in order to assure the continuation of any gifting program I initiated prior to my disability.

My Agent may make gifts on my behalf to or for the benefit of the contingent beneficiaries named in my revocable living trust for purposes my Agent considers to be in my best interest, including, without limitation, the minimization of income, estate, inheritance or gift taxes. Gifts may be made either outright or through other funding vehicles, including, without limitation, irrevocable trusts, charitable lead or charitable remainder trusts, family limited partnerships and limited liability companies.

My Agent may make gifts for my Agent's own benefit, so long as such gifts are not made to any person to whom my Agent owes a legal support obligation, and so long as such gifts qualify for the annual federal gift tax exclusion, as that term is defined in the Internal Revenue Code at the time of the gift.  My Agent may not, however, make gifts to satisfy my

Agent's creditors or creditors of my Agent's estate.

If my Agent determines gifts in amounts in excess of the annual federal gift tax exclusion to my Agent or to any person whom my Agent has a legal obligation to support are in my best interests, my Agent, by unanimous vote, shall appoint a Special Independent Agent unrelated by blood or marriage to any of my Agents to review the facts and circumstances and to decide whether such gifts should be made. I prefer, but do not require, that my Agent select a Certified Public Accountant to serve as my Special Independent Agent under such circumstances.

In making gifts on my behalf, I direct that my Agent, to the extent reasonably possible, avoid disrupting the dispositive provisions of my revocable living trust. If it is necessary to disrupt my plan, then my Agent is directed to use my Agent's best efforts to restore my plan as and when the opportunity to do so is available to my Agent.

My Agent may establish and maintain financial accounts of all types, may execute, acknowledge, seal and deliver deeds, assignments, agreements, authorizations, checks or other instruments my Agent considers useful to accomplish any purpose permitted as described in this Article. My Agent may also prosecute, defend, submit to arbitration, settle and propose or accept a compromise with respect to a claim existing in favor of or against me based on or involving a gift transaction on my behalf, or may intervene in a related action or proceeding. My Agent may perform any other acts my Agent considers necessary or desirable to complete a gift on my behalf in accordance with the terms of this Article.

# ARTICLE FOUR

## Miscellaneous Powers

### A. Safe Deposit Boxes

My Agent may contract with any institution for the maintenance or termination of a safe-deposit box in my name. My Agent shall have access to all safe-deposit boxes in my name or for which I am an authorized signatory, whether or not the contract for such safe-deposit box was executed by me (either alone or jointly with others) or by my

Agent in my name. My Agent may add to and remove from the contents of any such safe-deposit box.

### B. Legal and Other Actions

My Agent may institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial or administrative hearings, actions, suits, proceedings, attachments, arrests or distresses, involving me in any way.

Such matters shall include, without limitation, claims by or against me arising out of property damages or personal injuries suffered or allegedly caused by me or under such circumstances that the loss resulting therefrom will or may be imposed on me and otherwise engage in litigation involving me, my property or any interest of mine, including any property, interest or person for which or whom I have or may have any responsibility.

## C. Renounce and Resign From Fiduciary Positions

My Agent may renounce any fiduciary position to which I have been or may be appointed or elected. Such positions include, without limitation, personal representative, trustee, guardian, conservator, attorney-in-fact, health care representative, proxy or surrogate, officer or director of a corporation, and any governmental or political office or position.

My Agent may cause me to resign from any such positions, if necessary or advisable in my Agent's opinion, and may file an accounting with a court of competent jurisdiction or settle on a receipt and release or such other informal method as my Agent shall deem appropriate.

## D. Exercise Elective Share

My Agent may elect to exercise any right to claim an elective share in any State or under any last will and testament. My Agent may file petitions pertaining to any election I may exercise, including petitions to extend the time for electing and petitions for orders, decrees and judgments, and may take all other actions that my Agent deems appropriate to effectuate an election. If any such actions by my Agent require the approval of any court, my Agent is authorized to seek such approval.

## E. Disclaim Property

My Agent may renounce and disclaim any property or interest in property to which I may become entitled, whether by gift, testate or intestate succession.

My Agent may also release or abandon any property or interest in property which I may now or hereafter own. In exercising such discretion, my Agent may take into account such matters as any reduction in estate or inheritance taxes on my estate, and the effect of such renunciation or disclaimer upon persons interested in my estate and persons who would receive the renounced or disclaimed property. My Agent shall make no disclaimer that is expressly prohibited by other provisions of this document.

## F.  Exercise General and Limited Powers of Appointment

My agent may exercise any power of appointment, whether general or limited, which I hold pursuant to the terms and conditions of any will, trust, or other document so long as such powers of appointment are exercised in favor of the contingent beneficiaries of my revocable living trust.  In no event may such powers of appointment be exercised in favor of my Agent's creditors or the creditor's of my Agent's estate, or in any other way in which my Agent would be deemed to hold a general power of appointment.

My Agent is granted full authority to take all actions necessary to exercise such powers of appointment in accordance with the terms and conditions of the granting instrument.  If any such actions by my Agent require the approval of any court, my Agent is authorized to seek such approval.

## G.  Taxes

My Agent may prepare, sign, and file federal, state, and/or local income, gift and other tax forms and returns of all kinds, including, where appropriate, joint returns, FICA returns, payroll tax returns, income tax and all other forms of tax returns concerning any business interest owned by me.

My Agent shall have the power to represent me and act on my behalf in all matters before any taxing authority, including the power to appoint ancillary agents.  By way of example, this power includes the right to make claims for refunds, request extensions of time to file returns and/or pay taxes, waive applicable periods of limitation, file protests and petitions to administrative agencies or courts regarding tax matters, enter into consents and agreements under Section 2032A of the Internal Revenue Code or any successor section thereto, consent to split gifts, execute closing agreements, and complete and file any power of attorney form required by the Internal Revenue Service and/or any state or local taxing authority.

My Agent may also collect refunds, post bonds, receive confidential information and contest deficiencies determined by the Internal Revenue Service and/or any state or local taxing authority.

## H.  Other Miscellaneous Powers

My Agent may also perform the following miscellaneous tasks on my behalf:

1.   Mail.  My Agent may open, read, respond to and redirect my mail, and represent me before the U.S. Postal Service and all other mail and/or package carriers in all matters relating to mail service including, without limitation, receipt of certified mail.

2.   Government Agencies.  My Agent is hereby appointed as my Representative Payee

for the purposes of receiving Social Security benefits. My Agent shall have full power to represent me and deal in all ways necessary concerning any rights and/or benefits payable to me or for my benefit by any governmental agency or body including, without limitation, Supplemental Social Security Income (SSSI), Medicaid, Medicare and Social Security Disability Income (SSDI).

3.   Memberships. My Agent may establish, cancel, continue or initiate my membership in organizations and associations of all kinds.

4.   Documents. My Agent may sign, execute, endorse, seal, acknowledge, deliver and file or record instruments and documents, including, without limitation, contracts, agreements, and conveyances of real and personal property, instruments granting and perfecting security instruments and obligations, orders for the payment of money, receipts, releases, waivers, elections, vouchers, consents, satisfactions and certificates.

My Agent may take and give or deny custody of all of my important documents, including, without limitation, my will, codicils, trust agreements, deeds, leases, life insurance policies, contracts and securities and may disclose or refuse to disclose such documents.

Any action with respect to my revocable living trust documents shall be taken only as directed by the trustees of my revocable living trust.

My Agent may obtain and release or deny information or records of all kinds relating to me.

5.   Care of Animals. My Agent may house or provide for housing, support and maintenance of any animals or other living creatures that I may own and may contract for and pay the expenses of their proper veterinary care and treatment. If the care and maintenance of such animals or other living creatures shall become unreasonably expensive or burdensome in my Agent's opinion, my Agent may irrevocably transfer such animals to persons willing to care for and maintain them.

## ARTICLE FIVE

### General Provisions

**1.  Use of "Agent" Nomenclature**

Whenever the word "Agent" or any modifying or equivalent word or substituted pronoun therefor is used in this instrument, such word or words shall be held and taken to include both the singular and the plural, the masculine, feminine and neuter gender thereof.

### 2. Effect of Duplicate Originals or Copies

If this instrument has been executed in multiple originals, each such original shall have equal force and effect. My Agent is authorized to make photocopies of this instrument as frequently and in such quantity as my Agent shall deem appropriate. Each photocopy shall have the same force and effect as any original.

This instrument and actions taken by my Agent properly authorized hereunder shall be binding upon me, my heirs, successors, assigns, executors and administrators.

### 3. Release of Information

All Persons from whom my Agent may request information regarding me, my personal or financial affairs or any information which I am entitled to receive are hereby authorized to provide such information to my Agent without limitation and are released from any legal liability whatsoever to me, my estate, my heirs, successors, and assigns for complying with my Agent's requests.

### 4. Reliance on this Document

No person who acts in reliance on the representations of my Agent or the authority granted under this document shall incur any liability to me, my estate, my heirs, successors or assigns as a result of permitting my Agent to exercise any power granted under this Limited and Miscellaneous Power of Attorney.

### 5. Validity of this Document

To the extent permitted by law, this document shall be applicable to all property of mine, real, personal, intangible or mixed, wherever and in whatever state of the United States or foreign country the situs of such property is at any time located and whether such property is now owned by me or hereafter acquired by me or for me by my Agent.

### 6. Appointment of Ancillary Agents

If at any time my Agent deems it necessary or desirable in my Agent's discretion to appoint one or more Ancillary Agents to act in another jurisdiction under this power of attorney, my Agent may appoint such Ancillary Agent(s). In making such appointment, my Agent may sign, execute, deliver, acknowledge and make declarations in any documents as may be necessary, desirable, convenient or proper in order to effectuate any such ancillary appointment. My Agent may grant to any Ancillary Agent only the powers, duties and authorities granted my Agent in this document.

### 7.  Fiduciary Eligibility of Agent

My Agent shall be eligible to serve in all other fiduciary capacities, for me or my benefit, including but not limited to service as Trustee, Guardian, Conservator, Committee, Executor, Administrator, Personal Representative, Health Care Representative and/or Agent under other Powers of Attorney.

### 8.  Agent Compensation

My Agent under this document shall not be entitled to compensation for services performed under this Limited and Miscellaneous Power of Attorney, but shall be entitled to reimbursement for all reasonable expenses incurred as a result of carrying out any provision of this Limited and Miscellaneous Power of Attorney, as determined in the sole and absolute discretion of the trustees of my revocable living trust.

### 9.  Liability of Agent

My Agent and my Agent's estate, heirs, successors and assigns, acting in good faith, are hereby released and forever discharged from any and all liability (civil, criminal, administrative or disciplinary) and from all claims or demands of all kinds whatsoever by me or my estate, heirs, successors, and assigns arising out of the acts or omissions of my Agent, except for willful misconduct or gross negligence.  These provisions shall apply with equal force to any Special Independent Agent appointed pursuant to Article Three Section B of this document.

### 10.  Enforcement of Agent's Authority

My Agent may seek on my behalf and at my expense:

   a.   a declaratory judgment from any court of competent jurisdiction interpreting the validity of this instrument and any of the acts authorized by this instrument, but such declaratory judgment shall not be necessary in order for my Agent to perform any act authorized by this instrument;

   b.   a mandatory injunction requiring compliance with my Agent's instructions by any person, organization, corporation, or other entity obligated to comply with instructions given by me;

   c.   actual and punitive damages against any person, organization, corporation or other entity obligated to comply with instructions given by me who negligently or willfully fails or refuses to follow such instructions.

## 11. Amendment and Revocation

I hereby reserve the right to amend or revoke this Limited and Miscellaneous Power of Attorney at any time. However, until revoked, THIS POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY SUBSEQUENT DISABILITY OR INCAPACITY OR BY THE LAPSE OF TIME.

This instrument may be amended or revoked by me, and my Agent may be removed by me at any time by the execution by me of a written instrument of revocation, amendment, or removal delivered to my Agent. My Agent may resign by the execution of a written resignation delivered to me or, if I am mentally incapacitated, by delivery to any person with whom I am residing or who has the care and custody of me.

## 12. Severability

If any provision of this Limited and Miscellaneous Power of Attorney is declared by a court of competent jurisdiction to be invalid for any reason, such invalidity shall not affect the remaining provisions of this document. The remaining provisions shall be fully severable, and this document shall be construed and enforced as if the invalid provision had never been included in my Limited and Miscellaneous Power of Attorney.

I have consulted with legal counsel, am fully informed as to all the contents of this document, and understand the full import of the grant of these powers to the person or persons named herein.

Dated: _____

_____
ELOISE K. HAHN, Principal

STATE OF ILLINOIS         )
                              )   ss.
COUNTY OF _____)

The foregoing Limited and Miscellaneous Power of Attorney was acknowledged before

me on _____, by ELOISE K. HAHN, Principal.

Witness my hand and official seal.

_____
Notary Public

*Limited and Miscellaneous Power of Attorney - 11*

# Designation of Guardian

## Section 1.  Anticipatory Nomination and Preference

It is foreseeable, that at some future date, it may become necessary to appoint a guardian over my person or my property.  In anticipation of that event, I hereby make the following nomination:

I, ELOISE K. HAHN of Berwyn, Cook County, Illinois, hereby revoke any prior nomination of guardian and make this my anticipatory nomination, preference, and designation of guardian.

## Section 2.  Guardian of Person

If I am declared to be an incapacitated person I designate LOUISE KATHLEEN HAHN, if she is then or thereafter becomes 18 years old, as the guardian of my person.  If LOUISE KATHLEEN HAHN cannot act, or is ever unwilling to act in that capacity, I designate the following as guardians of my person, in the order in which their names appear:

1.  BENJAMIN HAHN

## Section 3.  Guardian of my Estate

If I am declared to be an incapacitated person in need of the supervision and protection of a guardian of my estate, I designate the Trustee(s) of my living trust as the guardian of my estate.

## Section 4.  General Provisions

To the fullest extent permitted by law the following provisions will govern the administration of any guardianship of my personal estate:

a.   No guardian or successor guardian named herein shall be required to give any bond or other security in any court of jurisdiction for acting under this designation.

b.   It is my wish that this guardianship be administered free from active supervision of any court.  I expressly wave any requirement that this guardianship should be supervised under the jurisdiction of any court.  I request that my guardian be free to act at all times without obtaining at each and every step, permission of the court to act.  I request court supervision be the minimum amount permitted by law.  I further request that the guardian's account need not be heard, filed, or reviewed by the probate court.

c.   No guardian of my estate may possess or exercise any incidents of ownership of any life

insurance policy on my life.  In the event an insurance policy on my life is an asset of the guardianship and any action with regard to said policy is required, I request that the probate court appoint a special guardian for the sole purpose of exercising any such incidents of ownership of such policy.  The trustees of my living trust, are authorized to submit the names of individuals to the court, to be appointed special guardian.

    **d.**    Every guardian named in the designation is authorized to resign at any time for any reasons by filing a duly executed resignation in the probate court having jurisdiction over the guardianship.

## Section 5.  Definitions and Comments

The following definitions and comments shall govern the construction of this designation:

As used in this designation, the term "declared and incapacitated person" means the finding of the probate court made pursuant to a finding or adjudication dealing with guardianships or conservatorship or pursuant to any corresponding provision of law in any state having jurisdiction over my person or estate.

The term "guardian" includes the term "conservator" and similar fiduciaries.

The laws of the State of Illinois shall apply to the interpretation of this instrument.

IN WITNESS WHEREOF, I have hereunto signed my name to this anticipatory nomination and designation of guardian.

Dated:  May 12, 2004

_____

ELOISE K. HAHN, Principal

## STATEMENT OF ATTESTING WITNESSES

The foregoing Designation of Guardian was, on the day and year written above, signed, sealed, subscribed, published and declared by ELOISE K. HAHN in our presence.  We, in her presence and at her request, and in the presence of each other, have attested the same and have signed and subscribed our names as attesting witnesses.

We declare that at the time of our attestation of this document, ELOISE K. HAHN was, according to our best knowledge and belief, of sound mind and memory and under no undue duress or constraint.

_____        _____

WITNESS                                 WITNESS

Address:                                Address:

_____        _____

_____        _____

STATE OF ILLINOIS )
) ss.
COUNTY OF LAKE )

We, ELOISE K. HAHN, and the attesting witnesses, respectively, whose names are signed to the foregoing Designation, having been sworn, certify, declare and state on oath that each of us were present and saw ELOISE K. HAHN, in our presence, sign the instrument, of which this affidavit is a part, that she signed, and that each of the witnesses, in the presence of ELOISE K. HAHN and in the presence of each other, signed the Designation as a witness; that the Designation was attested by each of the witnesses in the presence of ELOISE K. HAHN; and that each of the witnesses believed ELOISE K. HAHN to be of sound mind and memory at the time of signing.

_____
ELOISE K. HAHN

_____          _____
WITNESS                                                        WITNESS

Subscribed and sworn before me by ELOISE K. HAHN and by the witnesses, on May 12, 2004.

_____
Notary Public

My commission expires:

_____

# Last Will

## of

# ELOISE K. HAHN

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, make this Will and revoke all of my prior wills and codicils.

## Article One

## My Family

I am married and my spouse's name is JOHN GAYNOR but we are in the process of divorce.

All references to "my spouse" in my Will are to him.

The names and birth dates of my children are:

GUSTAVE VON HAHN-POWELL, born January 5, 1986

LOUISE KATHLEEN HAHN, born December 21, 1990

All references to my children in my will are to these children, as well as any children subsequently born to me, or legally adopted by me prior to their attaining age 18.

## Article Two

## Guardians of My Children

If my spouse does not survive me, I appoint BENJAMIN HAHN to be the guardian of my minor children.

If BENJAMIN HAHN is unable or unwilling to serve, I appoint the following, in the order named, as my successor guardians:

*E K H*    Page 1

1. GUSTAVE VON HAHN-POWELL
2. CYNTHIA SUSANNE HAHN

## Article Three

## Distribution of My Property

## Section 1.   Pour-Over to My Living Trust

All of my property of whatever nature and kind, wherever situated, shall be distributed to my revocable living trust.  The name of my trust is:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

## Section 2.   Alternate Disposition

If my revocable living trust is not in effect at my death for any reason whatsoever, then all of my property shall be disposed of under the terms of my revocable living trust as if it were in full force and effect on the date of my death.

## Section 3.   Testamentary Trust

If my spouse survives me, I authorize my personal representative to establish, with the assets of my probate estate, if any, or with any property distributed to my personal representative from my Trustee, a testamentary trust (or trusts) for the benefit of my spouse and my other beneficiaries under the same terms and conditions of my revocable living trust as it exists at the date of my death.  I appoint the Trustee and successor Trustee named in my revocable living trust as the Trustee and successor Trustee of my testamentary trust(s).  The Trustee of my testamentary trust(s) shall have all the administrative and investment powers given to my Trustee in my revocable living trust and any other powers granted by law.

My Trustee shall be under no obligation to distribute such property directly to my personal representative, but rather may distribute such property directly to the Trustee of any testamentary trust(s) created, or deemed to have been created, under this Will.  Any property distributed to my testamentary trust by the Trustee of my revocable living trust shall be distributed by the Trustee of my testamentary trust(s) in accordance with the terms and conditions of my revocable living trust as it existed on the date of my death.

Page 2

# Article Four

# Powers of My Personal Representative

My personal representative shall have the power to perform all acts reasonably necessary to administer my estate, as well as any powers set forth in the statutes in the State of Illinois relating to the powers of fiduciaries.

# Article Five

# Payment of Expenses and Taxes and Tax Elections

## Section 1.    Cooperating with the Trustee of My Living Trust

I direct my personal representative to consult with the Trustee of my revocable living trust to determine whether any expense or tax shall be paid from my trust or from my probate estate.

## Section 2.    Tax Elections

My personal representative, in its sole and absolute discretion, may exercise any available elections with regard to any state or federal tax laws.

My personal representative, in its sole and absolute discretion, may elect to have all, none, or part of the property comprising my estate for federal estate tax purposes qualify for the federal estate tax marital deduction as qualified terminable interest property under Section 2056(B)(7) of the Internal Revenue Code.

My personal representative shall not be liable to any person for decisions made in good faith under this Section.

## Section 3.    Apportionment

All expenses and claims and all estate, inheritance, and death taxes, excluding any generation-skipping transfer tax, resulting from my death and which are incurred as a result of property passing under the terms of my revocable living trust or through my probate estate shall be paid without apportionment and without reimbursement from any person. However, expenses and claims, and all estate, inheritance, and death taxes assessed with regard to property passing outside of my revocable living trust or outside of my probate estate, but included in my gross estate for federal estate tax purposes, shall be chargeable against the persons receiving such property.

_Page 3

Notwithstanding the above, any generation skipping transfer tax imposed by Chapter 13 of the Internal Revenue Code, and any such generation skipping transfer tax imposed by state, county, district, or territory attributable to property passing under my will or my revocable living trust at my death or thereafter, shall be charged to and paid from the property or persons from which such tax is due by law, and no other part of my probate estate or revocable living trust shall be chargeable with any such tax except and to the extent that it is chargeable with such by law.

I direct that all death taxes, other than generation skipping taxes, occasioned or payable by reason of my death and which are attributable to the assets held in any trust established by my spouse for my benefit shall be paid from the principal of my residuary estate, provided, however, that such tax shall not be so paid and shall instead be paid from such trust if (1) the payment of death taxes attributable to the trust would be treated as a constructive addition to that trust and (2) such constructive addition is not sheltered from the federal generation skipping transfer tax by an allocation of my federal generation skipping transfer tax exemption to the constructive addition. Such tax, if paid hereunder, shall equal the amount by which the federal estate tax (or other death tax) in my estate exceeds the total such tax that would have been payable in my estate if no part of the value of such trust had been included in my gross estate for purposes of the federal estate tax (or other death tax). If paid by the trust, the Trustee may pay such taxes directly or to the personal representative of my estate.

## Article Six

## Appointment of My Personal Representative

I appoint LOUISE KATHLEEN HAHN, if she is then or thereafter becomes 18 years old, to be my personal representative.

If LOUISE KATHLEEN HAHN cannot act, or is unwilling to act, I appoint, in the order named, the following successor personal representatives:

1. STEVEN H. PECK
2. KEVIN WILLIS
3. BENJAMIN HAHN
4. UBS WEALTH MANAGEMENT / COMERICA BANK

I direct that my personal representatives not be required to furnish bond, surety, or other security.

IN WITNESS WHEREOF, 1, ELOISE K. HAHN, have initialed all of the pages of this Will, and sign, execute and subscribe my name to this Will on May 12, 2004.


_Eloise K. Hahn_

ELOISE K. HAHN


The foregoing Will was, on the day and year written above, signed, sealed, subscribed, published and declared by ELOISE K. HAHN in our presence to be her Will. We, in her presence and at her request, and in the presence of each other, have attested the same and have signed and subscribed our names as attesting witnesses and have initialed each page.

We declare that at the time of our attestation of this Will, ELOISE K. HAHN was, according to our best knowledge and belief, of sound mind and memory and under no undue duress or constraint.


WITNESS Katherine Lucas

Address:

300 Saunders Road #100
Riverwoods, Illinois 60051


WITNESS SAMEER CHHABRIA

Address:

300 SAUNDERS RD
RIVERWOODS, IC 60015


EKH Page 5

STATE OF ILLINOIS       )
                        )    ss.

COUNTY OF LAKE      )

We, ELOISE K. HAHN, the Testatrix, and the attesting witnesses, respectively, whose names are signed to the foregoing Will, having been sworn, certify, declare and state on oath that each of us were present and saw the Testatrix, in our presence, sign the instrument as her last Will, of which this affidavit is a part, that she signed, and that each of the witnesses, in the presence of the Testatrix and in the presence of each other, signed the Will as a witness; that the Will was attested by each of the witnesses in the presence of the Testatrix; and that each of the witnesses believed ELOISE K. HAHN to be of sound mind and memory at the time of signing.


_____
ELOISE K. HAHN

_____            _____
WITNESS                                      WITNESS


Subscribed and sworn before me by ELOISE K. HAHN, the Testatrix, and by the witnesses, on May 12, 2004.

_____
Notary Public

My commission expires:

_____

"OFFICIAL SEAL"
Steven Peck
Notary Public, State of Illinois
My Commission Exp. 09/29/2007

# Witnesses

Name: _____

Address: _____

_____

Name: _____

Address: _____

_____

Name: _____

Address: _____

_____

*Affidavit of Trust*

The Affidavit of Trust enables you to fund your trust without disclosing the personal details of your estate planning documents to the companies holding your investments.

As you buy and sell various pieces of property, you will be transacting your business as a Trustee of your Living Trust. The people with whom you deal will want to know and verify that your Living Trust is, in fact, in existence, that you are really one of its trustees, and that you have the authority to transact the business at hand as a Trustee.

It would be cumbersome for you to provide others with your entire Living Trust or Estate Planning Portfolio. This would give them far more information than they want, need, or are entitled to. It would also destroy the confidentiality built into your Living Trust plan.

Your Affidavit of Trust is a document that enables you to avoid disclosing the particulars of your Living Trust plan, it contains all the information that will be needed by people you do business with.

The pages from your Living Trust that we have attached to your affidavit of trust are those that set forth:

- The identity of your Trust and its Trustee(s).
- The powers and authority which you granted to your trustee(s) to transact business on behalf of your Living trust.
- Photocopies of the signature pages, which evidence that your trust is really in existence.

You will be using your Affidavit of Trust repeatedly over the years as you buy and sell property in the name of your trust. If you need an Affidavit of Trust, we recommend that you make photocopies of the affidavit and pages from your trust each time you need these documents. **Please leave the following set in your Portfolio as your Master Set.**

# Affidavit of Trust

I.  The following trust is the subject of this Affidavit:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

II.  The name of the currently acting Trustee of the trust are as follows:

> ELOISE K. HAHN

III.  The trust is currently in full force and effect.

IV.  Attached to this Affidavit and incorporated in it are selected provisions of the trust evidencing the following:

|     |                  |   |                                            |
| --- | ---------------- | - | ------------------------------------------ |
| a.  | Article One      | - | Creation of the Trust and initial Trustees |
| b.  | Article Eighteen | - | Signature pages                            |

V.  The trust provisions which are not attached to this Affidavit are of a personal nature and set forth the distribution of trust property.  They do not modify the powers of the Trustees.

VI.  The signatories of this Affidavit are currently the acting Trustees of the trust and declare that the foregoing statements and the attached trust provisions are true and correct, under penalty of perjury.

VII.  This Affidavit was executed on ___5/12/04___.

_Eloise K. Hahn_
ELOISE K. HAHN, Trustee

STATE OF ILLINOIS        )
                         )  ss.
COUNTY OF ___Lake___     )

The foregoing Affidavit of Trust was acknowledged before me on ___5/12/04___, by ELOISE K. HAHN, as Trustee.

Witness my hand and official seal.

_____
Notary Public

> **"OFFICIAL SEAL"**
> **Steven Peck**
> Notary Public, State of Illinois
> My Commission Exp. 09/29/2007

# Affidavit of Trust

I.    The following trust is the subject of this Affidavit:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the
> **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any
> amendments thereto.

II.   The name of the currently acting Trustee of the trust are as follows:

ELOISE K. HAHN

III.  The trust is currently in full force and effect.

IV.   Attached to this Affidavit and incorporated in it are selected provisions of the trust
      evidencing the following:

      a.    <u>Article One</u>        -     Creation of the Trust and initial Trustees
      b.    <u>Article Eighteen</u>   -     Signature pages

V.    The trust provisions which are not attached to this Affidavit are of a personal nature and set
      forth the distribution of trust property.  They do not modify the powers of the Trustees.

VI.   The signatories of this Affidavit are currently the acting Trustees of the trust and declare that
      the foregoing statements and the attached trust provisions are true and correct, under penalty
      of perjury.

VII.  This Affidavit was executed on _____.


_____

ELOISE K. HAHN, Trustee

STATE OF ILLINOIS                )
                                 )   ss.
COUNTY OF _____         )

The foregoing Affidavit of Trust was acknowledged before me on _____, by
ELOISE K. HAHN, as Trustee.

Witness my hand and official seal.


_____

Notary Public

# The ELOISE K. HAHN Living Trust

# Article One

# Creation of My Trust

## Section 1.    My Trust

This is my Living Trust, dated May 12, 2004, by ELOISE K. HAHN, Trustmaker, and ELOISE K. HAHN, the initial Trustee.

My trust is a revocable living trust that contains my instructions for my own well-being and that of my loved ones.  All references to "my trust" or "trust," unless otherwise stated, shall refer to this Living Trust and the trusts created in it. All references to "Trustee" shall refer to my initial Trustee or Trustees, or their successor or successors in trust.

When the term "Trustmaker" is used in my trust, it shall have the same legal meaning as "Grantor," "Settlor," "Trustor," or any other term referring to the maker of a trust.

Notwithstanding anything in my trust to the contrary, when I am serving as a Trustee under my trust, I may act for and conduct business on behalf of my trust as a Trustee without the consent of any other Trustee.

## Section 2.    The Name of My Trust

For convenience, my trust shall be known as the:

**ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**

For purposes of beneficiary designations and transfers directly to my trust, my trust shall be referred to as:

ELOISE K. HAHN, Trustee, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**.

For purposes of beneficiary designations and transfers directly to my trust, my trust may also be referred to as:

ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004,** and any amendments thereto.

For purposes of beneficiary designations and transfers directly to my trust, my trust may also be referred to as:

> ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST**, under agreement dated May 12, 2004.

In addition to the above descriptions, any description referring to my trust shall be effective to transfer title to my trust or to designate my trust as a beneficiary as long as that description includes the date of my trust, the name of at least one initial or successor Trustee, and any reference that indicates that assets are to be held in a fiduciary capacity.

When naming my Trustees, they may be referred to by the terms "and," "or," or "and/or." In all cases, any acting Trustee may sign for my trust, solely and without the signature or signatures of any other Trustee.

**ONLY ONE SIGNATURE OF AN ACTING TRUSTEE IS NECESSARY** to transfer property or conduct any of the business of my trust regardless of whether the term "and," "or," or "and/or" has been used to identify them as Trustees of my trust.

## Section 3.    Consent of My Initial Trustees

Despite any conflicting provisions in my trust, when I am serving as a Trustee under my trust, I may:

> act for and conduct business on behalf of my trust as a Trustee without the consent of any other Trustee; and

> enter into written agreements with third parties authorizing any Cotrustee to act for and conduct business on behalf of my trust without my consent.

## Section 4.    New Trust Identification Number Not Needed

This Trust is a "grantor" trust and it is not required to have a separate identification number as long as the Trustmaker is an acting Trustee, pursuant to Section 1.671-3(a)(1) of the IRS Regulations. The Trust identification number shall be the Trustmaker's own social security number.

## Section 5.    Income Taxes to be Filed on Form 1040

Internal Revenue Code 674-677 provides that a Trustmaker is treated as an owner for tax reporting purposes when control of assets put into a Trust is retained by the Trustmaker. IRC 1.671 states that a fiduciary return should not be filed, and all income should be reported on the Trustmaker's regular 1040 Income Tax return.

I have executed this agreement the day and year first written above.

I certify that I have read my foregoing revocable living trust agreement, and that it correctly states the terms and conditions under which my trust property is to be held, managed, and disposed of by my Trustee. I approve this revocable living trust in all particulars, and request my Trustee to execute it.

_____

ELOISE K. HAHN, Trustmaker

_____

ELOISE K. HAHN, Trustee

STATE OF ILLINOIS                       )
                                        )  ss.
COUNTY OF LAKE                          )

The foregoing living trust agreement was acknowledged before me on May 12, 2004, by ELOISE K. HAHN, as Trustmaker and Trustee.

Witness my hand and official seal.

_____

Notary Public

18-7

*Powers of Attorney*

The Durable Special Power of Attorney allows your agents **only to transfer property into your trust** should you become mentally or physically unable to do so yourself.

They are "durable" in that the persons to whom they are given can transfer assets into your Living Trust even if you are disabled and are unable to do so.

They are "special" in that they give their holder <u>only</u> the right to transfer property into your Living Trust. The holder cannot use this power of attorney for any other purpose.

You should transfer all of your property into your trust yourself and utilize these powers of attorney only in the event of unexpected medical incapacity.

**It is not necessary that your agents sign their powers of attorney at this time**. They can always sign them if there ever arises a need to utilize them.

You should keep your Durable Special Powers of Attorney in a safe place which is accessible to your agents. You should <u>not</u> keep them in your safe deposit box.

This section also contains your <u>Limited and Miscellaneous Power of Attorney</u> or "super" power of attorney. It is much broader in scope in that if you are disabled, it allows your agent to make decisions over your retirement accounts and insurance policies and your agent can make gifts on your behalf. In the future, should you decide that the persons named are no longer desirable to take these actions, you should destroy this "super" power of attorney and call our firm for further instructions.

# Limited and Miscellaneous Power of Attorney

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, willfully and voluntarily designate the persons named below to make the decisions and take the actions described in this document on my behalf in the event of my disability in order to supplement the power and authority I have granted to the trustees of the revocable living trust I have executed in addition to this document. The formal name of my revocable living trust is as follows:

ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

I hereby revoke all powers of attorney previously granted by me as principal and terminate all agency relationships created thereunder, except for: (1) powers granted by me, if any, on forms provided by financial institutions, granting the right to write checks on, deposit funds to and withdraw funds from accounts to which I am a signatory or granting access to a safe deposit box; (2) powers granted by me under a certain Durable Special Power of Attorney dated May 12, 2004; and (3) powers granted by me under a certain Health Care Power of Attorney dated May 12, 2004; which Powers shall not be revoked, but shall continue in full force and effect.

## Statement Of Intent

It is my intent and the purpose of this document to designate the persons named in Article One below to carry out my wishes by exercising their authority under this Power of Attorney during periods when I am disabled. The authority granted hereunder should be exercised when it is inadvisable, inconvenient or inappropriate for the trustees of my revocable living trust to act on my behalf as Trustmaker for reasons which concern, without limitation, privacy considerations, technical legal authority of my trustees to act on my behalf as Trustmaker and administrative convenience.

## ARTICLE ONE

## Appointment Of My Agent

I hereby appoint LOUISE KATHLEEN HAHN, if she is then or thereafter becomes 18 years old to serve as my agent (hereinafter referred to as my "Agent") to exercise the powers set forth below.

## A. Successor Agent(s)

If LOUISE KATHLEEN HAHN is unwilling or unable to serve, or cannot continue to serve for any reason, then the following Successor Agents shall replace my initial Agent in the order in which their names appear:

1. STEVEN H. PECK
2. KEVIN WILLIS
3. BENJAMIN HAHN
4. UBS WEALTH MANAGEMENT / COMERICA BANK

Any successor Agent shall have all the rights, powers and privileges, and be subject to all the obligations and duties, both discretionary and ministerial, as given to the original Agent. Any successor Agent shall be subject to any restrictions imposed on the original Agent. No successor Agent shall be required to examine the accounts, records and acts of any previous Agent. No successor Agent shall in any way be responsible for any act or omission to act on the part of any previous Agent.

## B. Control Requirements

When more than two Agents are acting, the concurrence and joinder of a majority of my Agents shall control in all matters pertaining to the powers which may be exercised under this Power of Attorney other than the power to make gifts on my behalf described in Article Three, Section B below, which power may be exercised only with the unanimous consent of my Agents.

If only two Agents are acting, the concurrence and joinder of both shall be required. Notwithstanding these general rules, if at any time any person shall serve with my spouse as Agent under this Power of Attorney, the opinion of my spouse shall control in the event of disagreement. Any such person may be absolved from personal liability by complying with the procedure set out in the following paragraph.

When more than two Agents are acting, any dissenting or abstaining Agent may be absolved from personal liability by registering a written dissent or abstention with the trustees of my revocable living trust. The dissenting Agent shall thereafter act with the other Agent(s) in any manner necessary or appropriate to effectuate the decision of the majority.

# ARTICLE TWO

# Effectiveness Of Agent Appointment

The authority granted my Agent shall only be effective when I am disabled, as determined pursuant to the terms of Article 4, Section 2a, of my revocable living trust. Presentation of an

*Limited and Miscellaneous Power of Attorney - 2*

Affidavit of Trust by the trustees of my revocable living trust describing the terms and conditions which establish my disability, and that such terms and conditions have been satisfied, shall serve as conclusive evidence of my disability.

# ARTICLE THREE

## Specific Limited Powers

### A. IRA and Employee Benefit Plans

My Agent may create and contribute to an employee benefit plan for my benefit and may select or change any payment options I have selected under any IRA or employee benefit plan in which I am a participant (including plans for self-employed individuals). My Agent may also make "roll-overs" of plan benefits into other retirement plans, apply for and receive payments, and benefits, and waive rights given to non-employee spouses under state or federal law.

My Agent may invest and reinvest the assets of any IRA or employee benefit plan in which I am a participant (including a plan for a self-employed individual), and may borrow money and purchase assets therefrom and sell assets thereto, if authorized by any such plans.

My Agent may make and change beneficiary designations in favor of my living trust, whether revocable or irrevocable, and may consent and/or waive consent in connection with the designation of beneficiaries and the selection of joint and survivor annuities under any employee benefit plan.

### B. Gifting Powers

My Agent may make gifts to organizations, charitable or otherwise, to which I have previously made gifts, and may satisfy pledges I have previously made to such organizations. My Agent may also make gifts in order to assure the continuation of any gifting program I initiated prior to my disability.

My Agent may make gifts on my behalf to or for the benefit of the contingent beneficiaries named in my revocable living trust for purposes my Agent considers to be in my best interest, including, without limitation, the minimization of income, estate, inheritance or gift taxes. Gifts may be made either outright or through other funding vehicles, including, without limitation, irrevocable trusts, charitable lead or charitable remainder trusts, family limited partnerships and limited liability companies.

My Agent may make gifts for my Agent's own benefit, so long as such gifts are not made to any person to whom my Agent owes a legal support obligation, and so long as such gifts qualify for the annual federal gift tax exclusion, as that term is defined in the Internal Revenue Code at the time of the gift. My Agent may not, however, make gifts to satisfy my

Agent's creditors or creditors of my Agent's estate.

If my Agent determines gifts in amounts in excess of the annual federal gift tax exclusion to my Agent or to any person whom my Agent has a legal obligation to support are in my best interests, my Agent, by unanimous vote, shall appoint a Special Independent Agent unrelated by blood or marriage to any of my Agents to review the facts and circumstances and to decide whether such gifts should be made. I prefer, but do not require, that my Agent select a Certified Public Accountant to serve as my Special Independent Agent under such circumstances.

In making gifts on my behalf, I direct that my Agent, to the extent reasonably possible, avoid disrupting the dispositive provisions of my revocable living trust. If it is necessary to disrupt my plan, then my Agent is directed to use my Agent's best efforts to restore my plan as and when the opportunity to do so is available to my Agent.

My Agent may establish and maintain financial accounts of all types, may execute, acknowledge, seal and deliver deeds, assignments, agreements, authorizations, checks or other instruments my Agent considers useful to accomplish any purpose permitted as described in this Article. My Agent may also prosecute, defend, submit to arbitration, settle and propose or accept a compromise with respect to a claim existing in favor of or against me based on or involving a gift transaction on my behalf, or may intervene in a related action or proceeding. My Agent may perform any other acts my Agent considers necessary or desirable to complete a gift on my behalf in accordance with the terms of this Article.

# ARTICLE FOUR

## Miscellaneous Powers

### A.  Safe Deposit Boxes

My Agent may contract with any institution for the maintenance or termination of a safe-deposit box in my name. My Agent shall have access to all safe-deposit boxes in my name or for which I am an authorized signatory, whether or not the contract for such safe-deposit box was executed by me (either alone or jointly with others) or by my

Agent in my name. My Agent may add to and remove from the contents of any such safe-deposit box.

### B.  Legal and Other Actions

My Agent may institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial or administrative hearings, actions, suits, proceedings, attachments, arrests or distresses, involving me in any way.

Such matters shall include, without limitation, claims by or against me arising out of property damages or personal injuries suffered or allegedly caused by me or under such circumstances that the loss resulting therefrom will or may be imposed on me and otherwise engage in litigation involving me, my property or any interest of mine, including any property, interest or person for which or whom I have or may have any responsibility.

## C. Renounce and Resign From Fiduciary Positions

My Agent may renounce any fiduciary position to which I have been or may be appointed or elected. Such positions include, without limitation, personal representative, trustee, guardian, conservator, attorney-in-fact, health care representative, proxy or surrogate, officer or director of a corporation, and any governmental or political office or position.

My Agent may cause me to resign from any such positions, if necessary or advisable in my Agent's opinion, and may file an accounting with a court of competent jurisdiction or settle on a receipt and release or such other informal method as my Agent shall deem appropriate.

## D. Exercise Elective Share

My Agent may elect to exercise any right to claim an elective share in any State or under any last will and testament. My Agent may file petitions pertaining to any election I may exercise, including petitions to extend the time for electing and petitions for orders, decrees and judgments, and may take all other actions that my Agent deems appropriate to effectuate an election. If any such actions by my Agent require the approval of any court, my Agent is authorized to seek such approval.

## E. Disclaim Property

My Agent may renounce and disclaim any property or interest in property to which I may become entitled, whether by gift, testate or intestate succession.

My Agent may also release or abandon any property or interest in property which I may now or hereafter own. In exercising such discretion, my Agent may take into account such matters as any reduction in estate or inheritance taxes on my estate, and the effect of such renunciation or disclaimer upon persons interested in my estate and persons who would receive the renounced or disclaimed property. My Agent shall make no disclaimer that is expressly prohibited by other provisions of this document.

## F.  Exercise General and Limited Powers of Appointment

My agent may exercise any power of appointment, whether general or limited, which I hold pursuant to the terms and conditions of any will, trust, or other document so long as such powers of appointment are exercised in favor of the contingent beneficiaries of my revocable living trust.  In no event may such powers of appointment be exercised in favor of my Agent's creditors or the creditor's of my Agent's estate, or in any other way in which my Agent would be deemed to hold a general power of appointment.

My Agent is granted full authority to take all actions necessary to exercise such powers of appointment in accordance with the terms and conditions of the granting instrument.  If any such actions by my Agent require the approval of any court, my Agent is authorized to seek such approval.

## G.  Taxes

My Agent may prepare, sign, and file federal, state, and/or local income, gift and other tax forms and returns of all kinds, including, where appropriate, joint returns, FICA returns, payroll tax returns, income tax and all other forms of tax returns concerning any business interest owned by me.

My Agent shall have the power to represent me and act on my behalf in all matters before any taxing authority, including the power to appoint ancillary agents.  By way of example, this power includes the right to make claims for refunds, request extensions of time to file returns and/or pay taxes, waive applicable periods of limitation, file protests and petitions to administrative agencies or courts regarding tax matters, enter into consents and agreements under Section 2032A of the Internal Revenue Code or any successor section thereto, consent to split gifts, execute closing agreements, and complete and file any power of attorney form required by the Internal Revenue Service and/or any state or local taxing authority.

My Agent may also collect refunds, post bonds, receive confidential information and contest deficiencies determined by the Internal Revenue Service and/or any state or local taxing authority.

## H.  Other Miscellaneous Powers

My Agent may also perform the following miscellaneous tasks on my behalf:

1.  Mail.  My Agent may open, read, respond to and redirect my mail, and represent me before the U.S. Postal Service and all other mail and/or package carriers in all matters relating to mail service including, without limitation, receipt of certified mail.

2.  Government Agencies.  My Agent is hereby appointed as my Representative Payee

for the purposes of receiving Social Security benefits. My Agent shall have full power to represent me and deal in all ways necessary concerning any rights and/or benefits payable to me or for my benefit by any governmental agency or body including, without limitation, Supplemental Social Security Income (SSSI), Medicaid, Medicare and Social Security Disability Income (SSDI).

3. Memberships. My Agent may establish, cancel, continue or initiate my membership in organizations and associations of all kinds.

4. Documents. My Agent may sign, execute, endorse, seal, acknowledge, deliver and file or record instruments and documents, including, without limitation, contracts, agreements, and conveyances of real and personal property, instruments granting and perfecting security instruments and obligations, orders for the payment of money, receipts, releases, waivers, elections, vouchers, consents, satisfactions and certificates.

My Agent may take and give or deny custody of all of my important documents, including, without limitation, my will, codicils, trust agreements, deeds, leases, life insurance policies, contracts and securities and may disclose or refuse to disclose such documents.

Any action with respect to my revocable living trust documents shall be taken only as directed by the trustees of my revocable living trust.

My Agent may obtain and release or deny information or records of all kinds relating to me.

5. Care of Animals. My Agent may house or provide for housing, support and maintenance of any animals or other living creatures that I may own and may contract for and pay the expenses of their proper veterinary care and treatment. If the care and maintenance of such animals or other living creatures shall become unreasonably expensive or burdensome in my Agent's opinion, my Agent may irrevocably transfer such animals to persons willing to care for and maintain them.

## ARTICLE FIVE

### General Provisions

**1. Use of "Agent" Nomenclature**

Whenever the word "Agent" or any modifying or equivalent word or substituted pronoun therefor is used in this instrument, such word or words shall be held and taken to include both the singular and the plural, the masculine, feminine and neuter gender thereof.

## 2. Effect of Duplicate Originals or Copies

If this instrument has been executed in multiple originals, each such original shall have equal force and effect. My Agent is authorized to make photocopies of this instrument as frequently and in such quantity as my Agent shall deem appropriate. Each photocopy shall have the same force and effect as any original.

This instrument and actions taken by my Agent properly authorized hereunder shall be binding upon me, my heirs, successors, assigns, executors and administrators.

## 3. Release of Information

All Persons from whom my Agent may request information regarding me, my personal or financial affairs or any information which I am entitled to receive are hereby authorized to provide such information to my Agent without limitation and are released from any legal liability whatsoever to me, my estate, my heirs, successors, and assigns for complying with my Agent's requests.

## 4. Reliance on this Document

No person who acts in reliance on the representations of my Agent or the authority granted under this document shall incur any liability to me, my estate, my heirs, successors or assigns as a result of permitting my Agent to exercise any power granted under this Limited and Miscellaneous Power of Attorney.

## 5. Validity of this Document

To the extent permitted by law, this document shall be applicable to all property of mine, real, personal, intangible or mixed, wherever and in whatever state of the United States or foreign country the situs of such property is at any time located and whether such property is now owned by me or hereafter acquired by me or for me by my Agent.

## 6. Appointment of Ancillary Agents

If at any time my Agent deems it necessary or desirable in my Agent's discretion to appoint one or more Ancillary Agents to act in another jurisdiction under this power of attorney, my Agent may appoint such Ancillary Agent(s). In making such appointment, my Agent may sign, execute, deliver, acknowledge and make declarations in any documents as may be necessary, desirable, convenient or proper in order to effectuate any such ancillary appointment. My Agent may grant to any Ancillary Agent only the powers, duties and authorities granted my Agent in this document.

### 7. Fiduciary Eligibility of Agent

My Agent shall be eligible to serve in all other fiduciary capacities, for me or my benefit, including but not limited to service as Trustee, Guardian, Conservator, Committee, Executor, Administrator, Personal Representative, Health Care Representative and/or Agent under other Powers of Attorney.

### 8. Agent Compensation

My Agent under this document shall not be entitled to compensation for services performed under this Limited and Miscellaneous Power of Attorney, but shall be entitled to reimbursement for all reasonable expenses incurred as a result of carrying out any provision of this Limited and Miscellaneous Power of Attorney, as determined in the sole and absolute discretion of the trustees of my revocable living trust.

### 9. Liability of Agent

My Agent and my Agent's estate, heirs, successors and assigns, acting in good faith, are hereby released and forever discharged from any and all liability (civil, criminal, administrative or disciplinary) and from all claims or demands of all kinds whatsoever by me or my estate, heirs, successors, and assigns arising out of the acts or omissions of my Agent, except for willful misconduct or gross negligence. These provisions shall apply with equal force to any Special Independent Agent appointed pursuant to Article Three Section B of this document.

### 10. Enforcement of Agent's Authority

My Agent may seek on my behalf and at my expense:

    a.    a declaratory judgment from any court of competent jurisdiction interpreting the validity of this instrument and any of the acts authorized by this instrument, but such declaratory judgment shall not be necessary in order for my Agent to perform any act authorized by this instrument;

    b.    a mandatory injunction requiring compliance with my Agent's instructions by any person, organization, corporation, or other entity obligated to comply with instructions given by me;

    c.    actual and punitive damages against any person, organization, corporation or other entity obligated to comply with instructions given by me who negligently or willfully fails or refuses to follow such instructions.

## 11. Amendment and Revocation

I hereby reserve the right to amend or revoke this Limited and Miscellaneous Power of Attorney at any time. However, until revoked, THIS POWER OF ATTORNEY SHALL NOT BE AFFECTED BY MY SUBSEQUENT DISABILITY OR INCAPACITY OR BY THE LAPSE OF TIME.

This instrument may be amended or revoked by me, and my Agent may be removed by me at any time by the execution by me of a written instrument of revocation, amendment, or removal delivered to my Agent. My Agent may resign by the execution of a written resignation delivered to me or, if I am mentally incapacitated, by delivery to any person with whom I am residing or who has the care and custody of me.

## 12. Severability

If any provision of this Limited and Miscellaneous Power of Attorney is declared by a court of competent jurisdiction to be invalid for any reason, such invalidity shall not affect the remaining provisions of this document. The remaining provisions shall be fully severable, and this document shall be construed and enforced as if the invalid provision had never been included in my Limited and Miscellaneous Power of Attorney.

I have consulted with legal counsel, am fully informed as to all the contents of this document, and understand the full import of the grant of these powers to the person or persons named herein.

Dated: _the 16th of June 2006_

_Eloise K. Hahn_
ELOISE K. HAHN, Principal


STATE OF ILLINOIS              )
                              )  ss.
COUNTY OF _____Cale_____ )

The foregoing Limited and Miscellaneous Power of Attorney was acknowledged before

me on _____1/6/06_____, by ELOISE K. HAHN, Principal.

Witness my hand and official seal.

```
"OFFICIAL SEAL"
Steven Peck
Notary Public, State of Illinois
My Commission Exp. 09/29/2007
```

_____
Notary Public

# Durable Special Power of Attorney

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, hereby appoint BENJAMIN HAHN to serve as my attorney-in-fact (my "Agent"), giving to my Agent the power to accomplish the following acts in my name and for my benefit, as follows:

## 1.  Transfer to Trust

I grant my Agent full power and authority to do everything necessary to transfer, assign, convey, and deliver any interest I may have in property owned by me to:

ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

## 2.  Enumeration of Specific Powers

In order for my Agent to transfer my property under this Durable Special Power of Attorney, the following powers are set forth to provide guidance as to some of the powers granted by me to my Agent.  My Agent shall have all the powers conferred herein with full authority to take any action necessary or incidental to the execution of the powers expressly granted in this instrument, as fully as I could do if personally present.  These powers shall include:

My Agent may convey real or personal property, whether tangible or intangible, or any interest therein.

My Agent may transfer, convey, and assign stocks, bonds, securities, accounts held with securities firms, commodities, options, metals, and all other types of intangible property.

My Agent may receive and endorse checks and drafts, deposit and withdraw funds, and acquire and redeem certificates of deposit in banks, savings and loans, and all other financial institutions.

My Agent may execute or release mortgages, deeds of trust, or other security agreements as may be necessary to accomplish the purpose of this Durable Special Power of Attorney.

My Agent may apply for, endorse, and transfer certificates of title for any motor vehicle.

My Agent may endorse, convey, and otherwise transfer all business interests that I may now own or hereafter acquire.

My Agent may have access to any safe deposit box rented by me and remove the contents of such safe deposit box, and any institution in which a safe deposit box is

*Durable Special Power of Attorney - 1*

located shall be relieved of any liability to me, my heirs, or assigns as a result of my Agent's exercise of this power.

My Agent may prepare, sign, and file joint or separate income tax returns or declarations of estimated tax for any year; prepare, sign, and file gift tax returns with respect to gifts made by me for any year; and prepare, sign, and file any claims for refund of any tax.

My Agent may also file income tax returns and all other forms of tax returns with respect to any business interest owned by me. My agent may compromise and settle tax disputes and execute any agreements regarding such disputes with any tax authority. My Agent may act in my behalf in all tax matters before all officers of the Internal Revenue Service and for any other taxing authority, including the receipt of confidential information.

My Agent may purchase in my name United States treasury bonds eligible for redemption at par for payment of my federal estate tax liability and to do all acts necessary to qualify these bonds for redemption at par and the power to borrow money for the purpose of purchasing said bonds, to pledge my credit, and to pay reasonable interest on such borrowings.

## 3. Reliance upon Representations of My Agent

No person who acts in reliance on the representations of my Agent or the authority granted under this Durable Special Power of Attorney shall incur any liability to me, my heirs, or assigns as a result of permitting my Agent to exercise any power granted under this Durable Special Power of Attorney.

## 4. My Disability

This Durable Special Power of Attorney shall not be affected if I become disabled or incapacitated.

## 5. Life Insurance on the Life of My Agent

My Agent shall have no rights or powers with respect to any policy of insurance owned by me on the life of my Agent.

## 6. Property Held by Me in a Fiduciary Capacity

My Agent shall have no power under this Durable Special Power of Attorney with regard to any act, power, duty, right, or obligation that I may have relating to any person, matter,

transaction, or property held by me or in my custody as a trustee, custodian, personal representative, or other fiduciary capacity.

Dated: _the 16th of Jun 2006_

_Eloise K. Hahn_

ELOISE K. HAHN, Principal

_____

BENJAMIN HAHN, Agent

STATE OF ILLINOIS                )
                                 )  ss.
COUNTY OF _____Cook_____         )

The foregoing Durable Special Power of Attorney was acknowledged before

me on ____11/16/06____, by ELOISE K. HAHN, Principal.

Witness my hand and official seal.

_____

Notary Public

> "OFFICIAL SEAL"
> Steven Fick
> Notary ... State of Illinois
> My Co... Exp. 09/29/2007

STATE OF _____         )
                                 )  ss.
COUNTY OF _____        )

The foregoing Durable Special Power of Attorney was acknowledged before

me on _____, by BENJAMIN HAHN, as Agent.

Witness my hand and official seal.

_____

Notary Public

*Durable Special Power of Attorney - 3*

# Durable Special Power of Attorney

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, hereby appoint KEVIN WILLIS to serve as my attorney-in-fact (my "Agent"), giving to my Agent the power to accomplish the following acts in my name and for my benefit, as follows:

## 1. Transfer to Trust

I grant my Agent full power and authority to do everything necessary to transfer, assign, convey, and deliver any interest I may have in property owned by me to:

ELOISE K. HAHN, Trustee, or her successors in trust, under the **ELOISE K. HAHN LIVING TRUST, dated May 12, 2004**, and any amendments thereto.

## 2. Enumeration of Specific Powers

In order for my Agent to transfer my property under this Durable Special Power of Attorney, the following powers are set forth to provide guidance as to some of the powers granted by me to my Agent. My Agent shall have all the powers conferred herein with full authority to take any action necessary or incidental to the execution of the powers expressly granted in this instrument, as fully as I could do if personally present. These powers shall include:

My Agent may convey real or personal property, whether tangible or intangible, or any interest therein.

My Agent may transfer, convey, and assign stocks, bonds, securities, accounts held with securities firms, commodities, options, metals, and all other types of intangible property.

My Agent may receive and endorse checks and drafts, deposit and withdraw funds, and acquire and redeem certificates of deposit in banks, savings and loans, and all other financial institutions.

My Agent may execute or release mortgages, deeds of trust, or other security agreements as may be necessary to accomplish the purpose of this Durable Special Power of Attorney.

My Agent may apply for, endorse, and transfer certificates of title for any motor vehicle.

My Agent may endorse, convey, and otherwise transfer all business interests that I may now own or hereafter acquire.

My Agent may have access to any safe deposit box rented by me and remove the

contents of such safe deposit box, and any institution in which a safe deposit box is located shall be relieved of any liability to me, my heirs, or assigns as a result of my Agent's exercise of this power.

My Agent may prepare, sign, and file joint or separate income tax returns or declarations of estimated tax for any year; prepare, sign, and file gift tax returns with respect to gifts made by me for any year; and prepare, sign, and file any claims for refund of any tax.

My Agent may also file income tax returns and all other forms of tax returns with respect to any business interest owned by me. My agent may compromise and settle tax disputes and execute any agreements regarding such disputes with any tax authority. My Agent may act in my behalf in all tax matters before all officers of the Internal Revenue Service and for any other taxing authority, including the receipt of confidential information.

My Agent may purchase in my name United States treasury bonds eligible for redemption at par for payment of my federal estate tax liability and to do all acts necessary to qualify these bonds for redemption at par and the power to borrow money for the purpose of purchasing said bonds, to pledge my credit, and to pay reasonable interest on such borrowings.

## 3. Reliance upon Representations of My Agent

No person who acts in reliance on the representations of my Agent or the authority granted under this Durable Special Power of Attorney shall incur any liability to me, my heirs, or assigns as a result of permitting my Agent to exercise any power granted under this Durable Special Power of Attorney.

## 4. My Disability

This Durable Special Power of Attorney shall not be affected if I become disabled or incapacitated.

## 5. Life Insurance on the Life of My Agent

My Agent shall have no rights or powers with respect to any policy of insurance owned by me on the life of my Agent.

## 6. Property Held by Me in a Fiduciary Capacity

My Agent shall have no power under this Durable Special Power of Attorney with regard to any act, power, duty, right, or obligation that I may have relating to any person, matter,

transaction, or property held by me or in my custody as a trustee, custodian, personal representative, or other fiduciary capacity.

Dated: _the 16th of June 2006_

_Eloise K. Hahn_

ELOISE K. HAHN, Principal

_____

KEVIN WILLIS, Agent

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) ss. |
| COUNTY OF _Cook_ | ) |

The foregoing Durable Special Power of Attorney was acknowledged before

me on _1/6/06_, by ELOISE K. HAHN, Principal.

Witness my hand and official seal.

_signature_

Notary Public

> "OFFICIAL SEAL"
> Steven Peck
> Notary Public, State of Illinois
> My Commission Exp. 09/29/2007

| | |
|---|---|
| STATE OF | ) |
| | ) ss. |
| COUNTY OF | ) |

The foregoing Durable Special Power of Attorney was acknowledged before

me on _____, by KEVIN WILLIS, as Agent.

Witness my hand and official seal.

_____

Notary Public

_Durable Special Power of Attorney - 3_

*Health Care*

The Durable Special Power of Attorney for Health Care authorizes your agents to make health care decisions for you should you become unable to do so yourself.

They are "durable" in that the persons to whom they are given can make health care decisions for you even if you are disabled and are unable to do so.

They are "special" in that they give their holder only the right to make decisions regarding medical attention and services. The holder cannot use this power of attorney for any other purpose.

In the event of a medical emergency, the Health Care Power of Attorney can be presented to a health care provider.

You should keep your Health Care Power of Attorney in a safe place which is accessible to your agents. **You should not keep it in a safe deposit box**.

# ILLINOIS STATUTORY SHORT FORM
# POWER OF ATTORNEY FOR HEALTH CARE

(NOTICE: THE PURPOSE OF THIS POWER OF ATTORNEY IS TO GIVE THE PERSON
YOU DESIGNATE (YOUR "AGENT") BROAD POWERS TO MAKE HEALTH CARE
DECISIONS FOR YOU, INCLUDING POWER TO REQUIRE, CONSENT TO OR
WITHDRAW ANY TYPE OF PERSONAL CARE OR MEDICAL TREATMENT FOR ANY
PHYSICAL OR MENTAL CONDITION AND TO ADMIT YOU TO OR DISCHARGE YOU
FROM ANY HOSPITAL, HOME OR OTHER INSTITUTION. THIS FORM DOES NOT
IMPOSE A DUTY ON YOUR AGENT TO EXERCISE GRANTED POWERS; BUT WHEN
POWERS ARE EXERCISED, YOUR AGENT WILL HAVE TO USE DUE CARE TO ACT
FOR YOUR BENEFIT AND IN ACCORDANCE WITH THIS FORM AND KEEP A
RECORD OF RECEIPTS, DISBURSEMENTS AND SIGNIFICANT ACTIONS TAKEN AS
AGENT. A COURT CAN TAKE AWAY THE POWERS OF YOUR AGENT IF IT FINDS
THE AGENT IS NOT ACTING PROPERLY. YOU MAY NAME SUCCESSOR AGENTS
UNDER THIS FORM BUT NOT CO-AGENTS, AND NO HEALTH CARE PROVIDER MAY
BE NAMED. UNLESS YOU EXPRESSLY LIMIT THE DURATION OF THIS POWER IN
THE MANNER PROVIDED BELOW, UNTIL YOU REVOKE THIS POWER OR A COURT
ACTING ON YOUR BEHALF TERMINATES IT, YOUR AGENT MAY EXERCISE THE
POWERS GIVEN HERE THROUGHOUT YOUR LIFETIME, EVEN AFTER YOU BECOME
DISABLED. THE POWERS YOU GIVE YOUR AGENT, YOUR RIGHT TO REVOKE
THOSE POWERS AND THE PENALTIES FOR VIOLATING THE LAW ARE EXPLAINED
MORE FULLY IN SECTIONS 4-5, 4-6, 4-9 AND 4-10(b) OF THE ILLINOIS "POWERS OF
ATTORNEY FOR HEALTH CARE LAW" OF WHICH THIS FORM IS A PART. THAT
LAW EXPRESSLY PERMITS THE USE OF ANY DIFFERENT FORM OF POWER OF
ATTORNEY YOU MAY DESIRE. IF THERE IS ANYTHING ABOUT THIS FORM THAT
YOU DO NOT UNDERSTAND, YOU SHOULD ASK A LAWYER TO EXPLAIN IT TO
YOU.)

This Power of Attorney is made on this the _16th_ day of _Jan 2006_, _____.

1. I, <u>ELOISE K. HAHN</u>, of Berwyn, Cook County, Illinois, hereby appoint <u>LOUISE
KATHLEEN HAHN</u>, if she is then or thereafter becomes 18 years old, as my attorney-in-fact (my
"agent") to act for me and in my name (in any way I could act in person) to make any and all
decisions for me concerning my and my minor child's personal care, medical treatment,
hospitalization and health care and to require, withhold or withdraw any type of medical treatment
or procedure, even though my death may ensue. My agent shall have the same access to my
medical records that I have, including the right to disclose the contents to others. My agent shall
also have full power to authorize an autopsy and direct the disposition of my remains. Effective
upon my death, my agent has full power to make an anatomical gift of the following (initial one):

| | |
|---|---|
| _____ | Any Organs, tissues or eyes suitable for transplantation or used for research or education. |
| _____ | Specific organs: _____ |

*Illinois Power of Attorney for Health Care - 1*

In addition to other powers granted by this document, I grant my proxy the power and authority to serve as my personal representative for all purposes of the Health Insurance Portability and Accountability Act of 1996 and its regulations. I specifically authorize my agent to request, receive and review any information regarding my physical or mental health, including without limitation all HIPAA protected health information, giving my agent access to such information immediately, regardless of whether there has been a determination of my incapacity.

(THE ABOVE GRANT OF POWER IS INTENDED TO BE AS BROAD AS POSSIBLE SO THAT YOUR AGENT WILL HAVE AUTHORITY TO MAKE ANY DECISION YOU COULD MAKE TO OBTAIN OR TERMINATE ANY TYPE OF HEALTH CARE, INCLUDING WITHDRAWAL OF FOOD AND WATER AND OTHER LIFE-SUSTAINING MEASURES, IF YOUR AGENT BELIEVES SUCH ACTION WOULD BE CONSISTENT WITH YOUR INTENT AND DESIRES. IF YOU WISH TO LIMIT THE SCOPE OF YOUR AGENT'S POWERS OR PRESCRIBED SPECIAL RULES OR LIMIT THE POWER TO MAKE AN ANATOMICAL GIFT, AUTHORIZE AUTOPSY OR DISPOSE OF REMAINS, YOU MAY DO SO IN THE FOLLOWING PARAGRAPHS.)

2. The powers granted above shall not include the following powers or shall be subject to the following rules or limitations (here you may include any specific limitations you deem appropriate, such as: your own definition of when life-sustaining measures should be withheld; a direction to continue food and fluids or life-sustaining treatment in all events; or instructions to refuse any specific types of treatment that are inconsistent with your religious beliefs or unacceptable to you for any other reason, such as blood transfusion, electro-convulsive therapy, amputation, psychosurgery, voluntary admission to a mental institution, etc.):

_____

_____

(THE SUBJECT OF LIFE-SUSTAINING TREATMENT IS OF PARTICULAR IMPORTANCE. FOR YOUR CONVENIENCE IN DEALING WITH THAT SUBJECT, SOME GENERAL STATEMENTS CONCERNING THE WITHHOLDING OR REMOVAL OF LIFE-SUSTAINING TREATMENT ARE SET FORTH BELOW. IF YOU AGREE WITH ONE OF THESE STATEMENTS, YOU MAY INITIAL THAT STATEMENT; BUT **DO NOT INITIAL MORE THAN ONE**):

_____     I do not want my life to be prolonged nor do I want life sustaining treatment to be provided or continued if my agent believes the burdens of the treatment outweigh the expected benefits. I want my agent to consider the relief of suffering, the expense involved and the quality as well as the possible extension of my life in making decisions concerning life-sustaining treatment.

_E k H_     I want my life to be prolonged and I want life-sustaining treatment to be provided or continued unless I am in a coma which my attending

*Illinois Power of Attorney for Health Care - 2*

physician believes to be irreversible, in accordance with reasonable medical standards at the time of reference. If and when I have suffered irreversible coma, I want life-sustaining treatment to be withheld or discontinued.

_____ I want my life to be prolonged to the greatest extent possible without regard to my condition, the chances I have for recovery or the cost of the procedures.

(THIS POWER OF ATTORNEY MAY BE AMENDED OR REVOKED BY YOU IN THE MANNER PROVIDED IN SECTION 4-6 OF THE ILLINOIS "POWERS OF ATTORNEY FOR HEALTH CARE LAW" (SEE PAGE 4 OF THIS FORM). ABSENT AMENDMENT OR REVOCATION, THE AUTHORITY GRANTED IN THIS POWER OF ATTORNEY WILL BECOME EFFECTIVE AT THE TIME THIS POWER IS SIGNED AND WILL CONTINUE UNTIL YOUR DEATH, AND BEYOND IF ANATOMICAL GIFT, AUTOPSY OR DISPOSITION OF REMAINS IS AUTHORIZED, UNLESS A LIMITATION ON THE BEGINNING DATE OR DURATION IS MADE BY INITIALING AND COMPLETING EITHER OR BOTH OF THE FOLLOWING):

3. (   ) This power of attorney shall become effective on _____.

4. (   ) This power of attorney shall terminate on _____.

(IF YOU WISH TO NAME SUCCESSOR AGENTS, INSERT THE NAMES AND ADDRESSES OF SUCH SUCCESSORS IN THE FOLLOWING PARAGRAPH.)

5. If any agent named by me shall die, become incompetent, resign, refuse to accept the office of agent or be unavailable, I name the following (each to act alone and successively, in the order named) as successors to such agent in the order in which their names appear:

1. BENJAMIN HAHN

For purposes of this paragraph 5, a person shall be considered to be incompetent if and while the person is a minor or an adjudicated incompetent or disabled person or the person is unable to give prompt and intelligent consideration to health care matters, as certified by a licensed physician.

(IF YOU WISH TO NAME YOUR AGENT AS GUARDIAN OF YOUR PERSON, IN THE EVENT A COURT DECIDES THAT ONE SHOULD BE APPOINTED, YOU MAY, BUT ARE NOT REQUIRED TO, DO SO BY RETAINING THE FOLLOWING PARAGRAPH. THE COURT WILL APPOINT YOUR AGENT IF THE COURT FINDS THAT SUCH APPOINTMENT WILL SERVE YOUR BEST INTERESTS AND WELFARE. STRIKE OUT PARAGRAPH 6 IF YOU DO NOT WANT YOUR AGENT TO ACT AS GUARDIAN.)

6. If a guardian of my person is to be appointed, I nominate the agent acting under this power of attorney as such guardian, to serve without bond or security.

7. I am fully informed as to all the contents of this form and understand the full import of this grant of powers to my agent.


Signed: _____
ELOISE K. HAHN, Principal

The principal has had an opportunity to read the above form and has signed the form or acknowledged his or her signature or mark on the form in my presence.


_____
Witness


Address:
300 Saunders Rd
Riverwoods, IL


_____
Witness

Address:

300 SAUNDERS RD.
RIVERWOODS, IL 60015

Excerpts from Illinois Powers of Attorney for Health Care Law

Section 4-5.  Limitations on health care agencies.

Neither the attending physician nor any other health care provider may act as agent under a health care agency; however, a person who is not administering health care to the patient may act as health care agent for the patient even though the person is a physician or otherwise licensed, certified, authorized, or permitted by law to administer health care in the ordinary course of business or the practice of a profession.

Section 4-6.  Revocation and amendment of health care agencies.

(a) Every health care agency may be revoked by the principal at any time, without regard to the principal's mental or physical condition, by any of the following methods:

> 1.  By being obliterated, burnt, torn or otherwise destroyed or defaced in a manner indicating intention to revoke;
>
> 2.  By a written revocation of the agency signed and dated by the principal or person acting at the direction of the principal; or
>
> 3.  By an oral or any other expression of the intent to revoke the agency in the presence of a witness 18 years of age or older who signs and dates a writing confirming that such expression of intent was made.

(b) Every health care agency may be amended at any time by a written amendment signed and dated by the principal or person acting at the direction of the principal.

(c)  Any person, other than the agent, to whom a revocation or amendment is communicated or delivered shall make all reasonable efforts to inform the agent of that fact as promptly as possible.

Section 4-9.  Penalties.

All persons shall be subject to the following sanctions in relation to health care agencies, in addition to all other sanctions applicable under any other law or rule of professional conduct:

(a)  Any person shall be civilly liable who, without the principal's consent, willfully conceals, cancels or alters a health care agency or any amendment or revocation of the agency or who falsifies or forges a health care agency, amendment or revocation.

(b) A person who falsifies or forges a health care agency or willfully conceals or withholds personal knowledge of an amendment or revocation of a health care agency with the intent to cause a withholding or withdrawal of life-sustaining or death-delaying procedures contrary to the intent of the principal and thereby, because of such act, directly causes life-sustaining or death-delaying procedures to be withheld or withdrawn and death to the patient to be hastened shall be

subject to prosecution for involuntary manslaughter.

(c)  Any person who requires or prevents execution of a health care agency as a condition of insuring or providing any type of health care services to the patient shall be civilly liable and guilty of a Class A misdemeanor.

Section 4-10.  Statutory short form power of attorney for health care.

[(a) Paragraph (a) sets out the form of the statutory health care power.]

(b)  The statutory short form power of attorney for health care (the "statutory health care power") authorizes the agent to make any and all health care decisions on behalf of the principal which the principal could make if present and under no disability, subject to any limitations on the granted powers that appear on the face of the form, to be exercised in such manner as the agent deems consistent with the intent and desires of the principal.  The agent will be under no duty to exercise granted powers or to assume control of or responsibility for the principal's health care; but when granted powers are exercised, the agent will be required to use due care to act for the benefit of the principal in accordance with the terms of the statutory health care power and will be liable for negligent exercise.  The agent may act in person or through others reasonably employed by the agent for that purpose but may not delegate authority to make health care decisions.  The agent may sign and deliver all instruments, negotiate and enter into all agreements and do all other acts reasonably necessary to implement the exercise of the powers granted to the agent.  Without limiting the generality of the foregoing, the statutory health care power shall include the following powers, subject to any limitations appearing on the face of the form:

(1)  The agent is authorized to give consent to and authorize or refuse, or to withhold or withdraw consent to, any and all types of medical care, treatment or procedures relating to the physical or mental health of the principal, including any medication program, surgical procedures, life-sustaining treatment or provision of food and fluids for the principal.

(2)  The agent is authorized to admit the principal to or discharge the principal from any and all types of hospitals, institutions, homes, residential or nursing facilities, treatment centers and other health care institutions providing personal care or treatment for any type of physical or mental condition.  The agent shall have the same right to visit the principal in the hospital or other institution as is granted to a spouse or adult child of the principal, any rule of the institution to the contrary notwithstanding.

(3)  The agent is authorized to contract for any and all types of health care services and facilities in the name of and on behalf of the principal and to bind the principal to pay for all such services and facilities, and to have and exercise those powers over the principal's property as are authorized under the statutory property power, to the extent the agent deems necessary to pay health care costs; and the agent shall not be personally liable for any services or care contracted for on behalf of the principal.

*Illinois Power of Attorney for Health Care - 6*

(4) At the principal's expense and subject to reasonable rules of the health care provider to prevent disruption of the principal's health care, the agent shall have the same right the principal has to examine and copy and consent to disclosure of all the principal's medical records that the agent deems relevant to the exercise of the agent's powers, whether the records relate to mental health or any other medical condition and whether they are in the possession of or maintained by any physician, psychiatrist, psychologist, therapist, hospital, nursing home or other health care provider.

(5) The agent is authorized to direct that an autopsy be made pursuant to Section 2 of "An Act in relation to autopsy of dead bodies", approved August 13, 1965, including all amendments; to make a disposition of any part or all of the principal's body pursuant to the Uniform Anatomical Gift Act, as now or hereafter amended; and to direct the disposition of the principal's remains.

# Living Will Declaration

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, being of sound mind, willfully and voluntarily declare that if my death becomes imminent, my dying shall not be artificially prolonged under the guidelines described below.

### Guidelines for the Cessation of Life-Prolonging Procedures

If at any time my medical condition becomes irreversible and terminal, I direct that any life-sustaining procedures shall be withheld or withdrawn.

For this declaration to take effect, my attending physician must determine that there can be no recovery from my terminal condition, and that my death is imminent. Life-sustaining procedures shall include any procedure that would serve only to artificially prolong the dying process. I wish to die naturally, with only the administration of medication or the performance of any medical procedures deemed necessary to provide me with comfort, care or to alleviate pain, even though they may shorten my remaining life.

### Statement of My Intent

In the absence of my ability to give directions regarding the use of such life-sustaining procedures, it is my intent that this declaration be honored by my family and physician as the final expression of my legal right to refuse medical or surgical treatment and to accept the consequences of such refusal.

This declaration is made after careful consideration and is in accordance with my strong convictions and beliefs. I want my wishes and directions as expressed in this declaration to be carried out to the extent permitted by law. Insofar as they are not legally enforceable, I hope that my family, my physician, the courts, and all others who may be involved in such decision making will regard themselves as morally bound by this declaration.

If I have a valid durable Power of Attorney for Health Care which conflicts in any manner with this Living Will Declaration, then I intend and direct that the provisions of the durable Power of Attorney for Health Care take precedence over this Living Will Declaration.

### Release of Liability

I hereby release and hold harmless any person who, in good faith, terminates life-sustaining procedures in accordance with the guidelines in this declaration.

I understand the full import of this declaration and I am emotionally and mentally competent to make this declaration.

Dated: _____5/12/04_____

_____*Eloise K. Hahn*_____
ELOISE K. HAHN

ELOISE K. HAHN is personally known to me, and I believe her to be of sound mind. I saw her sign this Living Will Declaration in my presence and I signed this Living Will Declaration as a witness in her presence. I did not sign her signature for or at the direction of her. At the date of this instrument, I am not entitled to any portion of her estate according to the laws of intestate succession or, to the best of my knowledge and belief, under her will or other instrument taking effect at her death, nor am I directly financially responsible for her medical care.

_____
WITNESS

_____
WITNESS

*Illinois Living Will - 2*

Excerpts from Illinois Powers of Attorney for Health Care Law

Section 4-5.  Limitations on health care agencies.

Neither the attending physician nor any other health care provider may act as agent under a health care agency; however, a person who is not administering health care to the patient may act as health care agent for the patient even though the person is a physician or otherwise licensed, certified, authorized, or permitted by law to administer health care in the ordinary course of business or the practice of a profession.

Section 4-6.  Revocation and amendment of health care agencies.

(a) Every health care agency may be revoked by the principal at any time, without regard to the principal's mental or physical condition, by any of the following methods:

   1.  By being obliterated, burnt, torn or otherwise destroyed or defaced in a manner indicating intention to revoke;

   2.  By a written revocation of the agency signed and dated by the principal or person acting at the direction of the principal; or

   3.  By an oral or any other expression of the intent to revoke the agency in the presence of a witness 18 years of age or older who signs and dates a writing confirming that such expression of intent was made.

(b) Every health care agency may be amended at any time by a written amendment signed and dated by the principal or person acting at the direction of the principal.

(c)  Any person, other than the agent, to whom a revocation or amendment is communicated or delivered shall make all reasonable efforts to inform the agent of that fact as promptly as possible.

Section 4-9.  Penalties.

All persons shall be subject to the following sanctions in relation to health care agencies, in addition to all other sanctions applicable under any other law or rule of professional conduct:

(a)  Any person shall be civilly liable who, without the principal's consent, willfully conceals, cancels or alters a health care agency or any amendment or revocation of the agency or who falsifies or forges a health care agency, amendment or revocation.

(b) A person who falsifies or forges a health care agency or willfully conceals or withholds personal knowledge of an amendment or revocation of a health care agency with the intent to cause a withholding or withdrawal of life-sustaining or death-delaying procedures contrary to the intent of the principal and thereby, because of such act, directly causes life-sustaining or death-delaying procedures to be withheld or withdrawn and death to the patient to be hastened shall be

subject to prosecution for involuntary manslaughter.

(c)  Any person who requires or prevents execution of a health care agency as a condition of insuring or providing any type of health care services to the patient shall be civilly liable and guilty of a Class A misdemeanor.

Section 4-10.  Statutory short form power of attorney for health care.

[(a) Paragraph (a) sets out the form of the statutory health care power.]

(b)  The statutory short form power of attorney for health care (the "statutory health care power") authorizes the agent to make any and all health care decisions on behalf of the principal which the principal could make if present and under no disability, subject to any limitations on the granted powers that appear on the face of the form, to be exercised in such manner as the agent deems consistent with the intent and desires of the principal.  The agent will be under no duty to exercise granted powers or to assume control of or responsibility for the principal's health care; but when granted powers are exercised, the agent will be required to use due care to act for the benefit of the principal in accordance with the terms of the statutory health care power and will be liable for negligent exercise.  The agent may act in person or through others reasonably employed by the agent for that purpose but may not delegate authority to make health care decisions.  The agent may sign and deliver all instruments, negotiate and enter into all agreements and do all other acts reasonably necessary to implement the exercise of the powers granted to the agent.  Without limiting the generality of the foregoing, the statutory health care power shall include the following powers, subject to any limitations appearing on the face of the form:

   (1)  The agent is authorized to give consent to and authorize or refuse, or to withhold
   or withdraw consent to, any and all types of medical care, treatment or procedures
   relating to the physical or mental health of the principal, including any medication
   program, surgical procedures, life-sustaining treatment or provision of food and fluids
   for the principal.

   (2)  The agent is authorized to admit the principal to or discharge the principal from any
   and all types of hospitals, institutions, homes, residential or nursing facilities, treatment
   centers and other health care institutions providing personal care or treatment for any
   type of physical or mental condition.  The agent shall have the same right to visit the
   principal in the hospital or other institution as is granted to a spouse or adult child of the
   principal, any rule of the institution to the contrary notwithstanding.

   (3)  The agent is authorized to contract for any and all types of health care services and
   facilities in the name of and on behalf of the principal and to bind the principal to pay
   for all such services and facilities, and to have and exercise those powers over the
   principal's property as are authorized under the statutory property power, to the extent
   the agent deems necessary to pay health care costs; and the agent shall not be personally
   liable for any services or care contracted for on behalf of the principal.

*Illinois Power of Attorney for Health Care - 6*

(4)  At the principal's expense and subject to reasonable rules of the health care provider to prevent disruption of the principal's health care, the agent shall have the same right the principal has to examine and copy and consent to disclosure of all the principal's medical records that the agent deems relevant to the exercise of the agent's powers, whether the records relate to mental health or any other medical condition and whether they are in the possession of or maintained by any physician, psychiatrist, psychologist, therapist, hospital, nursing home or other health care provider.

(5)  The agent is authorized to direct that an autopsy be made pursuant to Section 2 of "An Act in relation to autopsy of dead bodies", approved August 13, 1965, including all amendments; to make a disposition of any part or all of the principal's body pursuant to the Uniform Anatomical Gift Act, as now or hereafter amended; and to direct the disposition of the principal's remains.

*Living Will*

The Living Will is your declaration that you want any life-support procedures to be discontinued should you ever become terminally and irreversibly ill.

It directs your physician to cease life-sustaining procedures which would serve only to prolong your death if you are terminally and irreversibly ill.

You should keep your Living Will in a safe place but it does not have to immediately accessible since it would not be considered until you are terminally and irreversibly ill.

# Living Will Declaration

I, ELOISE K. HAHN, of Berwyn, Cook County, Illinois, being of sound mind, willfully and voluntarily declare that if my death becomes imminent, my dying shall not be artificially prolonged under the guidelines described below.

## Guidelines for the Cessation of Life-Prolonging Procedures

If at any time my medical condition becomes irreversible and terminal, I direct that any life-sustaining procedures shall be withheld or withdrawn.

For this declaration to take effect, my attending physician must determine that there can be no recovery from my terminal condition, and that my death is imminent. Life-sustaining procedures shall include any procedure that would serve only to artificially prolong the dying process. I wish to die naturally, with only the administration of medication or the performance of any medical procedures deemed necessary to provide me with comfort, care or to alleviate pain, even though they may shorten my remaining life.

## Statement of My Intent

In the absence of my ability to give directions regarding the use of such life-sustaining procedures, it is my intent that this declaration be honored by my family and physician as the final expression of my legal right to refuse medical or surgical treatment and to accept the consequences of such refusal.

This declaration is made after careful consideration and is in accordance with my strong convictions and beliefs. I want my wishes and directions as expressed in this declaration to be carried out to the extent permitted by law. Insofar as they are not legally enforceable, I hope that my family, my physician, the courts, and all others who may be involved in such decision making will regard themselves as morally bound by this declaration.

If I have a valid durable Power of Attorney for Health Care which conflicts in any manner with this Living Will Declaration, then I intend and direct that the provisions of the durable Power of Attorney for Health Care take precedence over this Living Will Declaration.

## Release of Liability

I hereby release and hold harmless any person who, in good faith, terminates life-sustaining procedures in accordance with the guidelines in this declaration.

I understand the full import of this declaration and I am emotionally and mentally competent to make this declaration.

Dated: _____

_____

ELOISE K. HAHN

ELOISE K. HAHN is personally known to me, and I believe her to be of sound mind. I saw her sign this Living Will Declaration in my presence and I signed this Living Will Declaration as a witness in her presence. I did not sign her signature for or at the direction of her. At the date of this instrument, I am not entitled to any portion of her estate according to the laws of intestate succession or, to the best of my knowledge and belief, under her will or other instrument taking effect at her death, nor am I directly financially responsible for her medical care.

_____

WITNESS

_____

WITNESS

The Designation of Guardian appoints a guardian over your person i.e. to check you into a hospital, nursing home, etc.

The Guardian works in conjunction with your Trustee of your Trust, who is responsible for taking care of your property, to make sure that you are taken care of. Often, the disability Trustee of your Trust and Guardian of your person are the same.

This section contains a **copy** of your Designation of Guardian. You should keep your original Designation of Guardian in your safe deposit box.

# Designation of Guardian

## Section 1.  Anticipatory Nomination and Preference

It is foreseeable, that at some future date, it may become necessary to appoint a guardian over my person or my property.  In anticipation of that event, I hereby make the following nomination:

I, ELOISE K. HAHN of Berwyn, Cook County, Illinois, hereby revoke any prior nomination of guardian and make this my anticipatory nomination, preference, and designation of guardian.

## Section 2.  Guardian of Person

If I am declared to be an incapacitated person I designate LOUISE KATHLEEN HAHN, if she is then or thereafter becomes 18 years old, as the guardian of my person.  If LOUISE KATHLEEN HAHN cannot act, or is ever unwilling to act in that capacity, I designate the following as guardians of my person, in the order in which their names appear:

1. BENJAMIN HAHN

## Section 3.  Guardian of my Estate

If I am declared to be an incapacitated person in need of the supervision and protection of a guardian of my estate, I designate the Trustee(s) of my living trust as the guardian of my estate.

## Section 4.  General Provisions

To the fullest extent permitted by law the following provisions will govern the administration of any guardianship of my personal estate:

a.  No guardian or successor guardian named herein shall be required to give any bond or other security in any court of jurisdiction for acting under this designation.

b.  It is my wish that this guardianship be administered free from active supervision of any court.  I expressly wave any requirement that this guardianship should be supervised under the jurisdiction of any court.  I request that my guardian be free to act at all times without obtaining at each and every step, permission of the court to act.  I request court supervision be the minimum amount permitted by law.  I further request that the guardian's account need not be heard, filed, or reviewed by the probate court.

c.  No guardian of my estate may possess or exercise any incidents of ownership of any life

insurance policy on my life.  In the event an insurance policy on my life is an asset of the guardianship and any action with regard to said policy is required, I request that the probate court appoint a special guardian for the sole purpose of exercising any such incidents of ownership of such policy.  The trustees of my living trust, are authorized to submit the names of individuals to the court, to be appointed special guardian.

**d.**   Every guardian named in the designation is authorized to resign at any time for any reasons by filing a duly executed resignation in the probate court having jurisdiction over the guardianship.

## Section 5.  Definitions and Comments

The following definitions and comments shall govern the construction of this designation:

As used in this designation, the term "declared and incapacitated person" means the finding of the probate court made pursuant to a finding or adjudication dealing with guardianships or conservatorship or pursuant to any corresponding provision of law in any state having jurisdiction over my person or estate.

The term "guardian" includes the term "conservator" and similar fiduciaries.

The laws of the State of Illinois shall apply to the interpretation of this instrument.

IN WITNESS WHEREOF, I have hereunto signed my name to this anticipatory nomination and designation of guardian.

Dated: May 12, 2004


ELOISE K. HAHN, Principal

## STATEMENT OF ATTESTING WITNESSES

The foregoing Designation of Guardian was, on the day and year written above, signed, sealed, subscribed, published and declared by ELOISE K. HAHN in our presence. We, in her presence and at her request, and in the presence of each other, have attested the same and have signed and subscribed our names as attesting witnesses.

We declare that at the time of our attestation of this document, ELOISE K. HAHN was, according to our best knowledge and belief, of sound mind and memory and under no undue duress or constraint.


WITNESS                                          WITNESS

Address:                                         Address:

300 Saunders Road, #100                          300 Saunders
Riverwoods, Illinois 60015                       Riverwoods, IL 60015

STATE OF ILLINOIS        )
                          )  ss.
COUNTY OF LAKE           )


We, ELOISE K. HAHN, and the attesting witnesses, respectively, whose names are signed to the foregoing Designation, having been sworn, certify, declare and state on oath that each of us were present and saw ELOISE K. HAHN, in our presence, sign the instrument, of which this affidavit is a part, that she signed, and that each of the witnesses, in the presence of ELOISE K. HAHN and in the presence of each other, signed the Designation as a witness; that the Designation was attested by each of the witnesses in the presence of ELOISE K. HAHN; and that each of the witnesses believed ELOISE K. HAHN to be of sound mind and memory at the time of signing.


_____
ELOISE K. HAHN

_____        _____
WITNESS                                 WITNESS


Subscribed and sworn before me by ELOISE K. HAHN and by the witnesses, on May 12, 2004.


_____
Notary Public

My commission expires:
_____

"OFFICIAL SEAL"
Steven Peck
Notary Public, State of Illinois
My Commission Exp. 09/29/2007

*Designation of Guardian - 4*

## Memorial Instructions

The Memorial Letter expresses your wishes with regard to burial or cremation and memorial service arrangements.

You may also desire to express your feelings about the general amounts that should be spent for these remembrances. The Memorial Letter gives your loved ones some idea of your feelings on these subjects by providing general guidelines and suggestions.

The following memorial letter form will assist you in putting your thoughts down on these subjects.

# ELOISE K. HAHN
1631 S. Clarence Ave.
Berwyn, IL 60402-1914

Date: _June 18, 2004_

To:  My Loved Ones:

General Purpose of This Letter

This letter is written in order to share my feelings with my trustees and loved ones about my general memorial wishes.

The thoughts which I share in this letter should not be considered to be rigid and binding on anyone.  They should be tempered with what my survivors wish done in these areas after they have examined the circumstances existing at my death, and their own wishes, whatever they may be.

Conflicts with My Living Trust or Pour-Over Will

If the feelings I express in this letter are in conflict with any of the provisions of my Living Trust or pour-over will, the provisions of my Living Trust or pour-over will shall control and the provisions of this letter shall be void and of no effect.

Funeral and Burial Instructions

I have included in this letter my desires concerning my last rites and burial services.  I hope that my survivors will consider them in making those decisions that they deem best.

My Desires for My Funeral and Burial Arrangements

A catholic burial & wake. Funeral proceedings @ Mary Queen of Heaven Mausoleum. Crypt adjacent to my sister Lorelei Joanna Hahn. Funeral prepaid @ Nosek (Fore Thought Group Life Insurance 5/23/05) Folder in suitcase

_Eloise K Hahn_
ELOISE K. HAHN

*Memorial Letter*

---

Date: _____

To My Loved Ones:

<u>General Purpose of This Letter</u>

This letter is written in order to share my feelings with my trustees and loved ones about my general memorial wishes.

The thoughts which I share in this letter should not be considered to be rigid and binding on anyone. They should be tempered with what my survivors wish done in these areas after they have examined the circumstances existing at my death, and their own wishes, whatever they may be.

<u>Conflicts with My Living Trust or Pour-Over Will</u>

If the feelings I express in this letter are in conflict with any of the provisions of my Living Trust or pour-over will, the provisions of my Living Trust or pour-over will shall control and the provisions of this letter shall be void and of no effect.

<u>Funeral and Burial Instructions</u>

I have included in this letter my desires concerning my last rites and burial services. I hope that my survivors will consider them in making those decisions that they deem best.

<u>My Desires for My Funeral and Burial Arrangements</u>

_____

_____

_____

_____

_____

_____

Signed: _____

**ELOISE K. HAHN**
1631 S. Clarence Ave.
Berwyn, IL  60402-1914

Date: _____

To:      My Loved Ones:

<u>General Purpose of This Letter</u>

This letter is written in order to share my feelings with my trustees and loved ones about my general memorial wishes.

The thoughts which I share in this letter should not be considered to be rigid and binding on anyone.  They should be tempered with what my survivors wish done in these areas after they have examined the circumstances existing at my death, and their own wishes, whatever they may be.

<u>Conflicts with My Living Trust or Pour-Over Will</u>

If the feelings I express in this letter are in conflict with any of the provisions of my Living Trust or pour-over will, the provisions of my Living Trust or pour-over will shall control and the provisions of this letter shall be void and of no effect.

<u>Funeral and Burial Instructions</u>

I have included in this letter my desires concerning my last rites and burial services.  I hope that my survivors will consider them in making those decisions that they deem best.

<u>My Desires for My Funeral and Burial Arrangements</u>

_____

_____

_____

_____

_____

_____

_____

ELOISE K. HAHN

## Anatomical Gift

The Anatomical Gift form enables you to make gifts of your body or parts should you wish to do so.

Potential recipients include any hospital, surgeon, physician or coroner; any accredited medical or dental school, any specific individual for therapy or transplant.

# Anatomical Gift

In the hope that I may help others, I, ELOISE K. HAHN, hereby make this anatomical gift, if medically acceptable, to take effect upon my death.

<u>Personal Information</u>

Full Name: _____

Social Security Number: _____

Address: _____

_____

Telephone Number: _____

Next of Kin: _____

Relationship: _____

Address: _____

_____

Telephone Number: _____

**I GIVE:**

_____    Any needed organs or parts

_____    Only the following organs or parts:

_____

_____

_____

I have previously signed with a medical school:  Yes _____  No _____

   - If yes, name of school: _____

I have the following special wishes concerning my anatomical gift:

_____

_____

_____

I authorize the physician listed below to furnish my attending physician any pertinent medical information in the event of my death.

Physician's Name:      _____

Address:      _____

     _____

Telephone Number:      _____

I have signed my Anatomical Gift on _____, as witnessed below.

_____
ELOISE K. HAHN, Donor

_____
WITNESS

_____
WITNESS

*Anatomical Gift - 2*

# Anatomical Gift

In the hope that I may help others, I, ELOISE K. HAHN, hereby make this anatomical gift, if medically acceptable, to take effect upon my death.

### Personal Information

Full Name: _____

Social Security Number: _____

Address: _____

_____

Telephone Number: _____

Next of Kin: _____

Relationship: _____

Address: _____

_____

Telephone Number: _____

**I GIVE:**

_____    Any needed organs or parts

_____    Only the following organs or parts:

_____

_____

_____

*Anatomical Gift - 1*